WELLS, Justice.
This matter is before the Court upon a report filed by the Workers’ Compensation Rules Committee of The Florida Bar recommending emergency amendments to the Florida Rules of Workers’ Compensation Procedure. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
A synopsis of the proposed amended rules was published for comment in The Florida Bar News. Upon the request of the chief judge of the First District Court of Appeal, we approved part B of the Florida Rules of Workers’ Compensation Procedure relating to appellate procedure. See In re Amendments to the Fla. Rules of Workers’ Comp. Pro., 664 So.2d 945 (Fla.1995).
The Court has received comments concerning the remaining proposed amended rules and has held oral arguments on these proposed rules. After oral arguments, we directed the Workers’ Compensation Rules Committee to consider several of the submitted comments. The committee thereafter submitted a supplemental report addressing these comments. Additionally, we received comments from a subcommittee of the Mediation and Arbitration Rules Committee. In response to the submitted comments and oral arguments, we have made the following substantive changes to the proposed rules.[1]
Proposed rule 4.025(b) is amended to specifically exclude a claim for reimbursement from the Special Disability Trust Fund from being consolidated with other claims not contained in a petition.
Proposed rule 4.028(a)(5)(D) is amended to clarify that in cases in which an injured employee is required to exhaust all managed care grievance procedures before filing a petition for benefits under section 440.192(3), Florida Statutes (1995), any claims for benefits under section 440.13(2)(a) and (b), Florida Statutes (1995), brought after the grievance procedures required by section 440.134(15) are exhausted are to be determined by a judge of compensation claims and not by administrative appeal brought under chapter 120, Florida Statutes (1995).
Proposed rule 4.310(e) is revised to reflect that the mediator has ten days following the conclusion of the mediation conference to file *632 a written report to the presiding judge as to the status of the case.
Proposed rule 4.361(a) is revised to reflect that the mediator shall have control of the mediation and not just the mediation conference.
Accordingly, we now approve and adopt the remainder of the committee’s proposed amendments as modified and reflected in the appendix to this opinion. New language is indicated by underscoring; deleted language is indicated by overstriking. Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules. These amendments shall take effect upon the release of this opinion.
No motion for rehearing shall be entertained.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
APPENDIX
FLORIDA RULES OF WORKERS’ COMPENSATION PROCEDURE
PART AL TRIAL PROCEEDINGS
RULE 4.010. SCOPE AND TITLEGEN-ERAL PROVISIONS
These rules, adopted and promulgated pur-saant-to-the legal authority of the Supreme Gourt of-Floridawith the authority of sections 440.271 and 440,29(3), Florida Statutes, shall govern all workers’ compensation proceedings in and before the judges of compensation claims and in the District Court of Appeal, First District.
These rules shall be cited as Florida Rules of Workers’ Compensation Procedure? and may be abbreviated Fla.R.Work.Comp.P.
Committee Notes
1979 Adoption. This replaces rule 1, W.C.R.P. There is no substantive change except to the changed title of trial forum from “judge of industrial claims” to “deputy commissioner,” and “industrial relations commission” to “District Court of Appeal, First District.”
1992 Amendment. The rules are amended throughout to reflect the change in the title “deputy ' commissioner” to “judge of compensation claims.”
1995 Amendment. Editorial changes only.
RULE 4.020. DEFINITIONS
Throughout these rules, unless the context or subject-matter-otherwise requires^
(a) “district — court” - means — the—District Court-of-Appeal, First-District;
(b) “clerié’ means the clerk of-the district court?
(c) “division” means-the-Division of Workers’ Compensation-of — the-Florida Department of Labor and Employment Security;-
(d) “department” means the -Florida Department-of-Labor-and Employment Securi-⅛⅞
(e) “judge” means judge of compensation claims pur-suant to- chapter 440, Florida Stat-
(f) “chief judge” means the-chief judge of compensation claims appointed by the Governor, serving in the Department-of-Labor-and Employment Security?- pursuant to chapter 440, Florida Statutes;
(g) in construing these rules, when — the context indicates, the-singular includes the plural and vice versa;
(h) filing-shall-be accomplished-by placement with-the division, the judge of compensation claims, or the-clerk ■ of — the district court as the context of chapter 440, Florida Statutes, or these rules-requires?
(i) “carrier” means-any licensed insurance carrier, self-insured employer, self-insurance fund or pool proriding workers’ compensation insurance coverage pursuant-to chapter 440, Florida Statutes, -and includes the -servicing agents of self-insureds;-
(j) “claimant” meane-any-person making a claim for workers’ compensation-benefits-or payments as permitted-by chapter 440, Florida Statutes^ A “claimant” is a party within the meaning of these rules;
*633 (⅛) — pleading—means-an-y-paper- or document filed ■ under these ■ rules invoking the jurisdiction of or seeking relief from — the judge-of-compensation-claims-or any- -court under chapter 440, Florida Statutes.
The following definitions apply to all workers’ compensation proceedings.
(a) “Carrier” means any licensed insurance carrier, self-insured employer, self-insurance fund, or pool providing workers’ compensation insurance coverage under chapter 440, Florida Statutes, and includes the servicing agents of self-insureds.
(b) “Chief judge” means the chief judge of compensation claims appointed by the Governor, serving in the Department of Labor and Employment Security under chapter 440, Florida Statutes.
(c) “Claim” means any element of a petition for benefits or other entitlement for which judicial relief is sought. A claim not contained in a petition for benefits may be made only under rule 4.025.
(d) “Clerk” means the clerk of the District Court of Appeal, First District.
(e) “Department” means the Florida Department of Labor and Employment Securi-' ⅛
(f) “District Court” means the District Court of Appeal, First District.
(g) “Division” means the Division of Workers’ Compensation of the Florida Department of Labor and Employment Security.
(h) “Docketing judge” means one or more judges designated by the chief judge pursuant to section 440.45(3), Florida Statutes.
(i) “EAO” means the Employee Assistance and Ombudsman Office created by section 440.191, Florida Statutes.
(j) “Facsimile” means the electronic transmission of documents by electronic signal that, when received, can be transformed by electronic means and stored on paper, microfilm, magnetic storage device, optical disk, or other storage media.
(k) “Filing” means delivery to the division, the judge, or the clerk of the district court as the context of chapter 440, Florida Statutes, or these rules requires.
(l) “Forms” means forms incorporated in these rules and promulgated pursuant to chapter 440, Florida Statutes.
(m) “Impasse” means the parties’ inability to reach a mutually acceptable and voluntary agreement as to any matter at the mediation conference.
(n) “Informal dispute resolution” means the procedure established by section 440,191, Florida Statutes.
(o) “Joint petition” means a pleading filed jointly by the parties seeking approval of the stipulation in which the claimant receives a lump-sum payment of past or future benefits, or a combination of both, or a release of a lien against a third party, in exchange for releasing the carrier from liability for certain benefits as allowed under section 440.20(11), Florida Statutes.
(p) “Judge” means judge of compensation claims pursuant to chapter 440, Florida Statutes.
(q) “Mediation agreement,” also known as a “mediation settlement agreement,” means a mutually acceptable and voluntary written or recorded agreement reached by the parties at a mediation conference, with the assistance of a mediator, resolving completely or partially a workers’ compensation dispute or claim,
(r) “Mediation conference” means an informal, nonadversarial negotiation or settlement conference attended by the interested parties and supervised and conducted by a mediator.
(s) “Mediator” means the person who conducts a mediation conference.
(t) “Parties” include the employee, claimant, employer, carrier, health care provider, and division.
(u) “Petition for benefits” means a pleading meeting, specifically but not limited to, the requirements of sections 440.192(1)-(4), Florida Statutes, that invokes the jurisdiction of the judge.
(v) “Petitioner” or “claimant” means any person making a claim. A “petitioner” or *634 “claimant” is a party within the meaning of these rules.
(w) “Pleading” means any paper or document filed under these rules invoking the jurisdiction of or seeking relief from the judge or any court under chapter 440, Florida Statutes. The request for assistance or other contact with the EAO is not a pleading that invokes the jurisdiction of the judge.
(x) “Procedural motion” means a motion relating to procedure or discovery that does not seek adjudication of entitlement to benefits. Motions that do not seek adjudication of entitlement to benefits and are based upon stipulated facts requiring no other evidence also shall be treated as procedural motions.
(y) “Request for assistance” means the initiation of the informal dispute resolution procedure established by section 440.191, Florida Statutes.
(z) “Verified pleading” means a pleading the facts of which are attested to under oath.
Committee Notes
1979 Adoption. These definitions adapt to the 1979 legislation by which, for instance, the Bureau of Workmen’s Compensation was upgraded to a Division [of Workers’ Compensation], This replaces rule 2, 1977 W.C.R.P.
1988 Amendment. This rule is revised to include definitions of “carrier” (to include self-insured and servicing agents) and “claimant” (to include any party with standing to bring a claim under chapter 440, Florida Statutes).
1995 Amendment. Many new definitions were added and the list was alphabetized.
RULE 4.022. FORMS OF PLEADINGS AND PROPOSED ORDERS
(a) Generally. All Ppleadings in proceedings before the-judge of-eempensation claims under- these- rules shall substantially conform to these rules unless otherwise ordered by the judge of compensation-elaims. All pleadings (andincluding notices or subpoenas, if originated by a party or an attorney-) shall
(1)be typewritten or printed on 8½" by 11" bond paper;
(2) be signed by the .party in interest and/or the party’s attorney of record-; and
(3) All pleadings shall contain the mailing address and telephone number of the party or attorney filing the pleading. Attorneys shall include their Florida Bar number. ■Pleadings shall be typewritten-or-^printed on 8½" by 11" bond paper.
(b) Proposed Orders. Proposed orders, except-as otherwise provided-in-these-rules unless otherwise directed by the judge, shall be accompanied by an original, and one copy for the use-of the judge of compensation claims together with, and enough copies and preaddressed postage-paid envelopes to permit service on all parties and counsel of record. A copy of any proposed order shall be sent to opposing counsel and any party not represented.
Committee Notes
1988 Adoption. This rule is intended to standardize the form of pleadings and the preparation of documents by counsel for the use of the deputy commissioner.
1995 Amendment. Aligns pleadings in workers’ compensation matters with those in the court system.
Section 440.32(3), Florida Statutes, requires that every pleading be signed by the attorney of record regardless of whether the claimant or petitioner executes the pleading.
RULE 4.023. CONTRACT OF REPRESENTATION
(a) Approval of Contract.
(1) The claimant and the attorney for the claimant may jointly apply to the judge having jurisdiction of the industrial accident to approve the contract of representation and enforce its provisions.
(2) The judge may approve the contract of representation without a formal hearing if it appears to be in substantial compliance with these rules and the provisions of chapter 440, Florida Statutes.
(3) Upon approval of the contract of representation without a formal hearing, the judge shall enter an order and serve a copy of the order on the attorney for the claimant.
*635 (4) The attorney for the claimant shall promptly serve a copy of the order on all parties and counsel of record using the certificate of service provided in form 4.902,
(b) Motion to Modify or Vacate Order Approving Contract.
(1) Any party, for good cause, may object to and move to modify or vacate any order approving a contract of representation at any time.
(2) The filing and service of a motion to modify or vacate an order approving a contract of representation shall suspend the operation and effect of the order until the motion is heard and decided.
(3) The judge shall hear such motions promptly.
(c) Modification or Disapproval. Nothing in this rule shall preclude the .judge from modifying or disapproving any contract of representation for good cause or to avoid undue hardship to any party.
Committee Notes
1995 Adoption. From former rule 4.061(a). Approval of any contract of representation by the .judge of compensation claims is discretionary and not mandatory.
RULE 4,024. REPRESENTATION AND APPEARANCE OF COUNSEL
(a) Appearance of Counsel. An attorney who undertakes representation of a party in a workers’ compensation matter shall file promptly a notice of appearance and serve copies to all parties including counsel of record. The notice of appearance shall be one page in length, bear the style and caption provided in form 4.901, and include the name, address, telephone number, and Florida Bar number of counsel.
The following shall suffice as notice of appearance:
(1) the service by the claimant’s attorney of the order approving the contract of representation under rule 4.023;
(2) the filing of a notice of appearance with the division if no claim, application for hearing, request for assistance, or petition has been filed; and
(3)the filing of a notice of appearance with the presiding judge aftér a claim, application for hearing, request for assistance, or petition has been filed;
(b) Substitution of Counsel. Co-counsel or any successor attorney shall file a notice of appearance in accordance with the rules. Substitution of counsel may be made:
(1) by the filing and service of a stipulation, which does not require the approval of the judge;
(2) by motion, which requires approval of the judge.
(c) Withdrawal of Counsel. An attorney of record shall remain attorney of record and not be permitted to withdraw unless:
(1) the attorney files a written motion for withdrawal setting forth the reasons for the motion;
(2) the motion is served on the client and counsel for all parties; and
(3) an order is entered granting the motion of withdrawal.
(d) Hearing. If requested by any party, or on the .judge’s own motion, a hearing may be held to protect the rights of all parties.
(e) Order. The judge may, without a hearing, enter an order substantially the same as form 4.907.
Committee Notes
1995 Adoption. This replaces rule 4.060 and further clarifies existing procedure as to appearance and substitution of counsel.
RULE 4.025. CLAIMS NOT CONTAINED IN PETITION
(a) Generally. Claims not contained in a petition shall be filed with the division at its office in Tallahassee and served pursuant to rule 4.030. Claims shall be subject to adjudication by the .judge or reviewing court but shall not be subject To the informal dispute resolution process or review by the docketing .judge. Claims shall be limited to the following subjects:
(1) Modification of Prior Compensation Order. Application for modification of an order under section 440.28, Florida Statutes, shall be substantially in the form of a petition under section 440.192(2), Florida Statutes, *636 and shall include a reo[uest for a hearing. Adjudication shall be in the manner provided in rules 4.045, 4.075, and 4.085.
(2) Claim for Reimbursement From Special Disability Trust Fund. A claim for reimbursement from the Special Disability Trust Fund filed under section 440.49(7), Florida Statutes, shall be made under the administrative rules promulgated by the division. Adjudication of such a claim shall be in the manner provided in rules 4.045, 4,075, and 4.085.
(3) Claims against Third Parties. The employer or its carrier may at any time file a claim seeking reimbursement, contribution, indemnification, or exoneration from any third party. Adjudication of such a claim shall be in the manner provided in rules 4.045, 4.075, and 4.085.
(4) Claims Limited to Attorney Fees and/or Taxable Costs. Claims limited to attorney fees and/or taxable costs when benefits have been paid previously and provided or awarded shall be handled under rule 4.144.
(b) Consolidation of Claims. On the judge’s own motion, or on the motion of any party, the judge may consolidate any of the aforementioned claims, except for a claim for reimbursement from the Special Disability Trust Fund referred to in subdivision (a)(2), with any pending petition for the purpose of a hearing or for any other purpose.
Committee Notes
1995 Adoption. This rule defines the types of claims not included in a petition for benefits filed under section 440.192, Florida Statutes, that bypass the request-for-assistance process in section 440.191(2)(a), Florida Statutes, and the docketing judge’s review under section 440,45(3), Florida Statutes.
RULE 4.026. EXEMPTIONS FOR COLLECTIVE BARGAINING AGREEMENTS
If authorized by a collective bargaining agreement filed with the division under section 440,211, Florida Statutes, the informal dispute resolution process, review by the docketing judge, or adjudication by a judge may be replaced by an alternative dispute resolution system that may supplement, modify, or replace the provisions of chapter 440, Florida Statutes.
Committee Notes
1995 Adoption. This rule recognizes an alternative dispute process other than that expressed in chapter 440, Florida Statutes.
RULE 4.027. VENUE
(a) Generally. Venue shall be governed by section 440.25(4)(d), Florida Statutes.
(b) Consolidated Petitions. If a party’s entitlement to benefits arises or may arise from two or more accidents in different venues against one or more employer/carriers, the party may file a consolidated petition or claim against both or all employer/carriers. Venue shall be determined by order of the chief judge or by agreement of the parties.
(c) Motion. A motion for consolidation shall be made to a presiding judge who shall forward the motion to the chief judge for determination.
Committee Notes
1995 Adoption. This rule intends to avoid the confusion as to the proper venue when there are two or more accidents in different venues involving the same or different employer/carriers.
RULE 4.028. PETITION FOR BENEFITS
(a) Generally.
(1) Service. A petition under chapter 440, Florida Statutes, shall be served by certified mail upon the employer, carrier, and the division in Tallahassee. Counsel for each party and any unrepresented party shall be served under rule 4.030. Upon receipt of the petition, the division shall forward it immediately to the docketing judge pursuant to section 440.192(2), Florida Statutes.
(2) Form. A petition shall meet the specificity requirements of sections 440.192(2) and (3), Florida Statutes, shall include a request for a hearing, and shall be in substantial compliance with the forms of these rules. The judge may request the EAO to assist unrepresented employees in filing a petition, as provided in section 440.192(2), Florida Statutes.
*637 (3) Notice. A petition shall contain the fraud notice contained in section 440.105(7), Florida Statutes, and shall personally be signed and attested to by the petitioner.
(4) Certificate of Good-Faith Effort. A petition must include a certificate by the claimant or, if the claimant is represented by counsel, by the claimant’s attorney stating the claimant or attorney has made a good-faith effort to resolve the dispute and the claimant or attorney was unable to resolve the dispute with the carrier.
(5) Certificate of Completion of Informal Administrative Remedies. A petition shall also include a certifícate that one of the following has occurred:
(A) The informal dispute resolution process required by section 440.191, Florida Statutes, has been concluded.
(B) The EAO has declined to consider the matter.
(C) The parties were unable to resolve the dispute within 30 days after a request for assistance was made to the EAO.
(D) If medical care is being provided to the employee through managed care and the petition includes a claim for medical care under section 440.13(2)(a) and (b), Florida Statutes, the certificate must indicate that the grievance procedures required by section 440.134(15), Florida Statutes, were exhausted before Sling the petition under section 440.192(3), Florida Statutes.
(b) Amended Petition for Benefits. A petition cannot be amended except by stipulation of the parties and approval by the judge. Such an amended petition shall not be subject to the informal dispute process or review by the docketing judge.
(c) Employer/Carrier Petition for Benefits. The employer or carrier may file a petition seeking an adjudication of any issue.
(d) Consolidation. Successive petitions may be consolidated by the judge on his or her own motion or on the motion of any party for purposes of any proceeding under chapter 440, Florida Statutes.
Committee Notes
1995 Adoption. Replaces rules 4.050 and 4.070. This rule is intended to standardize the form for a petition for benefits and the preparation of such forms by counsel resulting from the 1993 amendments to chapter 440, Florida Statutes. The request or application for hearing is now incorporated in the petition and no longer a separate pleading.
The grievance procedures referred to in subdivision (a)(5)(D) are the procedures required by section 440.134(15), Florida Statutes, and not chapter 120, Florida Statutes.
RULE 4.029. REVIEW BY DOCKETING JUDGE
(a) Generally. After receiving the petition, the division shall forward the petition immediately and all attachments filed with or received by the division to the docketing judge-
lb) Review. After receiving the petition from the division, the docketing judge shall promptly review the petition and attachments to determine if the requirements of sections 440.192 and 440,32(3), Florida Statutes, have been met and the matters in dispute have been acted on by the EAO.
(c) Dismissal of Petitions Without Prejudice. If the issues raised in the petition do not meet the requirements of sections 440.192(2)-(4), Florida Statutes, or the petitioner did not exhaust the EAO administrative remedies, the docketing judge shall summarily dismiss the petition without prejudice with leave to amend within 30 days.
(d) Dismissal of Petitions With Prejudice. If the petition does not meet the requirements of sections 440.192(2)-(4), Florida Statutes, and these rules, and the judge intends to dismiss the petition with prejudice, the judge may do so only after first giving the parties a reasonable opportunity to be heard.
(e) Extension of Mediation, Pretrial, and Final Hearing Deadlines. If the judge intends to dismiss the petition with prejudice, the judge must conduct a hearing on the matter after giving the parties 5 days’ written notice. The parties may appear by telephone at any such hearing in accordance with procedures established under these rules for *638 telephone hearings. Statutorily mandated mediation, pretrial, and final hearing deadlines shall be extended if a hearing under this subdivision is required.
(f) Petition that Meets Statutory Requirements. If the docketing judge determines the petition meets all statutory requirements, the .judge shall so indicate and immediately forward the petition to the appropriate district.
Committee Notes
1995 Adoption. The docketing judge’s ruling on specificity under section 440.192, Florida Statutes, or on the issue of whether the allegations contained in the petition were well grounded as required under section 440.32(3), Florida Statutes, is not a final determination on either issue. Subject to the time limitations of section 440.192(5), Florida Statutes, a motion to dismiss for lack of specificity or for failure to exhaust EAO remedies may be filed with the presiding judge. The same is true for a motion to strike or dismiss the petition for lack of an appropriate signature or for a motion to impose a sanction under section 440.32(3), Florida Statutes.
RULE 4.030. FILING AND SERVICE
(a) Filing. Unless otherwise ordered or otherwise provided by these rules or chapter 440, Florida Statutes, any pleading or other papers filed in proceedings shall be served on each party.
(b) Method and Proof of Service.
(1)Same; How Service Is Made. When service is required or- permitted to be made on a party represented by an attorney-r-se-r-vice shall be made on the attorney unless sendee on the party4s ordered by the court. Service -on- the-attorney or party shall be made by delivering a- copy-to the attorney’s or party’s' last known-address^ Delivery of a copy within this rule shall mean
(aA) handing it to the attorney or party,; or
(bB) leaving it at the attorney’s office with a clerk or other person in charge thereof, or (e) if there is no one in charge, leaving it in a conspicuous place therein,-; or
(dC) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with a member of the person’s family above 15 years of age and informing such person of the contents,; or
(eD) by placing it in the United States mail, postage prepaid, to-the last-known address- of the party or attorney. — Service-by mail — shall be — complete upon mailing.; or
(E) transmitting it by facsimile.
Service by delivery or by facsimile after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
The use -of-facsimile machines also is permitted -when available-. — When a facsimile machine is-u-sed, a cover sheet providing the sender’s name-and telephone number shall-be included and-a copy-of-the document-shaft be sent simultaneously — to the recipient by mail The sending party-shall retai-mproo-f-of tran-smissiom — Delivery shall be complete on-transmission-of-a complete facsimile of the document.
(2) Service by Mail.
(A) When service is made by mail, the copy shall be mailed by United States mail, postage prepaid, to the last known address of the party or attorney. Petitions must be sent by certified mail.
(B) Service by mail shall be complete upon mailing.
(C) Except for a petition, when service is made by mail, 5 days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. This does not apply to filing requirements for institution of appellate proceedings or notices of hearings.
(3) Service by Facsimile Device.
(A) When a facsimile device is used, a cover sheet or its equivalent providing the sender’s name and telephone number shall be included and a copy of the document shall be sent simultaneously to the recipient by mail.
(B) The sending party shall retain proof of the transmission.
*639 (C) Delivery shall be complete on transmission of a complete facsimile of the document.
(2c) Certificate of Service. When required, any attorney or unrepresented party shall certify in substance:
“I certify that a copy hereof has been furnished to . (name or names and address or addresses) . by . (method of delivery).this.day of.,19.
Attorney (or unrepresented party)”
The certificate shall be taken as prima facie proof of such service in compliance with these rules.
(e)-Service-by Mail. — When service is effectuated-by-maily 5-days-shall ■ be.added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. (This subdivision-does-not-appl-y-to-the-filing-requirements for institution of appellate pro-eeedings-or-notices-of-hear-mg-)
(d) Subpoenas. Issuance, service, and proof of service of subpoenas of the judge of compensation claims shall be in the form and manner provided by the Florida Statutes and the Florida Rules of Civil Procedure.
Committee Notes
1979 Adoption. This replaces rule 2(h), 1977 W.C.R.P., which merely provided “ ‘Service’ shall be as provided in the Florida Rules of Civil Procedure.”
Subdivision (c) replaces rule 3(b), 1977 W.C.R.P. The caveat to the filing of appellate proceedings is to warn of the jurisdictional nature of section 440.25(4)(f), Florida Statutes (1979), which provides:
Beginning on October 1, 1979, procedures with respect to appeals from orders of deputy commissioners shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules. The provisions of paragraphs (a)(e) shall apply only until September 30, 1979.
1984 Amendment. Clarifies rules 3(e) and 8(a) by specifically excluding 15-day hearing notice from operation of rule 3(c).
1988 Amendment. This rule is not intended to confer standing to sue on any person not accorded such standing by Florida Statutes.
1995 Amendment. Further clarifies method of service of pleadings and specifically includes service by facsimile device.
RULE 4.045. PRETRIAL PROCEDURE
(a) Generally. The judge shall, on a motion by any party, hold a pretrial hearing. If no pretrial hearing has been noticed previously, the judge shall schedule a pretrial hearing after receiving a notice of impasse from the mediator-
lb) Notice of Pretrial. The judge shall give parties at least 7 days notice of a pretrial hearing and may combine the notice of the pretrial hearing with the other notices. Unless the judge indicates otherwise, pretrial hearings will be held in the county where the judge’s office is located.
(c) Continuance. Pretrial hearings may be continued or extended with prior approval of the judge.
(d) Appearance of Counsel. Counsel for the parties shall appear at the pretrial conference. If attendance is not waived by the judge following proper notice, nonlocal attorneys, as defined in the pretrial order, may appear by phone.
(e) Telephone Hearing. The judge may conduct the pretrial hearing by telephone at the request of any party or on the judge’s own motion, provided all parties are represented by counsel.
(f) Waiver of Hearing. If all parties are represented by counsel, the judge may waive attendance or cancel the pretrial hearing if a written pretrial stipulation is filed with the judge before the date of the pretrial hearing. In such cases, all parties will be presumed to have a full and complete understanding of all issues involving benefits claimed, the defenses asserted, the witnesses to be presented, and the exhibits to be introduced into evidence.
*640 (g) Attendance. If a party or a party’s attorney fails to attend the hearing without good cause, the .judge may dismiss the petition or claim, strike defenses, or take such other action as may be authorized by law or rule 4,150.
(h) Purpose of Pretrial. At the pretrial conference, the parties shall:
(1) state and simplify the claims, defenses, and issues;
(2) stipulate and admit to such facts and documents as will avoid unnecessary proof;
(8) present, examine, and mark all exhibits for identification, including all impeachment and rebuttal exhibits;
(4) furnish the opposing party the names and addresses of all witnesses, including impeachment and rebuttal witnesses. A party may be required to provide a statement of subject matter of the expected testimony of one or more 'witnesses;
(5) exchange all available written reports of experts when expert opinion is to be offered at trial. The reports should clearly disclose the expert opinion and its basis on all subjects on which the expert will testify. If stipulated into evidence, the reports shall be presented to the judge to be so marked. The parties shall consider and determine a limitation of the number of expert witnesses;
(6) estimate trial time and schedule the final hearing; and
(7) consider and determine such other matters as may aid in the disposition of the case, including referral to additional mediation.
(i) Forms of Stipulations. The appropriate pretrial stipulation and pretrial compliance questionnaire shall be used. Final witness and exhibit lists, and any supplements to the pretrial stipulation, shall be filed at the pretrial hearing or 30 days before the final hearing. Exhibits shall be attached to the pretrial stipulation. Witness lists, exhibit lists, and supplements served after the pretrial hearing must first be approved by the judge. A motion seeking such approval is a procedural motion.
(j) Motion Hearings at Time of Pretrial. At the discretion of the judge and on filing and service of motion and notice of hearing not less than 5 days before the date of the pretrial hearing, procedural motions may also be heard at the time of the pretrial hearing.
(k) Pretrial of Penalty Hearings.
(l) When an employer or carrier has protested an assessment by the division of penalties, fines, or interest under sections 440.185 or 440.20, Florida Statutes, the judge shall cancel and waive attendance at a pretrial hearing regarding a hearing on such penalties, fines, or interest if a written pretrial stipulation is filed with the judge before the date of any scheduled pretrial hearing.
(2) Pretrial stipulations regarding penalties, fines, or interest assessed against an employer or carrier shall be substantially the same as form 4.916.
(3) The division shall complete its portion of the pretrial stipulation and mail or otherwise deliver the original and one copy to the employer or carrier. The division shall file a notice of filing with the judge indicating the stipulation has been delivered to the employer or carrier for completion. The employer or carrier shall complete its portion of the pretrial stipulation and file the original with the judge and simultaneously mail or otherwise deliver a copy to the division and to the general counsel of the department.
Cl) Record. The judge shall record the pretrial hearing by stenographic or electronic means at the request of any party or by a written stipulation signed by the parties.
(m) Pretrial Order.
(1) At the request of any party or by his or her own motion, the judge promptly shall enter an order reciting the actions taken at the pretrial hearing and the agreements made by the parties about any of the matters considered and limiting the issues for trial to those not disposed of by admissions or stipulations of parties.
(2) The order shall control the subsequent course of the action unless the judge modifies it to prevent injustice.
*641 (3) The judge shall serve the order on the attorneys for the parties and on any party not represented by counsel.
(4) Unless otherwise specified in the notice of hearing, the .judge may consider and determine all issues pending as of the date of the pretrial hearing.
(n) Setting and Noticing Final Hearing. If the date is not already set, the judge shall set the date of the final hearing at the pretrial hearing. The notice of the final hearing may be set forth in the pretrial order accompanying the pretrial stipulation or may be mailed separately by the judge to all interested parties.
Committee Notes
1995 Adoption. Replaces rule 4.100, but includes many of the provisions of the previous rule. Requires a .judge of compensation claims to schedule a pretrial hearing after receipt of a mediator’s report declaring an impasse as per section 440.25(4)(a), Florida Statutes.
Provides for pretrial of protested penalty assessment orders and the method thereof. Clarifies when personal appearances may be waived and prescribes the form of the pretrial stipulation. Requires furnishing names and addresses of all witnesses to be used at trial, including; impeachment and rebuttal witnesses.
RULE 4.050, CLAIMS
Claims-and notices to controvert shall be filed -with the division at its office in Tallahassee, — Claims shall-be-subject to adjudication by the judge of compensation claims or reviewing court.
Committee Notes
-197-9-Adoption. --This replaces rule 4,1977 W-.C.R.P.
-It-appears- to-be the view of the Division of Workers’ — Compensation—(hereafter—“Division”) that the filing of a claim, the-for-m- of that-claim-,- and all massaging of that claim prior to the same being assigned-to-a-deputy commissioner [for judicial function] -pursuant to an application for hearing, is solely and totally within the purview of the division and ought not be addressed by-these Workers’ Compensation — Rules-of-Procedure, or any other-rules-except those of the division-,- — Section 440.19(2)(d)> Florida Statutes (1979), provides that:
Such claim shall be filed-with the division- at its office in Tallahassee and shall contain the name and address of the employee, the name and address of the employer, and a statement of the time-place, nature, and cause-of the injury, of such fairly equivalent information-as will put the divis-ion-and-the- employer on notice-with-respect to the identity of the parties and the specific compensation benefit whieR-is due but has not been paid-or is not being provided. — Any claim, or portion-thereof, not-in- compliance with this-subsec-tion-shall be--subject to dismissal upon-motion-of -any interested party, the division7-or the deputy commissioners.
C£-M40^5(-l-)-Fla.Stat.-(1979⅜ § 440.20(10)(b), Fla.Stat. (1979).
This differs radic-a-Ily-from-the traditional source of creating and disciplining-the plead-i-ng-by-which civil actions are initiated.
-1984- Amendment. — Derived from section 440.271, F-lorida-StatuteSj-and rule 20, Florida -Workers’ Compensation Rules of-Rroce-dure. — Providing for exclusive adjudicatory-powers- -in - workers’ compensation matters with-the-deputy-commissioner or reviewing cou-rt-rather than the Division of Workers’ Compensation.
RULE-4-95-1. — CONSOLIDATION-OF CLAIMS
Judges of compensation claims -may-, — on their-own - motion or on the motion of any party, consolidate olaims-for-the--purpose of hearings or for any other purpose.
Committee Notes
■1988 Adoption. This rule formalizes exist-iug^proeedure-for-con-solidation-of claims,
RULE — 4,052,—T-HIRD-BART¥—PRAC-TICE
The employer or its carrier (or servicing agent) may at any -time file a claim seeking reimbursement, contribution, indemnification, or exoneration from any third party.
*642 Committee Notes
1988 Adoption, — This-rule- is intended-lo provide for the joinder-of additional parties defendant by-tfae employer or its-carrier by the filing of a claim rather than motion or other pleading-
RULE 4.055. DISCOVERY
(a) Jurisdiction. The judge shall have .jurisdiction to take appropriate action to .compel discovery, including the imposition of sanctions and, as circumstances warrant, may enlarge or shorten the applicable time for complying with discovery.
(b) When Discovery May Be Had. Discovery under this rule may be had before or after the filing of a claim or petition, in the same manner and for the same purpose as provided in the Florida Rules of Civil Procedure or section 440.30, Florida Statutes. At the pretrial hearing, the judge shall set a date for the final hearing that allows the parties at least 30 days to conduct discovery unless the parties consent to an earlier hearing date,
(c) Types of Discovery Not Permitted. Interrogatories, requests for admission, and other forms of discovery not authorized by these rules shall not be permitted or used in workers’ compensation proceedings.
(d) Depositions.
(1) Depositions of witnesses or parties may be taken and used in proceedings under chapter 440, Florida Statutes, in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure or as otherwise provided by law.
(2) For good cause shown, the judge may require taking a deposition by telephone.
(3) If a deposition is taken by telephone, the oath shall be administered in the physical presence of the witness by a notary public or officer authorized to administer oaths. A certificate of the notary public or officer, substantially the same as form 4.9105, shall be filed by the party offering the witness’s deposition within 15 days.
(e) Production of Documents and Entry on Land.
(1) The parties shall be subject to discovery procedures seeking the production of records or other tangible things, including, but not limited to, all hospital and medical records pertaining to the industrial accident, all rehabilitation reports, all records pertaining to the claimant’s average weekly wage at the time of the accident or earnings made subsequent to the industrial accident, and a transcript of any recorded statements of a Party-
(2) The parties shall be subject to discovery procedures seeking entry on land or other property for inspection or other purposes within the scope of discovery.
(3) The parties shall have 30 days to serve a written response after service of any request under this rule.
(f) Production of Documents from Non-parties. The parties may seek the production of documents and other tangible things within the scope of discovery for inspection and copying from a person who is not a party pursuant to applicable Florida Rules of Civil Procedure, except that the time for objection to production of documents under this rule is reduced to 5 days.
(g) Surveillance. The evidence of any investigator, adjuster, or other witness in the nature of surveillance shall be subject to discovery when such evidence will be used at trial, provided the party intending to use such evidence is first given a reasonable opportunity to depose the party or witness who is the subject of the surveillance.
Committee Notes
1995 Adoption. Replaces rule 4.090. Provides for deponent’s oath when deposition taken by telephone. Limits objection to notice of production from nonparty to 5 days, rather than 10 days as required by Florida Rule of Civil Procedure 1.351.
RULE 4.05&- RIPENESS
At any time during any proceeding-on the motion of any party-or on-the judge’s-own motion, the judge of compensation claims may make a-determination of-the-ripeness for-adjud-ieation of any pending claim-or defense or element thereof- — The judges of compensation- claims may, in their discretion take ■ such testimony- hear- such argument, *643 and enter such orders as may be necessary to-determine the ripeness of an issue. — To protect the interests of any party -and — to advance the proceedings, the judge of compensation-claims may
(a) sever any issue;
(b) continue a scheduled-hearing-as-to any or all issues;
(c) reserve jurisdiction of any issue; or
(d-)~dism-iss any issue without prejudice.
■I-n -determining the ripeness of any- issue, the judge of compensation-claims shall consider-whether the opposing-party--has had adequate time within-wvhich-to prepare to litigate-the- issue, taking into account the due diligence of the parties.
Committee Notes
-1988 Adoption, — This rule recognizes the serial nature of claims ancbdefenses as they arise under-chapter 440, Florida Statutes. It eedifies-existing- procedure to permit the-deputy commissioner to-adj-udicate- issues as they become ripe.
RULE 4.058, PETITION-F-OR MODIFICATION; PETITION FOR REIMBURSEMENT FROM — SPECIAL DISABILITY TRUST FUND
■Petitions- for modification pursuant-to-seetion ■ 440.28, Florida Statute^ — a-nd-petitions for-reimbursement from the Special Disability-Trust Fund pursuant to section 44&49(-2-)-,--Flo-rida-Statutes — shall be made substantially in the form of a claim. — Adjudication of a petition under this-rule-shall-be in the manner provided-i-n-these-rules for-the disposition of claims-and-defensesT
RULE 4,060, — REPRESENTATION AND APPEARANCE OF COUNSEL; SUBSTITUTION OF COUNSEL; WITHDRAWAL OF COUNSEL
(a) Appearance of-Counsel. An attorney undertaking the representation of a-part-y-to a proceeding under these rules shall-promptly — fíle-with- -the-divlsion- a notice of appearance, not to exceed one page in length,--prior-te-the-fi-li-ng-of-an- application for hearing, or with-the-office-of-the judge of compensation claims having — jurisdiction-of-the industrial accident after the filing of -an-appl-ication- -for-hearing. The notice shall bear the style and caption provided in-form 4.901 and Include the address and telephone number of-coun-seh — A claim or application for hearing signed by counsel and-containing the address and telephone number-of counsel shall-suffice as a notice of appearance. — Notice of appearance-shall be filed by any successor, or associated-attorney, prior to or concurrently with the filing of any pleading -or presentation of oral argument to or — before a judge of-eom-pensation claims or-the district court.
(b) Substitution of Counsel, — Substitution of counsel may-be- effected by the filing and service of a stipulation, for which no approval-of-the-judge of compensation-claims is required;- or by motion.
(c) Withdrawal-of-Counsel, An attorney-who has filed a elaim-or-has otherwise become-an attorney of record-for--any-party to a workers^-compensation cause-shall-remain attorney of-record in said cause-and-shall-not be permitted-to withdraw from the-cau-se unless the attorney-first files with the judge of compensation claims-a-written motion for withdrawal setting — forth-the reasons therefor, serving a copy of said — motion - on the movant’s-clie-n-t-and-counsel for the adverse party, and then shall-obtain-from the judge of — compensation claims an order granting such motion for withdrawal, — If appellate proceedings -have been instituted in the cause, the motion — shall—be—filed--with - the appropriate court. — Upon-the-fillng-of -a motion to withdraw as counsel, the judge of compensation claims having — jurisdiction.of the industrial accident — may--conduct such hearings-as-may be requested by any party or-on -the-judge’s own motion to protect the rights of all partiesj-or-the-j-udge- of-compensation-claims-may enter an order substantial-⅛⅛-the-form-provided-in -form 4.907.
Committee Notes
1979 Adoption, — This replaees-rule-6 — 19-7-7-
-1988-Amendment. — This rule clarifies existing procedure as to the appearance and substitutiom-of-cou-nsel — and-provides for -an alternate procedure to approve the withdrawal of counsel without a hearing in the absence of-a timely objection.
*644 RULE 4.061, CONTRACTS OF REPRESENTATION; ATTORNEY FEES
(a) Contracts of Representation, — The employee (or claimant)-and the attorney for the- employee (on-claimaat)-may-jointly-apply to-the-judge of compensation claims having jurisdiction of the industrial accident to approve their contract of-representation and enforce the provisions thereof. — The judge of compensation claims may approve ■ the- contract of — representation- without a formal hearing if- it appears — to be — in substantial compliance with — these rules and the provisions of chapter-440, Florida Statutes. Upon approval of the-contract of-representation without a hearing,- the judge of-compensation claims shall enter an order and serve a copy of-the ■ order on the attorney for the employee, — The—attorney for the employee-shall promptly serve a copy of the-order -on all parties and counsel of record using the-eertif-icate of-service-providedrin-form 4.902. Any party, for-good-cause-shown, may object to and move- to -modify-or vacate any — order approving a contract of representation at any time. — The judge of compensation claims shall promptly-hear-any- such motion. — The filing and-service- of a motion-to--modify-on vacate an order approving a contraet-of representation shall-suspend the-operation and effect of the order until the motion is-heard and decided. — Nothing in this rule shall preclude the-judge-of compensation- claims-from modifying-or-disapproving any- contract of representation for good cause or to- avoid undue hardship on any party,
(b) Payment — of Undisputed — Attorney Pees, — The employee and the-attorney for-the-employee may jointly move for the judge of compensation claims-to approve the- payment of-an- attorney fee-and reimbursement of-costs-pursuant to a contract of representation by-a-stipulated motion substantially in the form provided by these rules. — The employee-and the employer and its carrier (or servicing -agent) — and/or- their counsel -may stipulate-to the-payment of an attorney fee and costs and submit their stipulation to the judge of compensation-claims for approval,
(c) Disputed-Attorney Fees or Costs, A claim for attorney fees-or costs broughh-by an — attorney or party shall- be in-the form provided for-a claim for compensation and shall-be treated as-a claim-for compensation for-ailpurposes. Any claim-for attorney-fees shall allege-ultimate- facts-which, if proven, would give rise to entitlement to the award-of an-attorney fee. — Prior to hearing-any issue as to-the amount of-disputed attorney fees or costSj-the attorney shall file a verified-petition-setting-forth-with specificity the amount of time expended — costs—advanced or incurred, and -the benefits-obtained together with all other allegations -of fact-pursuant to section 440.34, Florida Statutes. — At the request-of any party, or on the judge’s own motion, the -judge-of compensation claims shall determine the procedure for the hearing — and adjudication of any issues as to a disputed attorney fee and taxation of costs.
Committee Notes
1988 Adoption, — This rule formalizes-and makes- substantially-nniform existing practice as -to-attorne-y-client contracts and attorney fees as these proceedings have evolved since the 1979 legislative- reforms. — Approval-of any-attorney-client agreement by the deputy commissioner is discretionary and-not mandatory.
RULE 4,062, PAYMENT OF ATTORNEY FEES BY EMPLOYEE
The- judge- of compensation claims shall hear any motion for attorney, fees in the manner provided-for a hearing on a claim for compensation, — With respect to-proceedings in which the -fee is to be paid by the employee, the employee may waive -a formal hearing before the judge of compensation claims and the judge of - compensation-claims-may -consider the motion ex-parte,-based-on verified pleadings. — No motion for-attor-ney-fees-shall be granted by the-judge-of compensation claims- unless it appears affirmatively that the-provisions of these rules and-of chapter 440 — Florida Statutes, have been substantially complied with and — that-the employee has beemadvised as to those provisions.
Committee Notes
1988 Adoption, — It is intended that -all motions under this rule be-swor-n-to by-the employee and contain a notarial jurat.
*645 RULE 4.065. MOTION PRACTICE
(a) Substantive Motions. A motion relating to the adjudication of entitlement to benefits, including, but not limited to, motions to vacate orders for lump-sum advances, motions for advances under sections 440.20(12)(c)2 and 440.20(12)(d), Florida Statutes, appeals of administrative fines or penalties under section 440,106, Florida Statutes, motions for appointment of guardians, motions to appoint expert medical advisors under section 440.13, Florida Statutes, requests for imposition of sanctions under these rules, motions to disqualify a .judge or a mediator, motions to recuse counsel, motions to correct the appellate record, and motions to appoint independent medical examiners under section 440,13, Florida Statutes, shall be handled in the manner as provided for a claim in rule 4.025.
(b) Procedural Motions.
(1) Procedural motions include, but are not limited to, motions to consolidate, motions related to discovery, motions to dismiss for lack of prosecution, motions to dismiss for lack of specificity, motions to amend pretrial stipulations, motions for a continuance, motions to compel, motions for protective orders, and motions in limine. Procedural motions shall be heard on not less than 5 days’ written notice. The .judge may require the moving party to serve written notice of the hearing on opposing counsel. No pretrial hearing shall be required.
(2) A procedural motion shall set forth in detail the facts giving rise to the motion, its legal basis, and the specific relief sought. Any documents relied on should be specifically referenced and attached.
(c) Contents.
(1) All motions shall contain the following certificate of counsel:
(A) The motion is made in good faith and not for the purpose of delay.
(B) The opposing counsel has been contacted in an effort to resolve the matter without a hearing, and despite those efforts, the opposing counsel objects to the motion.
(d) Emergency Motions. All emergency procedural motions shall be identified as such and shall identify the nature of the emergency including time constraints. Emergency procedural motions shall be heard promptly.
(e) Response to Motions. A written response to a contested motion is not required. If a written response is made, it shall specifically state the basis for the objection.
(f) Hearing Location. Unless the moving party obtains prior approval of the judge, all procedural motions shall be heard at the office of the .judge. If the judge allows telephone appearances, the party wishing to appear by telephone shall be responsible to coordinate the appearance of counsel and other necessary participants and to notify the .judge.
(g) Notice of Hearing. Notices of hearing shall be prepared and served on the parties pursuant to rule 4.030.
(h) Motion Hearing at Pretrial Hearing. Motions may be heard at pretrial hearing in accordance with rule 4.045.
(i) Motions Seeking Affirmative Relief. Judges, at their own discretion, may treat any motion seeking affirmative relief or the adjudication of entitlement to any benefits in the manner provided for a claim or petition under these rules.
(j) Motions to Dismiss.
(1) In addition to meeting the requirements of subdivision (a), all motions to dismiss must state with particularity the basis for the motion. The judge shall enter an order on such motions without a hearing, unless good cause for the hearing is shown.
(2) Notwithstanding the entry of a docketing order under rule 4.029, any motion to dismiss for lack of specificity must be filed pursuant to section 440.192(5), Florida Statutes, and comply with the requirements of subdivisions (a) and (b) of this rule. The motion must be filed within 30 days after receipt of the petition or it is waived.
(k) Motion to Receive Medical Records. All medical records of authorized treating health care providers relating to the claimant and subject accident shall be received into evidence upon proper motion served on the *646 opposing party at the time of the pretrial hearing or no later than 80 days before the final hearing. Such records shall be served with the motion.
Committee Notes
1995 Adoption. This rule clarifies existing procedure in various districts and defines procedural versus substantive motions that may require an evidentiary hearing. Replaces rule 4.140.
The motion to receive into evidence the medical records of authorized treating health care providers may be contained within the Uniform Pretrial Stipulation, Pretrial Compliance Questionnaire, and Order.
RULE-4.070. APPLICATION-FOR HEARING
An application for -hearing — concerning' a claim, -made-pursuant to chapter 440, Florida Statutes, shall state concisely in separate numbered paragraphs the reasons for-requesting hearing, and the questions at issue or in dispute which the-applicant expects the judge to hear-and determine, with sufficient partieularity that the responding-er opposing parties-may be notified of the purpose of-the hearings including the issues to-be heard and determined and-specific benefit due and- not paid — Application for the first-diearing or trial in-a cause-shall be filed with the division at Tallahassee. — On receipt of an application for hearing, all-materials filed with or-received-by the division shall be incorporated in the-file for forwarding to the-appropriate judge of compensation claims who will ■cen-duct-the hearing. — All-subsequent materials received or filed also-shall be immediately forwarded to the judge of compensation claims. — Applications—for any subsequent hearings in that-cause shall be filed with-the judge to whom-the case has been assigned. A copy-of the application shall be served on counsel for each party — and a copy on any party not represented-by-counsel. Failure-to serve a copy of-the application as required shall-be-grounds-for a continuance or cancellation of the hearing.
Committee Notes
1979 Adoption. This replaces rule 7, 1977 W.C.Rd?. — It is derived- substantially from section 440.25(3)(a), Florida-Statutes-(197-9)y which again emphasizes “the-specifio-benefit due and-not paidd? — This clearly-p'oints-up one of the-many differences between civil proceedings-generally, and workers-eompen-sa&on:— [that] from the ‘Notice of-Injury’ a file is begun and maintained by the division in Tallahassee. — As a deputy commissioner assumes supervision-for the-purpose-of pr-o-viding judicial-type services-, that administrative file [in the division] provides, in part, the foundation for the file pertinent to-the litiga-⅛⅜ — Even as the litigation proceeds, the administrative functions must be continued, hence a continuing-relationship between the dual nature [of that file as]administr-ative/ju-dicial.
1-980 Amendment. — This- change-would keep the division, the agency whisk is -involved in various-stages of the management of-wrorkers’ compensation cases, apprised-of the-status-of the-case, and informed-of the reason for the deputy’s continued possession-of-the file.
1984 AmendmeHt, — Implements -section 440-.25(3)(a-)-Florida Statutes.
RULE 4.075. PROSECUTION OF CLAIM AND PETITION FOR BENEFITS BEFORE JUDGE
(a) Generally. To protect the interest of any party and to advance the proceedings, the judge may:
(1) sever any issue;
(2) continue a scheduled hearing as to any or all issues;
(3) reserve jurisdiction of any issue;
(4) dismiss any issue without prejudice;
(5) refer any issue to the EAO in the event a petition filed by an unrepresented claimant is found to be nonspecific or a party has failed to exhaust the EAO administrative remedies; or
(6) refer any issue to mediation.
(b) Prosecution of Claim or Petition. After a final hearing has been set, all parties shall diligently prosecute or defend the claim or petition.
(c) Continuances.
*647 (1) Continuances of hearings will not be freely granted and will be granted only upon a showing of good cause.
(2) The .judge may cancel or continue a trial on his or her own motion or on the motion of a party if the judge finds that the cancellation or continuance is for good cause and has not resulted from lack of diligence in the prosecution or defense of the petition or claim.
(3) A request for a continuance shall be made by motion or stipulation of the parties and shall specify the reason that the continuance is necessary.
(4) Unless otherwise ordered by the .judge, continuance of a trial or pretrial hearing shall automatically extend the time provided for the completion of any subsequent act.
(5) If there is a pretrial stipulation or pretrial order in place and the final hearing is continued, an additional pretrial hearing will not be set unless requested in writing by a party.
(d) Voluntary Dismissal. A claim or petition may be dismissed by the claimant or petitioner without an order by filing a notice or stipulation of voluntary dismissal at any time before the final hearing begins, or during the final hearing before the claimant or petitioner rests by stating on the record such notice of voluntary dismissal Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a second notice of voluntary dismissal shall operate as an adjudication of denial of any claim or petition for benefits previously the subject of a voluntary dismissal.
(e) Motion To Dismiss for Lack of Prosecution.
(1) A motion to dismiss for lack of prosecution may be filed if it appears that no action has been taken on any claim or petition by request for hearing, filing of pleading, order of the judge, payment of compensation, provision of medical care, or otherwise, for a period of one year.
(2) The judge shall serve notice of hearing on the parties by regular mail at their last known address.
(3)The motion to dismiss shall be granted unless a party shows good cause why the claim or petition should remain pending.
(f)Proceedings by Telephone.
(1) The judge may conduct any proceedings permitted under these rules or under chapter 440, Florida Statutes, by telephone conference, provided a means of recording the proceedings is available, if requested by any party.
(2) No live testimony, other than that of an expert witness as defined by the applicable statutes, shall be taken by telephone without the agreement of all parties.
(3) In the event that trial testimony is taken by telephone, the oath shall be administered in the physical presence of the witness, by a notary public or officer authorized to administer oaths. A certificate of the notary public or officer, substantially the same as form 4.9105, shall be filed by the party offering the witness’s trial testimony within 15 days.
Committee Notes
1995 Adoption. This rule replaces and expands rule 4.110. Subdivision (d) is in response to the First District Court of Appeal pronouncements in Eastern Airlines v. Gránese, 631 So.2d 365 (Fla. 1st DCA 1994), and Judge C.J. Kahn’s suggestion in his concurring opinion in Perez v. Winn-Dixie, 639 So.2d 109 (Fla. 1st DCA 1994), that the Committee examine this subdivision to accurately reflect its intent that voluntary dismissals in workers’ compensation matters conform to Florida Rule of Civil Procedure 1.420(a)(1), as the Committee stated in its 1984 Committee Note to prior rule 4.110.
RTJLE — 4.080,-—NOTICE—QF-—-HEARING^ ORDER — OF—JUDGE—OF—COMPENSATION CLAIMS
pensation claims shall hold a hearing within 90 days after the filing of an application for hearim-g^nd-shall-serve-the-parties-and counsel-of-record-at-their-last-known-addressesy with at least 15 days’ notice by-regular-mai-k The notice shall state with particularity the questions at issue.or -in ■ dispute — that—the judge will hear and determine. — Service -of-a notice of hearing shall be complete upon *648 mailing. — Unless otherwise specified in — the notice-of hearing, the -judge-may ■■consider and determine all issues pending as of the date of the hearing.
(b) -Setting of Hearing, — Judges of-eem-pensation claims, in their discretion, may-set hearings singly-at a time certain, or in-the aggregate using dockets-in the-ferm -provided in forms 4.908 and 4.909.
(c) Order, The order-of the-judge-of compensation claims shall-set-forth findings- of fact, conclusions of law — and the judge’s determination of the claim-or other-ruling. The order shall be-signed by the judge of compensation claims and shall include a-certificate of-service to all parties and counsel of record-
Committee Notes
1979-Adoption, Thls^replaces rule 8,1977 W.C.RJP.
It, too, is derived-sufestantially from section 440.25(3)(a), Flor-ida Statutes — (4979).-Note that the deputy shall give- the notice.
1989- Amendment, — &—(a) Suggestions have been made to remove the requirement that notice to the parties-of a hearing-be sent by certified mail. — The' Rules ■ Committee of the Workers’ Compensation Section is of-the opinion^ that the requirement that the-hearing notice be sent by certified mail should-be retained for two reasons. — In the first instance,-the statute, section 440.25(3)(a), Florida Statutes, requires notice by-eertifled mail, and, secondlyy-this provision is viewed as-one which-^rovides at least-a minimum-level of procedural due process.
& — (b) The portion ■ of this-rule which the rules-eemmittee of the-section-recommends be removed was- in-conflict with the wording of rule-14, which has been tr-ansplantedr in toto, tequie 8(b).
1981 Amendment, — Conforms hearing-notice requirements — to—section -440.25(-8)(a),' Florida- Statutes, as amended-to delete-requirement of certified mail sendee, and provides clarification of time periods-involved to the effect that-aninimum 15 days’ notiee is measured from the date notice is mailed.-
1988 Amendment, — This-rule and accompanying-forms provide a-standard form for-the notice of hearing. — In the alternative, a hearing doekeU-system is -provided for in recognition of the adoption-of that procedure in some districts, — The provisions-of-subdivision (b) are new- — The balance of-the rale reflects the 1984 revision with minor-changes in wording for clarity.
RULE 4.085. FINAL HEARING
(a) Notice. The judge shall give 30 days’ notice of the final hearing to all parties by mail. The notice of the final hearing may be set forth in the pretrial order accompanying the notice of mediation, notice of pretrial hearing, and pretrial order, or may be issued separately by the judge.
(b) Form and Service of Notice. The notice shall state clearly the questions at issue or in dispute that the .judge will hear.
(c) Attendance.
(1) Unless excused by the .judge, counsel for all parties shall attend the final hearing in person.
(2) Except as authorized under the Florida Rules of Civil Procedure, the claimant shall attend the final hearing in person. As provided under rule 4.075, a witness may appear by telephone, provided communication equipment is available at the location of the final hearing and prior arrangements have been made for administering the oath to the witness-
es) Witnesses appearing by telephone must be identified at the time of the pretrial hearing or specifically designated in the witness list or pretrial stipulation.
(d) Witnesses.
(1) Only those witnesses listed in the pretrial stipulation or in the witness list served no later than 30 days before the final hearing will be allowed to testify.
(2) Witnesses may be added after the 30-day witness deadline only by stipulation of the parties or by approval by the judge.
(e) Admissibility of Evidence.
(1) The judge shall rule promptly on a question of the admissibility of evidence.
*649 (2) If an objection is made and not ruled on by the judge, the ruling shall be presumed to be adverse to the party making the objection,
(f) Proffers. Evidence that has been offered but ruled inadmissible may be proffered but shall be clearly identified as such by the judge.
(g) Exhibits.
(1) The contents of the division file with respect to a claim or petition shall not be admissible evidence as such, absent the stipulation of all parties, but individual portions of the file shall be admitted if admissible under the rules of evidence.
(2) Legible copies may be substituted for original documents when reasonably necessary.
(3) Voluminous or cumbersome exhibits shall not be received into evidence unless their use is unavoidable.
(h) Posthearing Evidence. Except in extraordinary circumstances and only on specific motion, posthearing evidence, including exhibits and depositions, will not be allowed. However, the .judge on his or her own motion may consider posthearing evidence.
Committee Notes
1995 Adoption. In most circumstances the petitioner/claimant will appear at the final hearing, particularly if his or her testimony is needed. However, under Florida Rule of Civil Procedure 1.330(a)(3), the deposition of a party may be used at trial under certain circumstances. This rule is intended to conform to Florida Rule of Civil Procedure 1.330(a)(3).
RULE 1.090. DISCOVERY
(a)-Depositions, — Depositions of witnesses or parties, residing within or- without-the statey-may-be-taken and used in connection with proceedings under chapter 440,- Florida Statutes; either on the order of the judge of compensation claims-or-at-the instance of any party-or-prospeetive party to such proceeding, — For good cause shown,--the judge of compensation claims may require the taking of a deposition-by-telephone.
(b) Production of Documents and Entry on -Land. — The parties- shall be-subject -to duction of records and other tangible things, and entry on land or other property for inspection or other purposes within the scope of-discover-y,-inclading--but-not-limited-to-all hospital and medical reports pertaining to the-industrial accidenty all rehabilitation- re-■portsy-aii-records-pertaining to the olaimanifs average weekly wage at the time of the industrial accident or earnings made subsequent to the industrial accident, and a transcript of any recorded statement' of a' party. The parties shall have 30 days to serve a written response after service of any request under this rule. — The judge of compensation ciaimsy-for-good-eause shown, may enlarge or shorten-the-time-allowed for compliance with this rule.
(c)-Produc-tion-of-Doouments-fr-om Non-Parties..Theparties-also-may-seek-the-pro-duetion — of—doouments and other tangible things, within the- scope -of.discovery, — for inspection and copying from a person who is not a party pursuant to applicable' Florida Rules of Civil Procedure.
(d)-Jurisdictiom — The judge of compensation claims shall have jurisdiction to-take appropriate action ■ to- compel discovery, including the imposition of sanctionsy-andy-as circumstances warrant,- may- enlarge or shorten the applicable time for complying with discovery.
(e) When Discovery May Be Had. — Discovery under-this-rule may be had prior to the institution-of-a claim, if the claimant is represented-by-an attorney, or after the fíl-ing-of-a-claim, in the same-manner-and-for the-same-purposes as provided in the Florida Rules of Civil Procedure,
(f) Other -Discovery. — Interrogatories, requests — for admission, and other--forms — of discovery not authorized-by this rule shall not be used or permitted in workers’ compensation proceedings.
(g) Surveillance. -The-evidence of any investigatory-adjustor, or other witness-in-the nature of ■ surveillance shall be subject-to discovery when such evidence will be used at trial — provided the party-intending to use *650 suc-h evidence is first given a reasonable opportunity to-depose the party or witness who is the subject-of the surveillance.
Committee Notes
1979 Adoption. This replaces rule 9, 1977
It is derived substantially from — section 449.30,-Florida Statutes' (-1979).
1984 — Amendment,-Subdivisions—(b) through (f) are new and formalize additional forms of — diseovery already widely — 'used in-workers’ compensation -proceedings, — This rule specifically declines to adopt interrogatories or requests for admission — as-unduly-cumbersome-and contrary to the overriding policy consideration for-the expeditious resolution of — an—injured worker’s rights, — AF though discovery is generally intended to be self-administrating, itis-subject to the supervision of the-deputy commissioner. Stephens v. Southern Furniture -Transports, Inc., 420 So.2d 904 (F-Ia.lst DGA^1982), — This rule dees not-medtfy ■ and is consistent--with the powers and authority-conferred — upon-the deputy commissioner pursuant to -section 440.33, Florida- Statutes,
1988 Amendment, — Subdivision (g) of this rule is intended to conform to Dodson v.-Persell, 390 So-.2d 704 (F-la-.1980).-
RULE 4.095. EMERGENCY CONFERENCES
(a) Generally. An emergency conference may be held if there is a bona fide emergency involving the health, safety, or welfare of an employee as provided for in section 440.25(4)(h), Florida Statutes.
(b) Requests. A request for an emergency conference shall be handled in the same manner as provided for a procedural motion in rule 4.065. A written request for an emergency conference shall be filed with the judge and served on the parties in accordance with rule 4.030. It shall set forth in detail the facts giving rise to the request, its legal basis, the factual or medical basis for the claim that there is a bona fide emergency involving the health, safety, or welfare of an employee, and the specific relief sought. Any documents relied upon should be specifically referenced and attached.
(c) Certificate of Counsel. The request shall contain the certificate of counsel that:’
(1) the request is made in good faith and not for the purpose of delay;
(2) the opposing party or counsel, if represented, has been contacted in an effort to resolve the matter without a hearing, and despite those efforts a hearing is required; and
(3) to the best of counsel’s knowledge, information, and belief, formed after inquiry reasonable under the circumstances, a bona fide emergency exists involving the health, safety, or welfare of the employee.
(d) Notice of Emergency Conference. The judge may require the appearance of the parties and counsel without written notice for such an emergency conference.
(e) Attendance. Parties, counsel, and witnesses may appear by telephone if telephone equipment is available.
(f) Orders. An emergency conference under this rule may result in the entry of an order or the rendering of an adjudication by the judge that shall be limited to those issues and relief sought in the request.
. Committee Notes
1995 Adoption. This rule is intended to provide some structure, notice, and procedure in requesting emergency conferences that may result in the entry of an order or the rendering of an adjudication by the judge of compensation claims.
This rule replaces rule 4.112, which allowed compulsory advisory conferences.
RULE 4,100, PRETRIAL PROCEDURE
(a) Generally, — Judges of compensation claims may, on their own motion, or-shall on the motion of any party to the action, hold a pretrial — conference,—at-which.⅛⅛- parties shal-b
(1) state and simplify-the claims, defenses, and issues?
(2) make appropriate-amendments to the claims and defenses;
*651 (3) stipulate-and-admit-to such facts and documents as will- avoid-u-n-necessary proof;
(4) present, examine, and mark-for -identification,- - all-exhibits. — Impeachment and rebuttal exhibits-need not be revealed;
(5) furnish-the-opposing-party the names and addresses.of ■all — witnesses.—Impeachment — witnesses,—and—rebuttal—witnesses thereto, need not be revealed;
(6) exchange all available written-reports of experts when expert opinion is to'be-offered at trial. — The reports ■ should clearly disclose the expert opinion and its basis-on all subjects on which-the-expert-will-testifyr If stipulated into - evidence,-the-parties-shal-l present-the -reports-to-the-judge of compensation-claims to be so marked. — The parties shall consider-and-determine-a-limitatie-Hr-on the-number-of-expert witnesses;
(7) estimate trial time;-■ and
(8)-eonsider — and—determine—such other matters-as may aid in the disposition of the cause-.-
(b) Notice. — The judge of compensation claims shall give the parties at least 15 days’ notice of the pretrial-conference, — I-f-a-party or the party’s attorney fails to attend the conference without good-cause, -the- - judge-of compensation claims may dismiss-the- claim- or strike the defenses, or take such other action as may be authorized by law or these rules. — The judge of compensation claims may cancel the pretrial conference on-submission of a written pretrial-stipulation. The judge-of-compensation — claims may conduct the pretrial conference by telephone at the request of any -party,-or-on-the-judge^s-own motion, provided- all parties -are-represented by counsel.
(c) Record. — The judge of compensation-claims shall record-the-pretrial conference by stenographic- or — electren-ic-means at the request-of-any party, or by- a written-stipulation signed-by-the-partiesr
(d) Pretrial Order,-^At-the request of any party, the judge-of-compensation claims shall promptly enter an order reciting the action taken-at-the pretrial conference,-the -amendments allowed to the-claims and defenses, and ■ the agreements made by the parties about any of the matters--considered-,--and limiting the issues for-trial-to-those-not-disposed of by admissions-or-stipulations-of-the parties. — The judge-of ■■compensation-claims shall serve the order on the attorneys for the parties and on any party not represented by-counsel. — The order shall control-the-subsequent course of the action unless the judge of compensation claims modifies it to prevent injustice. — The order on the pretrial conference-may be in letter form unless a formal order is -requested by any party.
Committee Notes
-19-79- Adoption. — This replaces rule 10, 1977 W.C.R.P., but is -substantially-t-he-same.-
1984 Amendment. — Provides that - a -party-lias the right to a pretrial conference.upon request. — Deletes---requirement-of—notice-of pretrial by-order-
RULE 4.105. EXPEDITED HEARINGS
(a) Generally. If a petition filed in accordance with section 440.192, Florida Statutes, involves a claim or petition of $5,000 or less, excluding attorney fees and costs, it may be considered for resolution under section 440.25(4)(j), Florida Statutes.
(b) Application for Expedited Hearings. On written application of one party or by stipulation, any claim or petition filed in accordance with section 440.192, Florida Statutes, may be resolved under section 440.25(4), Florida Statutes. The application for expedited hearing shall be substantially the same as form 4.9091. A copy of this application shall be filed with the judge and served on all interested parties.
(c) Motion to Dispense. Any motion to dispense with expedited hearing shall comply with rule 4,065 and must be based on compelling evidence that the claim or petition is not appropriate for expedited resolution-
id) Expedited Docketing and Notice. The judge shall serve written notice of the hearing on the parties not less than 45 days before the hearing.
(e)Discovery. The parties shall have at least 30 days to conduct discovery, which shall be completed 15 days before the hearing.
*652 (f) Pretrial Outline. At least 15 days before the hearing, a pretrial outline shall be filed with the judge and served on all parties. The following shall be attached:
(1) Statement of the Facts. The statement shall include references to the specific pages in the deposition testimony of witnesses as well as a suggestion of the expected testimony of those witnesses who will be called to testify at the hearing.
(2) Memorandum of Law. The memorandum shall include relevant case citations and copies of the cases cited.
(3) Attachments. A complete composite of the records of the medical advisor appointed by the judge or the division, any independent medical examination (IME) physicians, and any other authorized providers shall be attached. There shall also be attached any depositions or other documentary items on which a party will rely to establish the case. The pages of the composite shall be numbered and the composite shall be preceded by an abstract referencing and synthesizing those portions of the records on which the filing party relies. No additional records, depositions, or documentary evidence will be admitted at the time of the hearing.
(g) Witness and Subpoenas. At the final hearing, the parties must arrange to have all witnesses present or available to testify promptly at the time and place noticed. Subpoenas- will be issued on request of the parties or their counsel. If any party or legally subpoenaed witness fails to appear at the time and place set for the hearing, sanctions under rule 4.150 may be imposed or punitive actions authorized under sections 440.32 and 440.33, Florida Statutes, may be initiated.
(h) Final Hearing Procedure. The final hearing will not exceed 30 minutes. The employer/carrier may be represented by an adjuster or other qualified representative. All previously scheduled final hearings and pretrial conferences shall be canceled.
(i) Posthearing Evidence. Posthearing evidence shall be considered in the same manner as provided in rule 4.085,
Committee Notes
1995 Adoption. This rule codifies the procedure to follow when requesting a 30-min-ute expedited hearing as authorized by section 440.25(4)(j), Florida Statutes, for claims of $5,000 or less, or if stipulated to by the parties.
RULE-4,110» — PROSECUTION-©E CLAIM BEFORE JUDGE OF COMPENSATION CLAIMS
(a-)-Prosecution of Claim, — When a trial has been set by a judge of compensation claims, all parties shall diligently prosec-ute and defend the claim. — Judges of compensation claims may cancel qr continue a trial-on their-own motion or on the motion of a party if they-find that the cancellation or continuance is-for good cause which-has not-resulted-from lack of diligence in the prosecution or defense-of the claim, — A notice- of voluntary dismissal is without prejudice, except that a second notice of voluntary dismissal by-fee claimant operates as an adjudication of denial of any claim for the- same benefit or benefits previously the subject of a voluntary dismiss-ak
(b) Dismissal of- Claim or-Petition.- —Any claim, or any petition to modify, in which-it affirmatively appears that no action has been taken by request-fer hearing, filing of pleadings, order of the- judge -of — compensation claims, payment of- compensation, provision of medical care, or-otherwise-for a period-of one year, is subject to dismissal for -lack-of prosecution. — On motion to dismiss filed-by any -interested — party, or- on request of the judge of compensation claims-before whom the action is pending, the file-shall be for- ' warded-to the appropriate judge of compensation claims who shall dismiss-the claim-o-r petition^ after service of -notice to the parties by-regular mail at their last known addresses and opportunity for hearing, unless a party shows good cause^why the-elaim or-petition should remain pending.
Committee Notes
1979-Adoption, — This replaces rule — 1-1, 1977 W.C.R.P.
The 1977 rule was the result of-extensive debate and revision, and the-committee did not-see-need for substantial revision.
*653 1980 Amendment. — Deletion of the ■words “after filing” in rule ll(b)allows-the-€femiss-ak of a state- claim after any two year period of inactivity- — T-he-efaange will make this rule consistent with rule 1.420(e) of the Florida Rules of Civil Procedure.
1984 Amendment.
(-a)-Gonforms-^workers’ compensation procedure-withr-Florida Rule of Civil Procedure ■1.42Q(-a-)(-l). Voluntary dismissal of the same claim or claim for the same benefits is-with prejudice and operates--as — a— denial— of-the elaim-for those benefits.
(b)Conforms nonprosecution time period to civil practice period of one year.
RULE 4,1-11, PROCEEDINGS BY TELEPHONE
The judge of compensation — claims—may-conduct any proceeding permitted — under these rules or under-Ghapter-440, — Florida Statutes, by telephone conference provided no live testimony, other than that of an expert witness as defined by the applicable statutes, is taken without the ■ agreement-of allparties-and-provided a means of recording the proceedings is available if requested by any party.
Committee Notes
1988 Adoption, — This-rale is adapted from rule 2.071, Florida Rules of Judicial Administration, to which reference -may-be-made-for purposes ■ of-constr-uetiem
RULE 4.112. EMERGENCY — CONFERENCES
The judge of compensation claims may require the appearance of the parties and counsel-on-less than 15 days’ written notice as otherwise required by these rules and by chapter 440, Florida Statutes, only to consider the reasonableness--and-medical necessity of proposed-medieal treatment when there is a bona fide emergency-involving the health or safety of an employee. — The parties-may agree to consider other issues at--an-emergency conference. An emergency-conference under this-rule-shall be advisory in nature, shall not constitute a- hearing for any purpose, and shall not result in the entry of an order-or-the rendering of an adjudicatiom-by-the judge of compensation claims. — No other emergency conference or-hearing is permitted by these rules.
Committee Notes
-1988-Adoption. — This rule is intended to allow for a compulsory, advisory conference with the deputy commissioner only as to issues relating to the reasonableness and medical — necessity—of—proposed—emergency
RULE 4.115. ORDERS
(a) Generally.
(1) The order of the judge shall set forth findings of fact, conclusions of law, and the judge’s determination of the claim or other ruling.
(2) The order shall be signed by the judge and shall include a certificate of service to all parties and counsel of record.
(b) Amending or Vacating Order.
(1) A judge may, at his or her own discretion or pursuant to a motion for rehearing, vacate or amend an order not yet final pursuant to section 440.25, Florida Statutes.
(2) Grounds for vacating an order may include circumstances in which it appears to the judge that due consideration of a motion for rehearing may not be practicable before the order becomes final.
(c) Effect of Appeal. Nothing in these rules shall be construed to interfere with the judge’s jurisdiction to either approve settlements or correct clerical errors, as specified under rule 4.160.
(d) Rule Nisi. Pursuant to an order of a court having jurisdiction of a proceeding to enforce an order of the judge, the judge may conduct such hearings, consider such evidence, and enter such orders as may be necessary to determine any specific sums due pursuant to the order that is the subject matter of the rule nisi proceeding.
Committee Notes
1995 Adoption. This rule incorporates former rules 4.080(c) and 4.141(b)-(d).
Subdivision (b) codifies the long-established practice in workers’ compensation litigation: A judge of compensation claims retains jurisdiction over an order that has not *654 yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla.lst DCA 1983), giving the deputy commissioner wide latitude in determining whether to amend or vacate an order.
RULE-4,130. AGREEMENTS
No-agreement-or-stipulation shall-be valid unless; — (1) in writing and signed- by the parties-er their-attorneys, or (2) dictated on the -record. — Any agreement or — stipulation under-⅛⅛ rule-may-be expressly relied on by the judge of compensation-claims in-any proceeding,-unless-a-party seeks to be-relieved of the ■ -agreement-or stipulation for — good cause shown. — The judge of compensation claims.-may abrogate-any stipulation which appears- to be manifestly contrary to the evidence on due -notice to the parties-; however, the judge of compensation claims-need not inquire beyond the stipulation or agreements
Committee Notes
1979 Adoption, — This replaces — rule—1⅝ .1.97⅝⅝€,⅞⅛
RULE — 4.131. SETTLEMENT OF PROSPECTIVE BENEFITS
In any proceeding-in which the parties undertake to compromise or release-the prospective entitlement-of the employee to-any class — el—benefits—pursuant—te—section 440,20(42), Florida Statutes:
(a) The parties- shall submit their agree-ment4n-~writing executed by all-attorneys-of record and by the-employee.
(b)-The employee shall acknowledge the agreement and its material provisions under oath in writing or before the judge of compensation claims,
(c) An agreement under this rule-shall set forth the terms, conditions, and consideration for the settlement-together with all-material facts-necessary for approval of — the settlement pursuant to-seetion 440.20(12)-, Florida Statutes,
(d) Prior to the approval of any-agreement under this rule, the parties and their attorneys shall submit-to the judge of-compensation claims for inclusion in the division file-all evidence in their possession which is material to-the consideration and disposition of the settlement agreement.
(e)The order- of the judge-of compensation claims.approving or disapproving the proposed settlement shall set forth findings of fact and conclusions of law to support-the approval-or-disapproval of the proposed settlement and may be in substantially the form provided in these rules.
1988 Adoption. The rule intends to codify and standardize-existing practice as -to washout settlements, — The accompanying forms are substantially those presently in general use,
RULE 4.140. MOTION PRACTICE
(a) Procedural Motions. Any matter relating to procedure or — discovery may be raised by motion before the judge of compensation claims. The motion shall be filed with the judge of-compensation claims having jurisdiction of the industrial accident, who-will promptly hear-and decide -the issues-raised by the motion-after giving not less than 5 days’ written-netice to all parties. — Motions ' may be heard at any pretrial conference,provided the-motion was filed and served not less than-5-days prior to the date of-the pretrial conference.
(b) Motions Seeking Affirmative Relief. Judges of compensation claims, in their' discretion, may treat any motion seeking affirmative relief or the adjudication of entitlement to any-benefit in the manner provided for a claim for benefits under these -rules.
Committee Notes
1988 Adoption. — Subdivision (a) of this rule is intended-to create an expedited procedure for the disposition of motions relating to discovery and-ether preliminary matters-not involving the adjudication- ef issues properly ralsed-by claim-or notice of defenses. Subdivision (b) is-intended to control the adjudication of substantive motions, such as motions for change of physicians, to suspend the payment or prevision of benefits-, and the like.
*655 RULE 4.141. MOTION FOR REHEARING; VACATING OR AMENDING ORDER -QF-JUDGE OF COMPENSATION CLAIMS; RULE-NISI
(a) Rehearing. — Any party-may-file-with-the judge -of-compensation claims a motion for rehearing directed to-am-order-not yet final by operation-of-section 440.25, Florida Statutes. — Such-a—motion—shall state with specificity the-grounds on which it is based. The filing of such motion-does-not-toll-either the time within which an-order-becomes-final or the time witfain-whieh-an appeal may be fflod.
(b) Amending^ — Cheating Orders. — At the judge of compensation claims’ discretion,-an order-net yet final by operation of section IdOrg^-FIorida Statutes, may be either vacated or amended at either the judge -of-eom-pensation-claims^-own initiative or pursuant to a-motion for rehearing. — Grounds for vacating-an order may include circumstances in whie-h-lt-appears to the judge of compensation claims that due consideration-of-a motion for rehearing may not be-praetieahle-within the time remaining.under — section—44&2§y Florida Statutes-.
(c) Effect of Appeal. Nothing in this-rule shall-be-construed to interfere with the judge^ of compensation claims’ jurisdietion-to-either approve of-settlements or correct clerical errors, as specified under rules 4-.-160(-h)(3)-and 4465(g),
(d) Rule-Nisi. — Pursuant to an order of a court-having jurisdiction of a proceeding-to enforce-an-order-of the judge of compensation claims, the — judge may conduct such hearings, consider- such evidence, and enter such-orders as may be necessary to determine any specific sums due-pursuant-to-the order which-is-the- subject matter of the rule nisi proceeding.-
(a)Generally. A motion for rehearing shall state specifically the grounds on which it is based and should not be used to reargue issues already determined. A motion for rehearing may be filed only within 20 days from the date of an order not yet final under section 440.25, Florida Statutes.
(b) Purpose. The purpose of the motion shall be limited to:
(1) call attention to typographical, technical, and scrivener’s errors;
(2) challenge rulings that were outside the scope of the issues presented; or
(3) seek clarification in matters of law or fact that the judge overlooked or misapprehended.
(c) Effect on Timeliness. A motion for rehearing does not toll the time within which either an order becomes final or an appeal may be filed. It is the moving party’s responsibility to contact the judge’s office to schedule a hearing on the motion.
Committee Notes
1984 Adoption. This new rule affords parties a rehearing process in response to such First District Court of Appeal pronouncements as are found in Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981), and Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982). Though time for filing appeal is not tolled by the filing of a motion for rehearing, subdivision (b) specifically invites use of a deputy’s power to vacate as a means of affording the parties additional time for processing a motion for rehearing where circumstances warrant. This flexible process was deemed preferable to the tolling of the appellate filing period in every ease of motion for rehearing.
Subdivision (b) codifies the long established practice in workers’ compensation litigation: A deputy commissioner retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the deputy commissioner wide latitude in determining whether to amend or vacate an order.
1995 Amendment. Subdivisions (b), (c), and (d) were moved to new rule 4.115, Orders. New subdivision (c) was added.
RULE 4.142. AGREEMENTS OR STIPULATIONS
(a) Scope. Agreements or stipulations not involving settlements under section *656 440.20(11), Florida Statutes, shall comply with this rule.
(b) Generally. No agreement or stipulation shall be enforceable unless it is:
(1) in writing and signed by the parties or their attorney;
(2) dictated on the record; or
(3) in the case of a settlement agreement resulting from a conference pursuant to section 440.191(2)(c), Florida Statutes, approved in writing by the docketing judge.
(c) Form. All agreements or stipulations submitted to a judge for approval and entry of an order shall include a detailed statement of the issues in dispute and how the issues were resolved, including a description of the benefits provided.
(d) Reliance. Any agreement or stipulation under this rule may be expressly relied on by the .judge in any proceeding, unless a party seeks to be relieved of the agreement or stipulation for good cause shown.
(e) Abrogation. The judge may abrogate any stipulation that appears to be manifestly contrary to the evidence on due notice to the parties; however, the judge need not inquire beyond the stipulation or agreement.
Committee Notes
1995 Adoption. This replaces and clarifies rule 4.130. Subdivision (c) requires that an order approving an agreement or stipulation under this rule also include a detailed statement of the issues, their resolution, and the benefits to be provided as reflected in the agreement or stipulation.
RULE 4,143. SETTLEMENT UNDER SECTION 440.20(11), FLORIDA STATUTES
(a) Scope. This rule applies in any proceeding in which the parties undertake to compromise or release any class of benefits pursuant to section 440.20(11), Florida Statutes.
(b) Uniform Stipulation Forms. The parties shall submit their agreement in writing executed by all attorneys of record and the employee. The parties will use the standard forms published by the Office of the Judges of Compensation Claims, or the equivalent, when submitting an agreement.
(c) Required Documents. A .joint petition seeking the approval of a lump-sum settlement under section 440.20(11), Florida Statutes, shall be filed with the .judge’s office along with;
(1) a stipulation using the standard forms published by the Office of the Judges of Compensation Claims, or the equivalent, signed by the claimant, all attorneys of record, unrepresented parties, or representatives of the employer/carrier;
(2) an affidavit of the claimant in which the claimant shall acknowledge the agreement and its material provisions under oath in writing or before the judge, unless all relevant information is incorporated in the verified stipulation;
(3) a maximum medical improvement report, documentation of the permanent impairment rating, information concerning the need for future medical care, and other essential medical information;
(4) any other evidence in the possession of the parties and their attorneys that is material to the consideration and disposition of the settlement;
(5) a notice letter to the employer as required under section 440.20(ll)(b), Florida Statutes;
(6) an attorney-fee data sheet;
(7) an attorney’s affidavit seeking approval of an attorney fee and specifying the statutory factors forming the basis for a variance, if the requested fee exceeds the statutory guidelines under sections 440.34(l)(a)-(l)(h), Florida Statutes;
(8) the notice(s) of denial and the report to the chief judge for settlements under section 440.20(ll)(a), Florida Statutes.
(d) Orders. The order of the judge approving or disapproving the proposed settlement shall set forth findings of fact and conclusions of law to support the approval or disapproval of the proposed settlement, and may be in the form provided in these rules.
*657 Committee Notes
1995 Adoption. This rule replaces rule 4.131 because of the 1993 amendments to washout settlements under section 440.20(11), Florida Statutes. The intent of the rule is to codify and provide statewide uniformity as to washout settlement practice. The accompanying forms are substantially those presently in general use.
RULE 4.144. PAYMENT OF ATTORNEY FEES AND COSTS
(a) Generally. On written request for hearing, the judge shall hear any claim for attorney fees and taxable costs in the manner provided for a hearing on a petition.
(b) Payment of Undisputed Attorney Fees and Costs by Claimant.
(1) The claimant and his or her attorney may .jointly move for the judge to approve the payment of an attorney fee and reimbursement of costs pursuant to a contract of representation by a stipulated motion substantially in the form provided by these rules.
(2) The claimant may waive a formal hearing before the judge and the judge may consider the motion ex parte based on verified pleadings.
(3) No motion for attorney fees shall be granted by the judge unless it appears affirmatively that the provisions of these rules and of chapter 440, Florida Statutes, have been substantially complied with and that the employee has been advised as to those provisions.
(c) Payment of Undisputed Attorney Fees and Costs by Employer/Carrier/Servicing Agent. The employee and the employer/carrier/servicing agent may stipulate to the payment of attorney fees and costs and submit the stipulation for the judge’s approval pursuant to rule 4,115.
(d) Payment of Disputed Attorney Fees and Costs.
(1) Any claim for attorney fees shall allege the statutory basis for the claim and may be subject to a pretrial hearing under these rules. However, if entitlement to attorney fees or costs has been adjudicated or stipulated, no pretrial hearing shall be held unless ordered by the judge.
(2) Unless otherwise ordered at the pretrial hearing, the verified petition shall be served on all par-ties 30 days before the scheduled fee hearing and shall include:
(A) a statement of the facts relied upon in support of the petition pursuant to section 440.34, Florida Statutes, including an opinion as to a reasonable fee amount;
(B) the statutory and legal basis relied upon in support of the petition;
(C) except for hearings to determine the value of appellate services, a recitation of all benefits secured for the claimant through the attorney’s efforts, including projected future benefits reduced to present value;
(D) a detailed chronological listing of all time devoted to the claim; and
(E) a detailed list of all taxable costs advanced or incurred.
(e) Service of Response. Within 20 days after the verified petition is served, the opposing party or parties shall respond to the petition and shall include a recitation of all matters controverted in the verified petition.
(f) Bifurcation. If both entitlement and the amount of the fee are contested, the hearing may be bifurcated.
(g) Evidence on Amount. With the agreement of the parties, testimony as to the amount of the fee may be submitted in affidavit form. Otherwise, such testimony must be presented by deposition or at the fee hearing as provided in rule 4.085.
Committee Notes
1995 Adoption. This rule replaces subdivisions (b) and (c) of rules 4,061 and 4.062, and codifies and standardizes the procedure for adjudication of disputed attorney-fee matters.
RULE 4.150. SANCTIONS
(a) Generally. Failure to comply with the provisions of these rules or any order of the judge of compensation claims may subject a party to reprimand*; striking of briefeclaims, defenses, or pleadings, denial of oral argu-m&ntr-dismissab-o-f — proceedings*; imposition of costs* or attorney fees*; or such other *658 sanctions as the judge of compensation claims shallmay deem appropriate. These sanctions are in addition to any sanctions available to the judge pursuant to section 440.33, Florida Statutes.
(b) Signature. Every pleading, written motion, and other paper shall be signed by the attorney of record or, if the party is not represented, by the party. Each paper shall state the signer’s address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.
(c) Representations to Judge. By presenting to the judge, whether by signing, filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person’s knowledge, information, and belief, formed after inquiry reasonable under the circumstances, that:
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
(d) Determination of Violation. If, after notice and a reasonable opportunity to respond, the judge determines that subdivision (c) has been violated, the judge may, subject to the conditions stated below, impose an appropriate sanction on the attorneys or parties who have violated subdivision (c) or are responsible for the violation.
(e) How Initiated.
(1) A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (c). It shall be served as provided in rule 4.030, but shall not be filed with or presented to the judge unless the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected within 21 days after service of the motion (or such other period as the judge may prescribe). If warranted, the judge may award to the party prevailing on the motion the cost of the proceeding and attorney fees incurred in presenting or opposing the motion.
(2) On his or her own initiative, the judge may enter an order describing the specific conduct that appears to violate subdivision (c) and directing an attorney or party to show cause why it has not violated subdivision (c) with respect thereto.
(f) Nature of Sanctions.
(1) A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in this subdivision and in subdivision (d), the sanction may consist of, or include, directives of a nonmone-tary nature, or a penalty pursuant to section 440.20 or 440.24, Florida Statutes; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney fees and other costs incurred as a direct result of the violation. If the judge determines that any proceedings were maintained or continued frivolously, the cost of the proceeding, including attorney fees, shall be assessed against the offending attorney. Penalties, fees, and costs awarded under this provision may not be recouped from the par-⅛
(2) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (c)(2).
*659 (3) Monetary sanctions may not be awarded on the judge’s initiative unless the judge issues an order to show cause before a voluntary dismissal or settlement of the claim made by or against the party that is, or whose attorneys are, to be sanctioned.
(g) Order. When imposing sanctions, the .judge shall describe the conduct determined to constitute a violation of the rule and explain the basis for the sanction imposed. If a penalty is assessed against an attorney pursuant to section 440,24, Florida Statutes, or this rule, the .judge shall forward a copy of the order assessing the penalty to the appropriate grievance committee acting under the jurisdiction of the supreme court.
Committee Notes
1979 Adoption. This is new in W.C.R.P. It is derived from Florida Rule of Appellate Procedure 9.410,1979.
1995 Adoption. This rule extensively amends the prior rule. It is adopted from Federal Rule of Civil Procedure 11, and the intent is to create a uniform procedure to consider requests for sanctions relating to violations of section 440.32, Florida Statutes.
RULE 4.155. DISQUALIFICATION OR RECUSAL OF JUDGES
(a) Any motion for disqualification of a judge shall be made and determined pursuant to Florida Rule of Judicial Administration 2,160.
(b) Upon the entry of an order of disqualification or the voluntary recusal by a judge, the chief judge shall promptly reassign the matter to another judge to conduct all further proceedings. In the absence of any written objection filed with the chief judge within 7 days of the order reassigning the matter, the chief judge may, in the interest of the prompt administration of justice, transfer venue of the cause of action.
Committee Notes
1995 Adoption. This rule adopts Florida Rule of Judicial Administration 2.160, for the procedure to disqualify or recuse a judge of compensation claims and permits reassignment by the chief judge.
PART CIII. MEDIATION PROCEEDINGS
RULE 4.300. GENERAL PROVISIONS
(a) Generally. Mediation in workers’ compensation matters is a process authorized by section 440,25, Florida Statutes, in which a mediator acts to encourage and facilitate the resolution of a workers’ compensation dispute between two or more parties by assisting those parties in reaching a mutually acceptable and voluntary agreement, thereby dispensing with the need for judicial determination.
(b) Purpose. The purpose of this part is to provide the procedures that shall govern mediations of workers’ compensation matters.
(c) Privileged and Confidential Communications.
(1) Any information from the files, reports, case summaries, or other communications or materials, oral or written, relating to a mediation conference obtained by any person participating in mediation is privileged and confidential and may not be disclosed without written consent of the interested parties involved in the mediation conference.
(2) Each party to a mediation conference has a privilege during and after the mediation conference to refuse to disclose and prevent another from disclosing communications made during the mediation conference, whether or not the disputed issues are successfully resolved. This subdivision shall not be construed to prevent or inhibit the discovery or admissibility of any information that is otherwise subject to discovery or that is admissible under an applicable law or rule of procedure, except that any conduct or statement made during a mediation conference or in negotiations concerning the mediation conference are inadmissible in any proceedings under chapter 440, Florida Statutes.
(3) In no event shall the mediator be subpoenaed, be called to testify, or give a statement or deposition to resolve any matter or disclose any communications or conduct made during the mediation conference-
id) Discovery. Discovery may continue notwithstanding an order of referral to medi *660 ation or pending a mediation conference unless otherwise ordered by the presiding judge.
(e) Effect on Petitions or Claims. Mediation shall not preclude or be cause for delay in the prosecution of a petition or claim nor prevent the scheduling and attendance at hearings thereon as required by section 440.25, Florida Statutes, unless otherwise ordered by the presiding judge.
Committee Notes
1995 Adoption. Subdivision (e) is from former rule 4.360(e), subdivision (d) is from former rule 4.350(d), and subdivision (e) is from former rule 4.340(e).
RULE 4.310. MANDATORY MEDIATION
(a) Initial Mandatory Mediation. Except as hereinafter provided, an initial mandatory mediation conference is required to be held concerning every petition filed under section 440.192, Florida Statutes, that survives dismissal after review by a docketing judge under section 440.45(3), .Florida Statutes, or a motion to dismiss filed under section 440.192(5), Florida Statutes.
(b) Notice and Date of Mandatory Mediation Conference.
(1) Within 7 days after a petition is filed under section 440.192, Florida Statutes, but in no event more than 7 days from the presiding judge’s receipt of the petition that survives a dismissal, the judge, or the mediator if the judge so designates, shall notify all interested parties of the date, time, and location of the initial mandatory mediation conference. The notice may be served personally or by mail upon the interested parties.
(2) The mediation conference shall be held within 21 days after a petition is filed under section 440.192, Florida Statutes, but if continued or rescheduled as hereinafter provided, it shall be held and completed no later than 10 days before any scheduled pretrial hearing.
(c) Waiver of Initial Mandatory Mediation Conference. A mandatory mediation conference may be waived only by order of the chief judge after the filing with the presiding judge of a motion to waive the initial mandatory mediation conference no later than 3 days before the scheduled conference.
(d) Mediator. The initial mandatory mediation conference required to be held under section 440,25(1), Florida Statutes, shall be conducted by a mediator or adjunct mediator employed by the chief judge under section 440.25(3), Florida Statutes.
(e) Mediator’s Report. Within 10 days following the conclusion of the mediation conference, the mediator shall file a written report with the presiding judge as to whether any of the issues in dispute are resolved. If an impasse was declared the mediator shall so report without comment or recommendation. If the parties reach an agreement, it shall be filed with the presiding judge in accordance with rule 4.142,
Committee Notes
1995 Adoption. This rule codifies the procedure for mandatory mediation required by section 440,25, Florida Statutes, for every petition for benefits.
Subdivision (c) also permits filing the motion to waive with the presiding judge who shall then forward the motion to the chief judge for consideration.
Subdivision (d) contemplates that the mandatory mediation shall be conducted by the mediator or adjunct mediator employed by the chief judge under section 440.25(3), Florida Statutes, without charge to the parties. Any substitution of the mediator requires approval by the presiding judge.
RULE 4,330, GENERAL PROVISIONS
(a) -Definitions, — The following definitions apply to workers’ compensation- mediation-, unless-the-context-or-subject matter otherwise requires:
(1) “Mediation” is-a- process authorized by section 440.25(3), Florida Statutes, whereby-a mediator-acts to enceurage-and facilitate the resolution of a workers’ compensation-dispute or claim between 2 or-more parties by assisting-the parties in reaching- a mutually acceptable-and voluntary agreement, thereby dispensing with the need for judicial determination by trial.
*661 (2) “Mediator” is the person appointed by the chief judge in-accordance with the provisions of section 440.25(3-)(b-)l, Florida Statutes, to conduct a mediation-conference. The mediator is a member-i-n-good standing of The Florida Bar, known-as-a-ganerah-master, special master^-or a judge of compensation claims. — A-judge-of compensation claims who acts as a mediator shall not act as a presiding judge on the-same-easfe
(3) “Mediation conference”- is-an-in-formal, nonadversarial negotiation or settlement-eon-ference attended by the interested — pariaes and supervised-and-condueted by a mediator-
id) “Mediation ■ agreement,” also known as a mediation settlement-agreement, means a mutually- acceptable and voluntary written-or-recorded agreement reached 'by the-parties at a mediation conference,- with the assistance of a mediator, resolving- completely-or partially a workers’-eompensation dispute or claim.
(5) “Impasse — -is the parties’ inability to reach a mutually acceptable and voluntary agreemenh-as-to-any matter at the mediation conference.
(6) “Chief judge” means the chief judge of compensation claims appointed by the-governor, serving in the Department-of~Labor-an4 Employment — Seeurity, pursuant to section 440.45(3),-Florida-Statutes.
(7) “Judge” means a judge- of -compen-sation claims pursuant to -section 440.45, Florida Statutes. — A presiding judge is the judge having jurisdiction of-the-i-ndustrial accident and to whom the claim-has been assigned.
(8) “Parties” means the employee — claimant, employer^-and carrier.
(b) Purpose, — The purpose of these rules-,adopted and promulgated pursuant to the legal authority of the -Supreme Court of Florida, is to provide the procedures-that-shali go-vern-the mediation of workers’-compensation-disputes and claims.
RULE 4.340. REQUEST FOR OR REFERRAL TO SUBSEQUENT MEDIATION
(a) ApplicationRequest for Subsequent Mediation. A mediation con-ference-may-be requested by- any — interested party, at any time-following a claim up to 60 days-prior-to-a — hearing scheduled pursuant to — section-440.25(3)(c), Florida Statutes. — A -request shali-be-made by the filing of an application-for mediation-conference with one of the following;
(1) The division, if filed simultaneously with a claim for benefits and/or application
(2) The presiding judge or-genera-I-ma-starr An-order-requiring the parties to attend - a mediation conference shall be entered-by-a-presiding-judge-upon the application.-
(1) Notwithstanding attendance at a mandatory mediation conference, any interested party may request a mediation conference at any time following the filing of a petition under section 440.192, Florida Statutes, or any other claim subject to adjudication by a judge. The request shall be made on or before 45 days prior to a final hearing scheduled pursuant to section 440.25(4)(a), Florida Statutes. A request shall be made by the filing of a motion for mediation conference with the presiding judge.
(2) After considering the merits of the request, the presiding judge may enter an order referring the matter to mediation and requiring the parties to attend a mediation conference. An order upon such request may be entered without a hearing, unless good cause for a hearing is shown,
(b) Referral by Presiding Judge or by Stipulation. The presiding judge may also enter an order referring any claim or petition or any selected issues therein to mediation on a party’s motion,-the parties’ stipulation requesting mediation, or at the pretrial eon-ferencehearing te — accordance—with—rule 4.100(-a-)(8), if the judge finds mediation may aid in the disposition of the matter before trial.
(c) Motion to Dispense With or Defer Subsequent Mediation.
(1) Within 45 days of the order of referral to mediation or notice of mediation conference, whichever is entered first, any party may move to dispense with or defer mediation if:
*662 (4A) the matter has been previously mediated between the same-parties and the moving party verifies that further mediation would be of no benefit in resolving the matter;
(2B) the issue presents a question of law only; or
(SC) other good cause is shown.
(2) The movant shall set the motion for hearing prior tobefore the scheduled date ferof the mediation* conference and shall serve Nnotice of the hearing shall be provided toon all interested parties, including the mediator. The motion shall set forth, in detail, the facts and circumstances supporting the motion. Mediation shall be suspended until a disposition of the motion.
(d) Denial of Mediation by-Mediator, — A mediator may deny a request for mediation-if the mediator determines the-matter or issues to be-inappropriate for mediation. Within-15 days of the receipt of application for mediation conference or an order-of referral to mediation, the-mediator-shall notify the parties— of the recommendation ■of denial — and refer-the matter-feo the -presiding judge for the entry of an-order approving or disapproving — the denial or, at the judge’s discretion, scheduling a hearing on the mediator’s recommendation*
(e) Effect on Claims for Benefits. — Mediation shall not preclude or-delay the prosecution-of a claim for benefits -nor prevent-the filing -of an applioation for-hearing and the scheduling and attendance at hearings-thereon — as- required by section 440.25, Florida Statutes*
Committee Notes
1995 Amendment. This rule extensively amends the prior rule and affords the parties the opportunity to request or stipulate to a subsequent mediation in the event they reached an impasse at the initial mandatory mediation conference.
RULE 4.350. APPOINTMENT OF MEDIATOR AND SCHEDULING MEDIATION CONFERENCE FOR SUBSEQUENT MEDIATION
(a) Appointment or Selection of Mediator. On receipt of an application for mediation conference from the division, the chief judge shall assign-the matter to the appropriate mediator; — However, if-the referral to mediation is pursuant to an order based on a motion,- stipulation, or pretrial-hearing, then the order shall designate the appropriate mediator^-previously selected and-assigned-by the-c-hief judge to the district-having jurisdiction-of-the industrial accident*
(1) Within 10 days of the order of referral to mediation entered pursuant to rule 4.340, the parties may stipulate to the selection of a member of The Florida Bar to act as a mediator who, in the opinion of the parties and the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the pending workers’ compensation claim or petition.
(2) If the parties cannot agree on a mediator within 10 days of the order of referral, the judge shall appoint a mediator or adjunct mediator employed by the chief judge pursuant to section 440.25(3), Florida Statutes, in the district in which the matter is pending-
lb) Mediator Fees.
(1) Mediations conducted by a mediator or adjunct mediator employed by the chief judge under section 440.25(3), Florida Statutes, shall be at no cost to the parties.
(2) When the mediator selected by the parties and approved by the judge is one other than a mediator or adjunct mediator employed by the chief judge under section 440.25(3), Florida Statutes, the amount and method of payment of the mediator fees shall be agreed upon between the parties, or their attorneys, and the mediator.
(fee) Notice of Mediation Conference* Order-. Within 15 days after-receipt by-the appropriate mediatorreceiving of an application-for mediation conference or an order referring the parties to mediation under rule 4.340, the mediator shall notify the parties in writing of the date, time, and place of the mediation conference unless the order of referral specifies the date, time, and place. A notice-of mediation-conference shall be substantially in the same form as-the notice-of hearing- form in-rule 4*908= — The first mediation conference shall be held-within 45-days of the filing of an, application for mediation *663 conference or entry of an order of referral but no sooner-than 15 days from the date-of the notice or order scheduling such mediation conference. The mediation conference ordered under rule 4.340 shall be held no sooner than 7 days from the date of the notice scheduling; the mediation conference unless otherwise agreed by the parties.
(ed) Completion of Mediation; Continuances; Adjournments. Mediation shall be completed within 3010 days of the first mediation conferencebefore the final hearing unless extended by the mediator on stipulation of the partiesor the judge. However, the mediator may adjourn the mediation conference at any time and may set times for reconvening the adjourned mediation conference. No further written notification is required for parties present at the adjourned mediation conference.
(d) Discovery, — Discovery may continue throughout-mediatiem
Committee Notes
1995 Amendment. This rule extensively amends the prior rule and is fashioned after Florida Rule of Civil Procedure 1.720(f). It allows the parties to stipulate to the selection of a private mediator to conduct a subsequent mediation. The stipulation also must reflect the amount and method of payment of the mediator fees.
RULE 4.360. MEDIATION PROCEDU-RESCONFERENCE
(a) Attendance in Mediation. Any party required to attend a mediation conference must have full and binding authority to settle without further consultation. Notwithstanding rule 4.11-14.075, no party may appear by telephone unless specifically approved by the mediator. Further, a mediator may excuse the appearance of a party. Unless stipulated by the parties or relieved by order of the presiding judge, Aa party is deemed to appear at a mediation conference if the following persons are physically present:
(1)The claimant or petitioner, a representative of the carrier/servicing agent, an uninsured employer, or an insured or self-insured er/servicing agent does not have full settlement authority.
(2) The parties’ counsel of record. Appearance by counsel does not dispense with or waive the required attendance of the parties listed above.
(3) If the employer is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity.
(b) Sanctions for Failure to Appear. If a party fails to appear at a duly noticed mediation conference without good cause or appears without full authority to resolve a claim, the presiding judge on a party’s or judge’s own motion and after a hearing may impose sanctions in accordance with rule 4.150, including payment of the mediator fees, if any.
(c) Counsel of Record. The -mediator shall-eontrol the mediation and the procedures-to-be followed in-mediation — Counsel shall be permitted to communicate privately with their clients at any time. In the discretion of the mediator and with the stipulation of the parties, a mediation conference may proceed in the absence of counsel.
(d) Communication with Parties. — The mediator may — meet and consult privately with-any party or parties-or their counsel.
(e) Privileged and-Gonfidential Communications.
(1) Any information-feom-the files, reports, case summariesj-mediator’s notes, or other communications or materials, oral or-wr-ittenT relating to a mediation conference obtained by any person -participating in mediation-is-privileged and confidentiaRand may not'be disclosed without- written consent of the-interested-parties involved in the mediation confereneei
(2) Each party to a mediation conference has a privilege during and after the conference to-refuse to disclose-and prevent another-from-disclosing communications made during the mediation conference, whether-or-net the-disputed issues are successfully resolved-? *664 This subdivision shall-not- be construed--to prevent or-inhibit the-diseovery or admissibility of any information that is otherwise subject to discovery or — that is — admissible under an-applicable law or rule of procedure, except that any conduct or statement made during-a-^nediation conference or in-negotiations concerning the conference is inadmissible in any- proceeding under chapter ■ -440, Florida Statutes.
(3)In no event shall the-mediator-be sub-poenaedj-ealled to-testify, or give a deposition to resolve any claim or disclose any ■■communications or conduct made during the mediation conference.
Committee Notes
1995 Amendment. This rule extensively amends the prior rule.
RULE 4.361. AUTHORITY AND DUTIES OF MEDIATORS
(a) Authority of Mediator.
(1) The mediator shall at all times be in control of the mediation and the procedures to be followed.
(2) The mediator may meet and consult privately with any party or parties or then-counsel during the mediation.
(3) The mediator shall make a good-faith effort to schedule the mediation conference at a time that is convenient for all parties, all attorneys, and the mediator. In the absence of agreement, the mediator shall schedule the date for the mediation conference.
(4) The mediator shall have discretion to allow any party to appear at the mediation conference by telephone.
(b) Duties of Mediator. The mediator shall inform the parties at the beginning of the mediation conference:
(1) of the process of mediation;
(2) that the mediator is an impartial facilitator, and is there to assist the parties in reaching, not to force them to reach, a voluntary settlement;
(3) of the differences between mediation and a final hearing before the presiding judge;
(4) if applicable, of the costs of the mediation;
(5) that the mediation process is consensual in nature, and the parties retain their right to a final hearing if they do not reach agreement;
(6) of the privileged and confidential nature of communications made during the mediation under rule 4.300(c);
(7) that any agreement reached at the mediation conference will be by mutual consent of the parties, reduced to writing, and subject to the approval of the presiding judge if necessary.
(c) Disclosure. The mediator has a duty to be impartial and to advise all parties of any circumstances bearing on possible bias, prejudice, or partiality.
(d) Guide for Mediator Conduct. A mediator’s conduct in discharging the professional responsibility in mediating workers’ compensation matters should be guided by the Standards of Professional Conduct found in Part II of the Florida Rules for Certified and Court-Appointed Mediators as approved by the Supreme Court of Florida.
(e) Matters beyond Mediator’s Competence. A mediator shall decline appointment, withdraw, or request technical assistance when the mediator decides that a matter is beyond the mediator’s competence.
Committee Notes
1995 Adoption. This rule is intended to codify the authority and duties of a workers’ compensation mediator and adopts the Standards of Professional Conduct for Certified and Court-Appointed Mediators.
RULE 4.370. CONCLUSION OF MEDIATION
(a) Impasse. The mediator shall have sole discretion to terminate or suspend mediation if at the mediation conference the parties have reached an impasse, or the matter is not appropriate for further mediation. It is the duty of the mediator to timely determine when mediation is no longer helpful or viable and that an impasse exists, or that mediation should end. The mediator shall, within 10 days of the conclusion of the mediation con *665 ference, file a report with the presiding judge reflecting the lack of agreement without comment or recommendation.
(b) Mediation Agreement.
(1) If a mutually acceptable and voluntary total or partial agreement is reached, it shall be reduced to writing and signed by the parties and their- attorneys — or dictated on the record before a judge of compensation claims, or electronically or stenographically recorded and transcribed.
(2) The agreement shall be a stipulation pursuant to rule 4A8Q4.142 and shall be filed with the presiding judge.
(3) Any agreement or stipulation under this rule may be expressly relied on by the judge of compensation claims in any proceed-' ings, unless a party seeks to be relieved of the agreement or stipulation for good cause shown. The judge of compensation claims may abrogate any stipulation that appears to be manifestly contrary to law on due notice to the parties. However, the judge of compensation claims need not inquire beyond the stipulation or agreement and may enter an order approving the mediation agreement.
(e) Enforcement of Agreement. In the event of any breach or failure to perform under a mediation agreement, enforcement shall proceed in accordance with section 440.24, Florida Statutes.
(d) Agreement to Enter into Section 440.20(121), Florida Statutes, Settlement. Any mediation agreement compromising or releasing prospective benefits of the claimant to-to the employee of any class of benefits pursuant to section 440.20(121), Florida Statutes, shall not be approved or become binding until after the parties have first complied with rule 4.1314,143 and the aforesaid statu-tery — provisionrequirements of section 440.20(11), Florida Statutes.
RULE 4.380. DISQUALIFICATION OF MEDIATOR
(a) Procedure. Any party may, by motion, for good cause shown, request the presi-dingehief judge to disqualify a mediator. The request must state with particularity the basis for disqualification. If a mediator is disqualified, the chief judge shall immediately enter an order naming a qualified repla-cementsubstitute mediator. The time for a mediation conference shall be tolled during any periods in which mediation is deferred pending determination of a disqualification motion.
(b) Disclosure by Mediator. Mediators have a duty to be impartial and shall immediately disclose and advise all parties of any circumstances bearing on possible conflicts of interest, bias, prejudice, or impartiality. Nothing in this rule shall preclude mediators from disqualifying themselves or refusing any assignment.
Committee Notes
1995 Amendment. Editorial changes.
APPENDIX
PART BIV. FORMS
FORM 4.901. CAPTION AND STYLE OF PLEADINGS
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF WORKERS’ COMPENSATION OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
.(NAME). .(NAME).
.(ADDRESS) ..... .(ADDRESS).
CLAIMANT: ATTORNEY FOR CLAIMANT:
[If other than Employee.]
*666 .(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
EMPLOYER: ATTORNEY FOR EMPLOYER/CARRIER:
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
CARRIER CLAIM NUMBER:
(SERVICING AGENT):
.(NAME). DATE OF ACCIDENT:
.(ADDRESS).
(Title of Pleading)
Committee Notes
1988 Adoption. This form is intended to standardize the caption and style of pleadings under these rules. It is intended to be incorporated by reference in the certificate of service where applicable.
There is no prior form.
FORM 4.902. ATTORNEY’S CERTIFICATE OF SERVICE OF EX PARTE ORDER
Certificate of Service
I certify that a copy of the attached order was furnished to the following parties and counsel of record by. (method of delivery) . this_day of-, 19 — :
(Names and addresses of parties and counsel served, or if correctly shown in caption of order, then: “The parties and counsel as shown in the caption of the attached order.”)
Attorney for employee
.(address).
.(telephone number).
Florida Bar No.(bar no.)..
Committee Notes
1988 Adoption. This form is intended for use with orders approving attorney contracts of representation under rule 4.061.
FORM 4.903. CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
(a) Form of Agreement for Accidents Occurring before October 1,1989.
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1. AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings, and expend such monies on my behalf as my attorney may deem necessary.
*667 2. ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at the attorney’s address.
I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
25% of the first $5,000 of all benefits obtained;
20% of the next $5,000 of all benefits obtained;
15% of all benefits obtained in excess of $10,000;
although the attorney fee may be greater or less than the sums retained in trust, depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty, or complexity of my case, and the amount ultimately paid or awarded.
THE JUDGE OF COMPENSATION CLAIMS (WORKERS’ COMPENSATION JUDGE) WILL MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEY’S ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and costs, or if all or part of my attorney fees and costs are paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of my attorney fees and court costs. Those circumstances are when:
a. my employer or its carrier has denied that I had an on-the-job accident or injury;
b. my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits;
c. the conduct of my employer or its carrier is found by the judge of compensation claims to constitute “bad faith,” as defined in the Workers’ Compensation Act.
I understand that the recovery of attorney fees and costs in addition to my benefits may require a separate proceeding for which I may incur additional costs and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and its carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE’S RESPONSIBILITIES. I agree to promptly and fully advisé my attorney as to any developments or information which may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made for me by my attorney and will submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my case with any person not specifically authorized by my attorney.
I agree to cooperate fully with my attorney.
*668 I understand that my attorney expressly relies on the truthfulness of all statements made by me, and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
5. ATTORNEY’S RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to this claim. The attorney accepts the trust provisions of this agreement and will account to the employee as to any monies received, expended, or held on the employee’s behalf at the employee’s request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute, and appoint the undersigned attorney as the employee’s agent and attorney-in-fact to act in the employee’s name, place, and stead to negotiate the employee’s workers’ compensation benefit cheeks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY JUDGE OF COMPENSATION CLAIMS. Having read and signed this contract of representation and having discussed its provisions with my attorney, the undersigned employee jointly with the undersigned attorney moves that the judge of compensation claims approve this contract of representation. The employee waives notice of hearing and waives a formal hearing before the judge of compensation claims with respect to the approval of this contract of representation.
EMPLOYEE
WITNESS
WITNESS
DATE EXECUTED: _
QrrAnmr. at? -
COUNTY OF
BEFORE ME-,-the-undersigned authority, personally-appeared .., to me well-known-to be the person described-in-the-foregoing Contract of Representation?■Power — of Attorney, Trust Agreement, and Motion and acknowledged to me that (s)he executed the same for the purposes-Gontained therein.-
IN WITNESS WHEREOF, I have hereunto set my-hand-and-official seal this_,-day-of , iQ
NOTARY PUBLIC
-My-Com-mission Expires:
STATE OF FLORIDA
COUNTY OF.
The foregoing contract was acknowledged before me by.(name of employee/claimant) ., who identified this instrument as. (name of instrument)., who signed the instrument willingly, and who is
*669 Personally Known_OR Produced Identification Type of Identification Produced
(Signature of Notary Public- — State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
ATTORNEY FOR THE EMPLOYEE
(b) Form of Agreement for Accidents Occurring on or after October 1,1989 and before January 1,1994.
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1. AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings, and expend such monies on my behalf as my attorney may deem necessary.
2. ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at the attorney’s address.
I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
25% of the first $5,000 of all benefits obtained;
20% of the next $5,000 of all benefits obtained;
15% of all benefits obtained in excess of $10,000;
although the attorney fee may be greater or less than the sums retained in trust depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty, or complexity of my case, and the amount ultimately paid or awarded.
THE JUDGE OF COMPENSATION CLAIMS (WORKERS’ COMPENSATION JUDGE) WILL MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEY’S ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and costs, or if all or part of my attorney fees and costs are paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of my attorney fees and court costs. Those circumstances are when:
a. my employer or its carrier has denied that I had an on-the-job accident or injury;
b. my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits;
*670 c. my employer or its carrier fails or refuses to pay a specific claim filed with the Division of Workers’ Compensation on or before the 21st day after receiving notice of the claim.
I understand that the recovery of attorney fees and costs in addition to my benefits may require a separate proceeding for which I may incur additional costs and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for .me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and its carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE’S RESPONSIBILITIES. I agree to promptly and fully advise my attorney as to any developments or information which may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made for me by my attorney and will submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my case with any person not specifically authorized by my attorney.
I agree to cooperate fully with my attorney.
I understand that my attorney expressly relies on the truthfulness of all statements made by me and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
5. ATTORNEY’S RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to this claim. The attorney accepts the trust provisions of this agreement and will account to the employee as to any monies received, expended, or held on the employee’s behalf at the employee’s request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute, and appoint the undersigned attorney as the employee’s agent and attorney-in-fact to act in the employee’s name, place, and stead to negotiate the employee’s workers’ compensation benefit checks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY JUDGE OF COMPENSATION CLAIMS. I understand that this agreement is binding upon signing. I authorize my attorney to submit this agreement to the judge of compensation claims for the judge’s approval.
Having read and signed this contract of representation and having discussed its provisions with my attorney, the undersigned employee jointly with the undersigned attorney moves that the judge of compensation claims approve this contract of representation. The employee waives notice of hearing and waives a formal hearing before the judge of compensation claims with respect to the approval of this contract of representation.
EMPLOYEE
WITNESS
*671 WITNESS
DATE EXECUTED: _
STATE OF
COUNTY OF
BEFORE ME,'the undersigned authority;-personally appeared - , to-me well known-to be the person described in the foregoing Contract of Representation, Power of Attorney, Trust Agreement, and Motion and-acknowledged to me that (s)he executed the same-fer the purposes contained-therein-.
IN-WITNESS WHEREOFj -I-have hereunto set my hand and official seal-tMs-day of -j-19 — r
NOTARY PUBLIC
My Commission Expires:
STATE OF FLORIDA
COUNTY OF.
The foregoing contract was acknowledged before me by .(name of employee/claimant)., who identified this instrument as.(name of instrument).. who signed the instrument willingly, and who is
Personally Known_OR Produced Identification Type of Identification Produced
(Signature of Notary Public — State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
ATTORNEY FOR THE EMPLOYEE
(c) Form of Agreement for Accidents Occurring on or after January 1,1994.
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1. AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings, and expend such monies on my behalf as my attorney may deem necessary.
2, ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at the attorney’s address.
*672 I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
20% of the first $5,000 of all benefits secured;
15% of the next $5,000 of all benefits secured;
10% of ail benefits secured thereafter until 10 years after the filing of a petition/claim;
5% of all benefits secured after the expiration of the 10-year term;
although the attorney fee may be greater or less than the sums retained in trust depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty, or complexity of my case, and the amount ultimately paid or awarded.
THE JUDGE OF COMPENSATION CLAIMS (WORKERS’ COMPENSATION JUDGE) WILL MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEY’S ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and costs, or if all or part of my attorney fees and costs are paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of my attorney fees and court costs. Those circumstances are when:
a. my employer or its carrier has denied that I had an on-the-job accident or injury;
b. my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits;
c. my employer or its carrier files a Notice of Denial with the Division of Workers’ Compensation for the benefits claimed.
I understand that the recovery of attorney fees and costs in addition to my benefits may require a separate proceeding for which I may incur additional costs and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for ail costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and its carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE RESPONSIBILITIES. I agree to promptly and fully advise my attorney as to any developments or information that may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made for me by my attorney and will submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my case with any person not specifically authorized by my attorney.
I agree to cooperate fully with my attorney.
I understand that my attorney expressly relies on the truthfulness of all statements made by me and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
*673 5. ATTORNEY RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to this claim. The attorney accepts the trust provisions of this agreement and will account to the employee as to any monies received, expended, or held on the employee’s behalf at the employee’s request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute, and appoint the undersigned attorney as the employee’s agent and attorney-in-fact to act in the employee’s name, place, and stead to negotiate the employee’s workers’ compensation benefit checks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY JUDGE OF COMPENSATION CLAIMS. I understand that this agreement is binding upon signing. I authorize my attorney to submit this agreement to the judge of compensation claims for the judge’s approval.
Having read and signed this contract of representation and having; discussed its provisions with my attorney, the undersigned employee .jointly with the undersigned attorney moves that the judge of compensation claims approve this contract of representation. The employee waives notice of hearing and waives a formal hearing before the judge of compensation claims with respect to the approval of this contract of representation.
EMPLOYEE
WITNESS
WITNESS
STATE OF FLORIDA COUNTY OF.
The foregoing contract was acknowledged before me by.(name of employee/claimant) ., who identified this instrument as. (name of instrument) ., who signed the instrument willingly, and who is
Personally Known_OR Produced Identification_ Type of Identification Produced
(Signature of Notary Public — State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
ATTORNEY FOR THE EMPLOYEE
Committee Notes
1988 Adoption. The suggested form intends to make uniform the attorney-client agreement and conform with chapter 440, Florida Statutes, as well as the trust accounting provisions applicable to attorneys, established practice, and applicable case law. It is intended to memorialize and is not meant as a substitute for advice of counsel. The form is intended for use only as to claims arising under chapter 440, Florida Statutes, and a separate agreement must be obtained for representation as to any other cause of action.
*674 1992 Amendment. The alternative form of agreement reflects the amendment to chapter 440, Florida Statutes (1989), eliminating the provision for the award of attorney fees on account of “bad faith” and substituting a timely payment requirement (the “21-day rule”). It is the view of this committee, being mindful of the customary practice under the prior (pre-1979) “21-day rule,” that many of these agreements will not be submitted to the judge for approval inasmuch as the attorney will not undertake to withhold money from the claimant’s benefits to secure the payment of a fee.
FORM 4.904. ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
[For caption and style of pleadings see form 4.901]
ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
The motion to approve the contract of representation having come before the undersigned ex parte, and having reviewed the contract of representation entered into between the attorney for the employee and the employee providing for the retention of certain monies in trust and requesting that the employer/carrier make payment of benefits to the attorney for the employee on behalf of the employee; it isy
ORDERED AND ADJUDGED:
1. That tThe contract of representation is approved and jurisdiction is reserved to enforce, modify, or rescind the contract of representation on the motion of any party or counsel. Further, that any attorney fees payable to the attorney for the employee shall constitute a lien against the employee’s benefits.
2. That-tThe attorney for the employee is directed to serve a copy of this order on the employer, its carrier (or servicing agent), and counsel of record (if any) in the manner provided in Florida Rule of Workers’ Compensation Procedure 4.061(a)4.023.
8. That tThe employer and its carrier (servicing agent) shall pay all benefits due to the employee in care of the attorney for the employee and include the name of the attorney for the employee as an additional payee on any check or draft.
4. That-tThe attorney for the employee may retain monies paid by the employee in trust subject to the final determination by the judge of compensation claims of the entitlement to the amount of attorney fees.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that the foregoing order was entered and a true copy served by mail or by hand delivery on the attorney for the employee at the address written above on __, 19_
Assistant to the
Judge of Compensation Claims
Committee Notes
1988 Adoption. The inclusion of this form is not intended to limit the discretion of the deputy commissioner in approving attorney-client agreements nor to imply that such approval is necessary.
*675 FORM 4.905. MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
[For caption and style of pleadings see form 4.901]
MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
The employee and the attorney for the employee stipulate to the payment of attorney fees and costs and jointly move for the entry of an order for the payment of the fees and costs, and in support hereof state:
1. The employee and the attorney for the employee have heretofore entered into a contract of representation which has been approved by the judge of compensation claims at the joint request of the employee and the attorney for the employee.
2. Pursuant to the contract of representation, the attorney has obtained the payment and/or the provision of benefits to the employee as follows:
COMPENSATION:
Type; Period! Amounti
1.
2.
3.
MEDICAL:
Providers Amounti
OTHER:
Description! Amounti
3. The attorney for the employee represents that the attorney has expended the following professional time on behalf of the employee with respect to this workers’ compensation claim: _hours.
4. Based on the benefits obtained and the guidelines set forth in chapter 440, Florida Statutes, the attorney for the employee is entitled to reasonable attorney fees of $-
5. The employee acknowledges the receipt of these benefits through the efforts of the attorney and waives a FORMAL HEARING before the judge of compensation claims to determine the amount of the fees and the attorney’s entitlement thereto.
6. The attorney represents to the judge of compensation claims that the attorney has obtained the aforesaid benefits for the employee. The attorney further states that the attorney has retained in trust, to secure the payment of fees pursuant to the contract of representation, the sum of $-
7. The attorney represents that the following reimbursable costs have been advanced on behalf of the employee and the employee agrees that these costs should be reimbursed to the attorney from the monies held in trust:
(amount) (description of cost) ⅛⅞-
(amount) (description of cost) •⅛⅝
8.To the extent any monies have been paid or are to be paid in trust to the attorney pursuant to the contract of representation,' the employee requests that those monies be released from trust to the extent fees and costs are awarded and paid to the attorney.
*676 WHEREFORE, the employee and the attorney for the employee jointly move for the entry of an order granting the motion.
ATTORNEY FOR EMPLOYEE
.(address).
.(telephone number)
Florida Bar No.(bar-number-)
EMPLOYEE
«tatú? rw -
nnTTMmv r>TP
BEFORE ME, the undersigned authority, personally appeared',.f-to-me-well known-to-be-the-person-described-in-lhe-f-or&going-motion and acknowledged to me that-(s)he-exeGuted-the-same-for-the-purposes-contained therein.
TN WT.TN-ERS..WH-E.R,EOE;...T-bave-aat-'m.y-ba,nd-a,iid- seal this flay of ,13
NOTARY PUBLIC My Commission Expires:
STATE OF FLORIDA COUNTY OF..
The foregoing contract was acknowledged before me by.(name of employee/claimant) ., who identified this instrument as.(name of instrument)., who signed the instrument willingly, and who is
Personally Known_OR Produced Identification Type of Identification Produced
(Signature of Notary Public — State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
Committee Notes
1995 Amendment. Editorial changes.
FORM 4.906. ORDER APPROVING ATTORNEY FEES AND COSTS
[For caption and style of pleadings see form 4.901]
ORDER FOR EX PARTE ATTORNEY FEES AND COSTS
The motion for ex parte attorney fees and costs having been considered and granted ex parte, I find-fehat:
1. tThe employee and the attorney for the employee have heretofore entered into a contract of representation.
*677 2. aAttorney fees and reimbursable costs are due to the attorney for benefits obtained within the provisions of the Florida Rules of Workers’ Compensation Procedure and chapter 440, Florida Statutes. As it appears from the pleadings that those provisions have been substantially complied with, it is:
ORDERED AND ADJUDGED:
A. The attorney fees and costs are approved as set forth in the motion.
B. The attorney may withdraw from trust sufficient sums to pay the fees and costs awarded to the attorney hereby.
C. The attorney is directed to comply with the applicable laws and provisions of the Rules Regulating The Florida Bar as they relate to trust accounting.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that the foregoing order was entered and a true copy served on the parties and counsel by mail or by hand delivery this_day of_, 19—
Assistant to the
Judge of Compensation Claims
Committee Notes
1995 Amendment. Editorial changes.
FORM 4.907. ORDER ON LEAYEMOTION TO WITHDRAW AS COUNSEL
[For caption and style of pleadings see form 4.901]
ORDER ON LEAVEMOTION TO WITHDRAW AS COUNSEL
This claim having come before the undersigned on the motion of the attorney for the employee to withdraw as attorney of record in this proceeding and it appearing that good and sufficient grounds are shown in the motion for granting the motion; it isT
ORDERED AND ADJUDGED:
1. That aAny party in interest may object in writing filed with the judge of compensation claims within 30 days of the date hereof.
2. In the absence of such objection, the motion is GRANTED and jurisdiction is reserved as to any lien for attorney fees and costs heretofore approved.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that the foregoing order was entered and a copy served on the parties and counsel by mail or by hand delivery this_day of-, 19—
Assistant to the
Judge of Compensation Claims
Committee Notes
1995 Amendment. Editorial changes.
*678 FORM 4.9075. PETITION FOR BENEFITS
(a) Petition for Benefits for Accidents Occurring on or before December 31,1993.
PETITION FOR BENEFITS FOR ACCIDENTS OCCURRING ON OR BEFORE DECEMBER 31,1993
Under the Florida Workers’ Compensation Law Florida Department of Labor and Employment Security
Division of Workers’ Compensation For Assistance Call 1-800-342-1741
COMPLETE ALL APPLICABLE SECTIONS BEFORE FILING TWO COPIES WITH THE DIVISION
SECTION A: INJURED EMPLOYEE INFORMATION: (If occupational disease or prolonged exposure, use the last date of injurious exposure, or the date disability began as Date of Accident. Only one accident date may be addressed per petition form.)
L Name (first, middle initial, last)_
2. Social Security Number_
3. Date of Accident_/_/
4.Address_
Number and Street Suite or Apt. #
City State Zip Code
5. Day Telephone Number ( )_
6. Date First Obtained Attorney Representation_/_/_
SECTION B: PETITIONER INFORMATION. Complete only if different from injured employee information.
1.Petitioner
2. Social Security Number_
3. Day Telephone Number ( )_
4. Address_
Number and Street Suite or Apt. #
City State Zip Code
SECTION C: EMPLOYER INFORMATION.
L Employer_
2. Telephone Number ( )_
3. Address
Number and Street Suite or Room
*679 City State Zip Code
SECTION D: CARRIER INFORMATION.
L Insurance Carrier or Servicing: Agent
2. Telephone Number ( )_
3. Address_
Number and Street Suite or Room
City State Zip Code
SECTION E: DESCRIPTION OF INJURY.
L Location where injury occurred: County_
City_State
2. Detailed description of injury and cause.
A. What part of your body was injured?
B. Briefly describe what caused the injury. For example, were you struck by some object? Did you fall? Did you strain yourself? Were you exposed to some toxic substance or some job-related disease?
SECTION F: DESCRIPTION OF JOB, WORK RESPONSIBILITIES, AND THE WORK BEING PERFORMED WHEN INJURY OCCURRED.
L Job description_
2. Work responsibilities
3. Description of work being performed when injury occurred
SECTION G: PETITION FOR BENEFITS. The above-named (circle one) (injured employee), (surviving spouse, child(ren)), (parents, brothers, sisters), (medical provider), (or other affected party) petitions the judge of compensation claims for an order requiring the employer/carrier/servicing agent (E/C) (E/SA) to provide the following benefits: * * *SPECIAL NOTE: If the injured employee seeks medical benefits only, so indicate. If the petition is for death benefits under section 440.16, Florida Statutes, items 1 through 4 of this section should be disregarded.
*680 This petition is for medical benefits only_. (yes or no).
L Jurisdiction: The judge has jurisdiction over the parties and the subject matter of this petition.
2. Employee Assistance and Ombudsman Office (EAO) unable to resolve dispute. The subject matter of this petition was presented to the EAO created under section 440.191, Florida Statutes, in a good-faith effort to resolve the disagreements between the parties. The Request for Assistance was dated / / . Despite these efforts, the matters were not resolved for one of the following reasons:
_(A) The informal dispute resolution process has been concluded,
_(B) The EAO has considered the matter and waived further action,
_(C) The parties were unable to resolve the dispute within 30 days after the request for assistance was made to the EAO,
_(D) The petition includes a claim for medical benefits and the employer has elected to provide such benefits under a managed care plan and is exempt from EAO consideration,
_(E) The dispute is subject to the terms of a collective bargaining agreement between the petitioner and the employer and is exempt from EAO consideration under section 440.211, Florida Statutes.
3. Maximum medical improvement (MMI). The injured employee (has) (has not) reached MMI. According to Doctor, MMI was reached on, 19
4. Character of disability. The (injury) (injuries) occasioned by the events described above (has) (have) adversely affected the injured employee’s capacity to earn in the same or any other employment the wages that he or she was receiving at the time of the injury. Specifically, the injury prevents the injured employee from: (Briefly describe below how the injury or occupational disease limits or prevents the injured employee from earning wages equal to the preinjury wages.)
5.Benefits claimed due and not provided. The (employer) (E/C) (E/SA) (has) (have) failed to provide the following benefits, which are in default and are presently ripe, due, and owing. (Check appropriate items.)
_(A) (1) Temporary total disability benefits from_to_at a compensation rate of $ per week.
(2) Temporary total disability benefits, under section 440.15(2)(b), Florida Statutes (1979) or (1990) (circle appropriate date), from the date of the accident to_. (Not to exceed 6 months.)
_(B) Temporary partial disability benefits from_to_at a compensation rate of $ per week.
__(C) Impairment benefits due under section 440.15(3)(a), Florida Statutes (1979) or (1990)$ :
(1) The permanent impairment due to the injury is_% of the whole body under the (AMA) (Minnesota) (Division) Guides.
(2) These benefits are based on:
*681 _ (a) Permanent impairment due to the total loss of use of (body part affected.)
_ (b) Permanent impairment due to amputation of_ (body part amputated after July 1,1990.)
_ (c) Permanent impairment due to the loss of 80% vision of either eye after correction.
_ (d) Serious facial injury or head disfigurement.
(D) Wage-loss benefits payable under section 440.15(S)(b), Florida Statutes (1979) or (1990) from_to_at a rate of $per week. If the petitioner had earnings during the foregoing period of time, attach a list of the earnings on a biweekly basis or attach wage-loss request forms.
(E) Permanent total disability under section 440.15(1), Florida Statutes, from to the present and continuing at a rate of $per week. These benefits are in default and are presently ripe, due, and owing.
(F) Death benefits payable under section 440.16, Florida Statutes.
(G) Correction of AWW and resulting compensation rate. Basis:
(H)Medical expenses incurred for treatment of the employee’s injury as provided under section 440.13(2), Florida Statutes. The employee has specifically requested the payment of the charges, but the (employer) (E/C) (E/SA) (has) (have) failed, refused, or neglected to do so within a reasonable time. The following medical charges have not been paid (for numerous unpaid charges, a schedule in the following format may be attached):
Name of Provider Number and street
City, State, and Zip Code
Date of treatment Amount due
Date of treatment Amount due
Date of treatment Amount due
Name of Provider Number and street
City, State, and Zip Code
Date of treatment Amount due
*682 Date of treatment Amount due
Date of treatment Amount due
__ (I) Remedial or palliative care under the supervision of doctor(s):
The employee has previously specifically requested the treatment, but the (employer) (E/C) (E/SA) (has) (have) failed, refused, or neglected to provide * the treatment within a reasonable time.
(1)The injured employee seeks
(Type or nature of medical treatment sought).
(2) The treatment is needed because_
(Justification for such medical treatment).
(J)Medically necessary (professional) (nonprofessional) attendant care (performed) (to be performed) at the direction of a physician. The employee has previously specifically requested the attendant care, but the (employer) (E/C)(E/SA) (has) (have) failed, refused, or neglected to provide the care within a reasonable time.
(1) The injured employee seeks.
(Type or nature of medically necessary attendant care sought).
(Justification for such attendant care).
(K) Transportation and/or mileage costs $_.
(L) Rehabilitative temporary total compensation under section 440.491(6)(b), Florida Statutes, from to at a rate of $ per week. In support thereof, the injured employee further states as follows:
_ (1) The employee has reached MMI.
_ (2) As authorized under section 440.491(6)(a), Florida Statutes, the division has approved the injured employee for training and education to obtain suitable gainful employment and is receiving such training and education.
_ (3) (Optional) In addition to the temporary total compensation referenced above, the injured employee also required temporary residence at or near the facility or institution(s) providing training and education which is located more than 50 miles away from the employee’s customary residence.
(M)Attorney fees and costs under section 440.34(3)(a)-(d), Florida Statutes. The statutory basis for the fee is~
*683 _(N) Statutory penalties and interest:
(1) Statutory penalty on past-due indemnity benefits. $_
(2) Statutory interest on all past-due benefits. $_
SECTION H: TOTAL DENIAL OF COMPENSABILITY OR OTHER ISSUE NOT REFERENCED ABOVE.
_L The employer/carrier/servicing agent has denied the compensability of the claim..
_2. Give a specific explanation of any other issues the judge should consider in connection with the benefits claimed in this petition that were not referenced above.
SECTION I: CERTIFICATE OF PETITIONER OR PETITIONER’S ATTORNEY (SECTION 440.192(4), FLORIDA STATUTES) AND PETITIONER’S ATTESTATION (SECTION 440.105(7), FLORIDA STATUTES).
I, or
(print or type name of petitioner)
_hereby certify
(print or type name of petitioner’s attorney)
that a good-faith effort was made to resolve the dispute and that (he) (she) was unable to resolve the dispute with the employer/carrier/servicing agent. In accordance with section 440.192(1), Florida Statutes, a copy of this petition for benefits has been served by certified mail on the injured worker’s employer and the employer’s carrier, and the original and one copy on the Division of Workers’ Compensation in Tallahassee on_, 19 . The petitioner further attests that (he) (she) has reviewed, understands, and acknowledges the following notice: Any person who, knowingly and with intent to injure, defraud, or deceive any employer or employee, insurance company, or self-insured program, files a statement of claim containing any false or misleading information is guilty of a felony of the third degree.
Signature of Petitioner
Signature of Attorney for Petitioner
.(address).
.(telephone number).
Florida BarNo.
THE ORIGINAL AND ONE COPY OF THIS PETITION MUST BE FILED WITH:
Division of Workers’ Compensation 2728 Centerview Dr., Suite 220, Forrest Building Tallahassee, FL 32399-0685
(b) Petition for Benefits for Accidents Occurring on or after January 1,1994.
PETITION FOR BENEFITS FOR ACCIDENTS OCCURRING ON OR AFTER JANUARY 1,1994
Under the Florida Workers’ Compensation Law Florida Department of Labor and Employment Security Division of Workers’ Compensation
For Assistance Call 1-800-342-1741 COMPLETE ALL APPLICABLE SECTIONS BEFORE FILING TWO COPIES WITH THE DIVISION
*684 SECTION A: INJURED EMPLOYEE INFORMATION: (If occupational disease or prolonged exposure, use the last date of injurious exposure, or the date disability began as Date of Accident. Only one accident date may be addressed per petition form.)
L Name (first, middle initial, last) _
2. Social Security Number_
3. Date of Accident_/_/_
4.Address_ Number and Street . Suite or Apt. #
City State Zip Code
6. Day Telephone Number ( )_
6. Date First Obtained Attorney Representation_/_/_
SECTION B: PETITIONER INFORMATION. Complete only if different from injured employee information.
1.Petitioner _
2.Social Security Number
3. Day Telephone Number ( )_
4. Address_ Number and Street Suite or Apt. #
City State Zip Code
SECTION C: EMPLOYER INFORMATION.
L Employer_
2. Telephone Number ( )_
3. Address_
Number and Street Suite or Room
City State Zip Code
SECTION D: CARRIER INFORMATION.
L Insurance Carrier or Servicing Agent
2. Telephone Number ( )_
3. Address_ Number and Street Suite or Room
City State Zip Code
*685 SECTION E: DESCRIPTION OF INJURY.
1. Location where injury occurred: County_
City_State
2. Detailed description of injury and cause.
A. What part of your body was injured?
B. Briefly describe what caused the injury. For example, were you struck by some object? Did you fall? Did you strain yourself? Were you exposed to some toxic substance or some job-related disease?
SECTION F: DESCRIPTION OF JOB, WORK RESPONSIBILITIES, AND THE WORK BEING PERFORMED WHEN INJURY OCCURRED.
L Job description_.
2. Work responsibilities_
3. Description of work being performed when injury occurred
SECTION G: PETITION FOR BENEFITS. The above-named (circle one) (injured employee), (surviving spouse, child(ren)), (parents, brothers, sisters), (medical provider), (or. other affected party) petitions the judge of compensation claims for an order requiring the employer/carrier/servicing agent (E/C) (E/SA) to provide the following benefits:
* * *SPECIAL NOTE: If the injured employee seeks medical benefits only, so indicate. If the petition is for death benefits under section 440.16, Florida Statutes, items 1 through 4 of this section should be disregarded.
This petition is for medical benefits only_. (yes or no).
L Jurisdiction: The judge has jurisdiction over the parties and the subject matter of this petition.
2. Employee Assistance and Ombudsman Office (EAO) unable to resolve dispute. The subject matter of this petition was presented to the EAO created under section 440.191, Florida Statutes, in a good-faith effort to resolve the disagreements between the parties. The Request for Assistance was dated_/ / . Despite these efforts, the matters were not resolved for one of the following reasons:
_(A) The informal dispute resolution process has been concluded,
_(B) The EAO has considered the matter and waived further action,
_(C) The parties were unable to resolve the dispute within 30 days after the request for assistance was made to the EAO,
_(D) The petition includes a claim for medical benefits and the employer has elected to provide such benefits under a managed care plan and is exempt from EAO consideration,
*686 _(E) The dispute is subject to the terms of a collective bargaining agreement between the petitioner and the employer and is exempt from EAO consideration under section 440.211, Florida Statutes.
3. Maximum medical improvement (MMI). The injured employee (has) (has not) reached MMI. According to Doctor, MMI was reached on, 19
4. Character of disability. The (injury) (injuries) occasioned by the events described above (has) (have) adversely affected the injured employee’s capacity to earn in the same or any other employment the wages that he or she was receiving at the time of the injury. Specifically, the injury prevents the injured employee from: (Briefly describe below how the injury or occupational disease limits or prevents the injured employee from earning wages equal to the pre-injury wages.)
5.Benefits claimed due and not provided. The (Employer) (E/C) (E/SA) (has) (have) failed to provide the following benefits that are in default and are presently ripe, due, and owing. (Check appropriate items.)
_(A) (1) Temporary total disability benefits from_to_at a compensation rate of $ per week.
_ (2) Temporary total disability benefits under section 440.15(2)(b), Florida Statutes, from_to_at a compensation rate of $ per week
_(B) Temporary partial disability benefits from_to_at a compensation rate of $ per week.
_(C) Impairment income benefits due under section 440.15(3)(a), Florida Statutes, from to at a compensation rate of $ ~ These benefits are based on an impairment rating of_% of the whole body as determined under section 440.15(3)(a)2, Florida Statutes.
_(D) Supplemental benefits payable under section 440.15(3)(b), Florida Statutes, from_to_, These benefits are based on the following:
(1) An impairment rating of 20% or more as determined under section 440.15(3)(a)2, Florida Statutes;
(2) The fact that the injured employee has not returned to work, or has returned to work earning less than 80% of his or her average weekly wage; and
(3) The injured employee has, in good faith, attempted to obtain employment commensurate with his or her ability to work.
_(E) Permanent total disability benefits under section 440.15(1), Florida Statutes, from to the present and continuing at a rate of $ per week. These benefits are in default and are presently ripe, due, and owing.
._(F) Death benefits payable under section 440.16, Florida Statutes.
_(G) Correction of AWW and resulting compensation rate. Basis:_
(H) Medical expenses incurred for treatment of the employee’s injury as provided under section 440,13(2), Florida Statutes. The employee has specifically requested the payment of the charges, but the (employer) (E/C) (E/SA) (has) (have) failed, refused, or neglected to do so within a reasonable time. The *687 following medical charges have not been paid (for numerous unpaid charges, a schedule in the following format may be attached):
Name of Provider Number and Street
City, State, and Zip Code
Date of treatment Amount due
Date of treatment Amount due
Date of treatment Amount due
Name of Provider Number and Street
City, State, and Zip Code
Date of treatment Amount due
Date of treatment Amount due
Date of treatment Amount due
_(I) Remedial or palliative care under the supervision of doctor(s):
The employee has previously specifically requested the treatment, but the (employer) (E/C) (E/SA) (has) (have) failed, refused, or neglected to provide the treatment within a reasonable time.
(1) The injured employee seeks
(Type or nature of medical treatment sought).
(2) The treatment is needed because
(Justification for such medical treatment).
(J) Medically necessary (professional) (nonprofessional) attendant care (performed) (to be performed) at the direction of a physician. The employee has previously specifically requested the attendant care, but the (employer) (E/C) (E/SA) (has) (have) failed, refused, or neglected to provide the care within a reasonable time. The injured employee seeks (describe type or nature of medically necessary attendant care sought)
*688 Justification for such attendant care.
(K) Transportation and/or mileage costs $_.
(L) Rehabilitative temporary total compensation under section 440.491(6)(b), Florida Statutes, from to at a rate of $ per week. In support thereof, the injured employee further states as follows:
_(1) The employee has reached MMI.
_(2) As authorized under section 440.491(6)(a), Florida Statutes, the division has approved the injured employee for training and education to obtain suitable gainful employment and is receiving such training and education.
__(3) (Optional) In addition to the temporary total compensation referenced above, the injured employee also required temporary residence at or near the facility or institution(s) providing training and education which is located more than 50 miles away from the employee’s customary residence.
(M) Attorney fees and costs under section 440.34(3)(a)-(d), Florida Statutes. The statutory basis for the fee is:
_(N) Statutory penalties and interest:
(1) Statutory penalty on past-due indemnity benefits. $_
(2) Statutory interest on ail past due benefits. $_
SECTION H: TOTAL DENIAL OF COMPENSABILITY OR OTHER ISSUE NOT REFERENCED ABOVE.
_L The employer/carrier/servicing agent has denied the compensability of the claim.
_2. Give a specific explanation of any other issues the judge should consider in connection with the benefits claimed in this petition that were not referenced above.
SECTION I: CERTIFICATE OF PETITIONER OR PETITIONER’S ATTORNEY (SECTION 440.192(4), FLORIDA STATUTES) AND PETITIONER’S ATTESTATION (SECTION 440.105(7), FLORIDA STATUTES).
R_or
(print or type name of petitioner)
_hereby certify
(print or type name of petitioner’s attorney)
that a good-faith effort was made to resolve the dispute and that (he) (she) was unable to resolve the dispute with the employer/carrier/servicing agent. In accordance with section 440.192(1), Florida Statutes, a copy of this petition for benefits has been served by certified mail on the injured worker’s employer and the employer’s carrier, and the original and one copy on the Division of Workers’ Compensation in Tallahassee on_, 19 . The petitioner further attests that (he) (she) has reviewed, understands, and acknowledges the following notice: Any person who, knowingly and with intent to injure, defraud, or deceive *689 any employer or employee, insurance company, or self-insured program, files a statement of claim containing any false or misleading information is guilty of a felony of the third degree.
Signature of Petitioner
Signature of Attorney for Petitioner
.(address).
.(telephone number).
Florida Bar No.
THE ORIGINAL AND ONE COPY OF THIS PETITION MUST BE FILED WITH:
Division of Workers’ Compensation 2728 Centerview Dr., Suite 220, Forrest Building Tallahassee, FL 32399-0685
FORM 4.9085. NOTICE OF MEDIATION CONFERENCE AND ORDER
[For caption and style of pleadings see Form 4.901.]
NOTICE OF MEDIATION CONFERENCE AND ORDER
In accordance with section 440.25(1), Florida Statutes, 1994, and Florida Rules of Workers’ Compensation Procedure 4.300-4.380, a mediation conference will be held be-fore_, Mediator, at.(location of hearing).in the above case on:
DATE:TIME:
1. THE FOLLOWING PEOPLE MUST ATTEND THE MEDIATION CONFERENCE:
A. petitioner;
B. claims representative of the carrier/servicing agent, who must have full authority to settle the issues for which a petition was filed;
C. employer, if uninsured;
D. insured or self-insured employer, if the carrier/servicing agent does not have full authority to settle the issues for which the petition was filed; and
E. attorneys for the parties.
2. The appearance of an attorney for a party does not dispense with the required attendance of the parties themselves.
3. No party may appear at the mediation conference by telephone unless such appearance is approved in advance by the mediator.
4. A party’s failure to attend the mediation conference without good cause shown or appearance without full authority to resolve the issues may subject the party to sanctions such as the .judge of compensation claims shall deem appropriate and may include certification for contempt, dismissal of the petition, striking of defenses, and imposition of costs and attorney fees.
5. If the issues in dispute are not resolved within 10 days of the commencement of the mediation conference, the mediator will so notify the judge of compensation claims, and a *690 pretrial hearing will be scheduled, with at least 7 days advance notice of the date, time, and place of the pretrial being mailed to the parties.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that the foregoing Notice of Mediation Conference and Order was served by mail or by hand delivery on the parties, if unrepresented, and counsel at the address written above on, 19
Assistant to the
Judge of Compensation Claims
FORM 4.909. NOTICE OF FINAL HEARING AND PRETRIAL CONFERENCE
[This form should be used for final merit hearings. Section 440.25(3-)(-b)2(4)(a), Florida Statutes, mandates a pretrial hearing in all cases.]
[For caption and style of pleadings see form 4.901]
NOTICE OF FINAL HEARING AND PRETRIAL CONFERENCE
TO THE PARTIES, IF UNREPRESENTED, AND COUNSEL ADDRESSED:
As authorized under section 440.25(34), Florida Statutes, and Florida Rules of Workers’ Compensation Procedure 4;080(a)4.045 and 4.1004.085, a trial (final -hearing) and a-pretrial hearing and a trial (final hearing) will be held in this claim. If the total benefits claimed in the petition are $5,000 or less, the claim is subject to the expedited dispute resolution process of section 440.25(4)(j), Florida Statutes. To receive expedited resolution, either party must submit an application for expedited hearing within 15 days of the date of this notice. Expedited dispute resolution is available for claims over $5,000 if all parties submit a .joint application -within 15 days of the date of this notice.
The pretrial hearing will be held in this claim at:
at_,_M., on_, 199.
The final hearing will be held in this claim at:
at_,_M., on_, 199-
SUBJECT OF THE FINALPRETRIAL HEARING AND THE PRETRIALFINAL HEARING:
Please note the following important instructions.
a. Notice of trial (final hearing) and pretrial proceedings. Pursuant to the foregoing notices a trial (final hearing) and a pretrial proceeding will be held in this claim.
*691 b. Pretrial questionnaire and procedure for waiver of pretrial hearing. A pretrial questionnaire as set forth in Florida Rule of Workers’ Compensation Procedure 4.910 must be completed, filed, and served on all appropriate parties on or before the date of the pretrial eonference-(-hearing) noticed herein. A live pretrial conferencehearing may be waived only if all parties are represented by counsel or by express permission of the judge of compensation claims. In the event of such a waiver, the pretrial questionnaire must be completed and filed with the judge of compensation claims on or before the date of the pretrial conference ^hearing) noticed herein.
c. Telephone pretrial hearings. If a live pretrial hearing is required, a telephone hearing can be held if the party requesting the telephone hearing makes prior arrangements with the office of the judge of compensation claims.
d. Pretrial hearing. The parties must file composites of the medical reports of all authorized physicians at the pretrial hearing or 30 days before the final hearing. All witnesses must be identified at the pretrial hearing or 30 days before the final hearing.
d:e. Witnesses, Documentary Evidence, and Sanctions for Noncompliance. No witnesses will be heard at a pretrial conferencehearing. However, all documentary evidence including medical bills and reports in the possession of the parties must be available at any pretrial conferencehearing. Failure to comply in good faith with the pretrial procedure shall result in sanctions as provided under Florida Rule of Workers’ Compensation Procedure 4.150.
ef. Final Hearing, Witnesses, and Subpoenas. At the final hearing, the parties must arrange to have all witnesses present to promptly testify at the time and place noticed above. Subpoenas will be issued on request of the parties or their counsel.
fg. Subpoenaed Witnesses — Failure to Appear, Sanctions. If any party or legally subpoenaed witness fails to appear at the time and place set for this hearing, sanctions under rule 4.150 may be imposed or punitive actions authorized under section 440.33, Florida Statutes, may be instigated.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that a copy of the foregoing notice was mailed or delivered to the above-named parties on_, 19_
Assistant to the
Judge of Compensation Claims
THIS IS THE ONLY NOTICE OF HEARING AND PRETRIAL CONFERENCE YOU WILL RECEIVE.
FORM 4.9091. APPLICATION FOR EXPEDITED HEARING
[For caption and style of pleadings, see form 4.901.]
APPLICATION FOR EXPEDITED HEARING PURSUANT TO SECTION 440.25(4)(i), FLORIDA STATUTES
The (claimant) (employer/carrier/servicing agent) (applies) (apply) for an expedited hearing pursuant to section 440.25(4)(j), Florida Statutes, and show(s) the court as follows:
L A petition for benefits is properly pending before this court, having been filed on_. A copy is attached and made a part of this application.
*692 2. This cause previously has been the subject of a mediation conference, having been mediated by the_on_, more than 10 days before the filing of this application.
3. The issues in controversy have a value of $5,000 or less, excluding costs or attorney fees, and are composed of the following; elements:
A. Past medical charges in issue:
ÍD_£
m_£
(iii)I£
Total:£
B. Compensation in issue:
(i) TTD/TPD:_to_ _£
(ii) W/L:_to_ 1
Total:£
C. Other (excluding costs and attorney fees):
ii)_£
m£
Total:£
D. Total-amount in controversy: $_
4. The issues presented in this cause are proper for expedited hearing under section 440.25(4)(j), Florida Statutes.
6. The opposing party (has) (has not) been contacted and (does) (does not) agree to an expedited hearing.
6. If the amount in controversy exceeds $5,000 and the parties agree to expedited dispute resolution under section 440.25(4)(j), Florida Statutes, both parties, or their counsel, must sign this application.
Wherefore, (the claimant) (the employer/carrier/servicing agent) (both parties) (applies) (apply) for an expedited hearing in this cause.
Attorney for the claimant_Attorney for the E/C/SA
I HEREBY CERTIFY that the original of this application was filed with the Office of the Judge of Compensation Claims in_,_County, Florida, by regular mail on_, 19 , and that copies were mailed to the parties and their attorneys.
Attorney for Applicant
FORM 4.9092. NOTICE OF EXPEDITED HEARING AND ORDER
[For caption and style of pleadings, see Form 4.901.]
*693 NOTICE OF EXPEDITED HEARING AND ORDER
TO THE PARTIES. IF UNREPRESENTED, AND COUNSEL ADDRESSED:
As authorized under section 440.25(4)Ci), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.105, an expedited hearing will be held in this matter.
The final hearing will be held in this claim at_¡_County, Florida.
Date of Final Hearing:_
Filing Date For Pretrial Outline:
Please note the following important instructions:
a. Notice of final hearing. Pursuant to the foregoing notice, a final hearing will be held in this matter.
b. Pretrial outline. Pursuant to the foregoing notice, a pretrial outline shall be filed with the .judge and a copy served on the opposing party. There shall be attached to the pretrial outline a composite that shall include the following:
L Statement of the facts. The statement shall include references to the specific pages in the deposition testimony of witnesses as well as a suggestion of the expected testimony of those witnesses who will be called to testify at the hearing.
2. Memorandum of law. The memorandum shall include relevant case citations as well as copies of the cases cited.
3. Attachments. A complete composite of the records of the medical advisor appointed by the judge or the division, any IME physicians, and any other authorized providers shall be attached. There shall also be attached any depositions or other documentary items on which a party will rely to establish the case. The pages of the composite shall be numbered and the composite shall be preceded by an abstract referencing and synthesizing those portions of the records on which the tiling party relies. No additional records, depositions, or documentary evidence will be admitted at the time of the hearing.
c. Final hearing, witnesses, and subpoenas. At the final hearing, the parties must arrange to have all witnesses present or available to testify at the time and place noticed above. The final hearing will not exceed 30 minutes in length. The employer/carrier may be represented by an adjuster or other qualified representative. Subpoenas will be issued on request of the parties or their counsel.
d. Subpoenaed witnesses — failure to appear, sanctions. If any party or legally subpoenaed witness fails to appear at the time and place set for this hearing, sanctions under rule 4,150 may be imposed or punitive actions authorized under sections 440.32 and 440.33, Florida Statutes, may be initiated.
e. All previously scheduled final hearings and pretrial hearings are canceled.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the .judge of compensation claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on, 19
*694 Assistant to the
Judge of Compensation Claims
THIS IS THE ONLY NOTICE OF EXPEDITED HEARING YOU WILL RECEIVE.
FORM 4.910. UNIFORM PRETRIAL STIPULATION AND PRETRIAL COMPLIANCE QUESTIONNAIRE
(a) Form for Pretrial Stipulation and Pretrial Compliance Questionnaire.
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
.(NAME) ... .(NAME).
.(ADDRESS) .(ADDRESS).
CLAIMANT: ATTORNEY FOR CLAIMANT:
.(NAME) ... .(NAME).
.(ADDRESS) .(ADDRESS).
EMPLOYER: ATTORNEY FOR EMPLOYER/CARRIER:
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
CARRIER (SERVICING AGENT): CLAIM NUMBER:
.(NAME). DATE OF ACCIDENT:
UNIFORM PRETRIAL STIPULATION AND PRETRIAL COMPLIANCE QUESTIONNAIRE
As authorized under Florida Rule of Workers’- Compensation Procedure 4.400045, and as ordered by the judge of compensation claims, the parties hereby provide the following information and make the following stipulations:
I.STIPULATIONS
1. Date of accident(s):
Employee: _
E/C/SA: _
2. Place of accident(s) (or, if agreed, eounty/venue):
Employee: -
E/C/SA: _
3. Final hearing scheduled:
Date: _
Time: _
Place: _
*695 4. Employer/employee relationship on date of accident:
E/C/SA: (circle one) yes no
5. Workers’ compensation insurance coverage in effect on date of accident:
E/C/SA: (circle one) yes no
6. Accident or occupational disease accepted as compensable:
E/C/SA: (circle one) • yes no
7. Injuries or conditions accepted as compensable:
E/C/SA: (circle one) yes no
8. Timely notice of accident, injury, or occupational disease: Employee (date notice given):
E/C/SA: (circle one) yes no
9.Timely notice of pretrial and final hearing:
Employee: (circle one) yes no
E/C/SA: (circle one) yes no
10. Jurisdiction of judge of compensation claims over the subject matter and parties:
Employee: (circle one) yes no
E/C/SA: (circle one) yes no
11. Average weekly wage (AWW):
Employee: (a) Base wage_
(b) Fringe benefits_
(c) Total_
(d) Compensation rate_
(e) 80% of AWW_ •
(f) Concurrent earnings
E/C/SA: (a) Base wage_
(b) Fringe benefits_
(c) Total_
(cD Compensation rate_
(e) 80% of AWW_
(f) Concurrent earnings
NOTE: If there is a dispute as to the AWW, each party shall attach copies of all relevant records, and the E/C/SA within 5 working days from the date of this orderstipulation should submit a wage statement. If there is a dispute as to the concurrent earnings, the claimant shall attach copies of all relevant records and submit a wage statement within 5 working days from the date of this stipulation)
12. Date(s) notice(s) to controvert filed:
Employee: date: _
date: _
date: _
E/C/SA: date: _
date: _
date: _
*696 13. Maximum medical improvement, if reached, giving date, name of physician, and impairment rating:
Employee: date: -
doctor: --
rating: -
E/C/SA: date: _
doctor:-
rating: -
14. If medical benefits under section 440.13, Florida Statutes, (medieals)-are determined to be due or stipulated due herein, the parties agree that the exact amounts payable to health care providers will be handled administratively and medical bills need not be placed into evidence at trial.
Employee: (circle one) yes no
E/C/SA: (circle one) yes no
15. Medical treatment authorized: _
16.Classification and periods of time for which benefits were paid:
17. Date claim filed with division:
Employee: _
E/C/SA: (circle one) yes no
18. Attorney fees. Evidence as to amount by (circle one):
Employee: affidavit hearing
E/C/SA: affidavit hearing
NOTE: If the amount is to be determined at a hearing, under rule 4.144 the verified petition for fees must be filed 30 days before the hearing and the reply must be filed 20 days before the hearing.
19. Other Stipulations: -
II. CLAIMS AND DEFENSES
1. Employee: List each type, period, provider, and amount of benefits or other issues to be tried at the final hearing (TTD, TPD, or WAGE LOSS claimed to (date) -):
2. Employer/carrier/Servicing Agent: List each defense or other issue to be tried at the final hearing: ----
*697 NOTE: THE JUDGE OF COMPENSATION CLAIMS RESERVES THE RIGHT TO IMPOSE SANCTIONS FOR FAILURE TO SPECIFICALLY ANSWER THE FOREGOING IN GOOD FAITH. A REFERENCE TO ANOTHER PLEADING OR TO A GENERAL CLASS OF BENEFITS IS INSUFFICIENT. ANY ISSUES NOT SPECIFICALLY RAISED IN THIS SECTION WILL BE DEEMED WAIVED OR ABANDONED UNLESS GOOD CAUSE IS SHOWN.
III. WITNESSES AND EVIDENCE
1. List witnesses to testify live, by telephone, or by deposition. Final witness lists and medical composites must be served on opposing parties and filed with the judge no later than_days before the final hearing. Depositions should be filed (check one) _at the time of the final hearing or_days before the final hearing.
Claimant: Depo [ '] [ ] [ ] [ ] Live [ ] [ ] [ ] [ ] Phone [ ] [ ] [ ] [ ]
Employer/Carrier/Servicing Agent: Depo Live Phone [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ J [ ] [ ] [ ] [ ]
2. Attach copies of all documentary evidence (including medical and rehabilitation reports and bills) to be used at the final hearing if not previously furnished to opposing party or counsel. If previously furnished, identify the documentary evidence to be introduced at the final hearing in a separate schedule attached to this compliance. Each party must indicate any documents NOT stipulated into evidence without sworn proof.
Documentary Evidence Listed Below:
(a) Claimant
E/C/SA E/C/SA
Disagree Agree
(1) -
(2) -
(3) -
(4) -
(b) Employer/carrier/servicing agent
Claimant Claimant
Disagrees Agrees
(1)
(2)
(3)
(4)
3. Estimated time of final hearing. Note: judge of compensation claims normally allots _hours for a routine hearing.
Employee: _ E/C/SA:
Total estimated time: _
*698 THE OFFICE OF THE JUDGE OF COMPENSATION CLAIMS MUST BE NOTIFIED BY TELEPHONE OR BY SEPARATE LETTER IMMEDIATELY IF THE FINAL HEARING WILL REQUIRE MORE THAN_HOUR(S).
4. Does either party request additional mediation? (circle one)
Employee: yes no_E/C/SA: yes no
5. Does either party agree to provide a court reporter? (circle one)
Employee: yes no_E/C/SA: yes no
Name of court reporter:
IV. ATTORNEYS’ CERTIFICATE AND MOTION
We certify that we have personally discussed the pretrial stipulations and the issues raised by the petition and have been unable to resolve the issues.
Pursuant to section 440.29(4), Florida Statutes, we,.(names)., move into evidence all medical reports of authorized physicians exchanged to the time of the pretrial hearing or served on opposing counsel at least 30 days before the final hearing.
_ Date: _ Employee
_ Date:
Attorney for Employee
.(address).
.(telephone number).
Florida Bar No.(bar number).
_ Date:
Employer/Carrier/Servicing Agent
_ Date:_
Attorney for Employer/Carrier/Servicing Agent
.(address).
.(telephone number).
Florida Bar No.(bar number).
NOTE: CERTIFICATION OF SERVICE. If the completed stipulation is hand delivered, mailed, or delivered by facsimile machine, a certificate of service to the parties as provided under Florida Rule of Workers’ Compensation Procedure 4.030(b)(2)(c)T should be completed before filing. If the following optional order approving the stipulation is used, the certificate of service will be signed by and mailed, or hand delivered, or delivered by facsimile machine by the assistant to the judge of compensation claims.
V. PRETRIAL ORDER (optional)
The above pretrial stipulation and pretrial compliance questionnaire is hereby approved and accepted.
1. If done by mail, it is the responsibility of the claimant’s counsel to see that a single pretrial questionnaire is completed and executed by all counsel and filed with the ,iudge before the time noticed for the pretrial hearing; otherwise, personal appearance by all counsel is mandatory. Attendance is mandatory in all cases if the claimant is unrepresented.
*699 2.All depositions that are to be considered by the judge and received into evidence must be filed
days before the final hearing or
at the time of the final hearing.
unless waived by the .judge.
3. Upon the motion of one or more parties, all medical reports of authorized physicians exchanged at the time of the pretrial hearing or served on opposing counsel at least 30 days before the final hearing and filed with the .judge accordingly are admitted into evidence. All such medical composites shall be tabulated and indexed. The parties are urged to provide the .judge with a single composite.
4. The above stipulations of the parties are accepted and approved by the undersigned.
5. The final hearing is hereby scheduled as noted above.
DONE AND ORDERED in (city) _, (county) _, Florida, this.day of ,10 = on.(date).
Judge of Compensation Claims
I CERTIFY that a copy of the foregoing stipulation was mailed, or hand delivered, or delivered by facsimile machine to the above-named parties and counsel on _, 19_
Assistant to the
Judge of Compensation Claims
(b) Form for Supplemental Stipulations and Final Witness List.
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
CLAIMANT: ATTORNEY FOR CLAIMANT:
[If other than Employee.]
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
EMPLOYER: ATTORNEY FOR
EMPLOYER/CARRIER:
.(NAME). .(NAME) ....
.(ADDRESS). .(ADDRESS)
CARRIER (SERVICING AGENT): CLAIM NUMBER:
(NAME) DATE OF ACCIDENT:
*700 .(ADDRESS).
SUPPLEMENTAL STIPULATIONS AND FINAL WITNESS LISTS
The pretrial stipulation and pretrial questionnaire is hereby supplemented as follows:
I. STIPULATIONS
1. _ 2. -
II. WITNESSES & EVIDENCE
1. The following additional witnesses will testify live, by telephone, or by deposition (check one only):
Claimant: Depo Live • Phone
_ [ ] _ [ ] - [ ] _ [ ] _ [ ] [ 1 [ ] [ ] [ ] [ 1 [ ] [ ] [ ] [ ] [ ]
Employer/Carrier/Servicing Agent: Depo Live Phone
_ [ ] _ [ ] _ [ ] _ [ ] _ [ ] [ ] L 1 [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ 1
2. Additional Documentary Evidence Listed Below:
(a) Claimant E/C/SA E/C/SA
Disagree Agree
(1) -
(2) -
(b) Employer/Carrier/Servicing Agent
Claimant Claimant
Disagrees Agrees
(1)
(2)
_ Date:
Employee
Attorney for Employee
.(address).
.(telephone number).
Florida Bar No.(bar number)
_ Date:
Employer/Carrier/Servicing Agent
Attorney for Employer/Carrier/Servicing Agent
*701 .(address).
.(telephone number).
Florida Bar No.(bar number).
NOTE: CERTIFICATION OF SERVICE. If the completed stipulation is hand delivered, mailed, or delivered by facsimile machine, a certificate of service to the parties as provided for under Florida Rule of Workers’ Compensation Procedure 4.030(b)(2)(c)T should be completed before filing. If the following optional order approving the stipulation is used, the certificate of service will be signed by and mailed, er-hand delivered, or delivered by facsimile machine by the assistant to the judge of compensation claims.
ORDER (optional)
The above pretrial stipulation and pretrial compliance questionnaire is hereby approved and accepted.
DONE AND ORDERED in (city) _, (county) _, Florida, this. ..day of_ , 19. . on.(date).
Judge of Compensation Claims
I CERTIFY that a copy of the foregoing stipulation was mailed, er-hand delivered, or delivered by facsimile machine to the above-named parties and counsel on _, 19_
Assistant to the
Judge of Compensation Claims
FORM 4.9105 CERTIFICATE OF NOTARY PUBLIC
Certificate of Notary Public
The undersigned hereby certifies that:
L I am a notary public or officer authorized to administer oaths in this state.
2.My commission number, expiration date, and seal are given and affixed below (type or stamp requested information).
3. On.(date)., the witness,.(name of witness)., who (is personally known to me) (produced the following identification:_) did take an oath under penalty of perjury for the purpose of giving sworn testimony at the deposition or hearing in this cause.
4. This certificate is being provided in compliance with Florida Rule of Workers’ Compensation Procedure 4.055(d)(3), Discovery, or 4.075(f)(3), Prosecution of Claim and Petition for Benefits before Judge-
Dated at.(city).,.County.(state)., on.(date).
*702 Signature of Notary Public
Print or type name
FORM 4.911. ORDERS APPROVING SETTLEMENT OF PROSPECTIVE BENEFITS
(а) Settlements Pursuant to Section 440.20(12)(a) and (c), Florida Statutes, for Acci-dente Occurring After August 1,1979, and Before October L-1989.
[For caption and style of pleadings see form 4;904j
ORDER FQRrRELEASE FROM LIABILITY- FOR FUTURE PAYMEN-TS OF-COMPENSATION, REHABILITATION EXPENSESEOS DEATH BENEFITS BUT EXCLUDING M-EDICAL EXPENSES
The joint petition-and stipulation for settlement pursuant-to- section 440.20(12)(a) and (c), Florida Statutes, and Florida Rule of Workers-’ Compensation Procedure 4.131-having-eome before the undersigned on due notice to the parties and their-eounsel^-and' having reviewed the joint petition and- stipulation for settlement, the-division-dile, and the evidence in- this cause; having received in-evidence the sworn -proof-of-the employee; and having heard-the argument of-eounself
I FIND:
(1) All requirements of section 440,20(12)(-a-)-and (c), Florida Statutes-, and rule 4.131 have been complied with,
(2) The employer has had adequate-notice-of-these proceedings.
(3) The employee [or claimant] fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
(4) The proposed-settlement is in the best interests of all parties.
(5) The proposed settlement will- further the rehabilitation of the employee-[or claimant] and will otherwise-benefit the employee [or claimant]4e- a greater extent than the payment of benefits periodically under the-provisions of chapter 440, Florida Statutes,
(б) The employee-has reached maximum medical improvement more than 3 months prior to the -consideration-of this joint petition and.stipulation for settlement. — [Alternative:- The employee died as a consequence of thedndustrial accident.]
(7)-The payment of attorney fees as set forth in-the joint petition and stipulation for settlement'is-supported by the evidence and ⅛ compliance with the requirements of chapter 440, -Florida-Statutesv
IT IS ORDERED AND ADJUDGED:
(A) The joint petition and-stipulation for settlement is approved — and-the parties are ordered to comply with the-provisions thereof.
(B) Upon payment-of the consideration set-forth in-the joint petition and stipulation for settlement-the liability of the employer and- its carrier (or-servicing agent) for future payments of compensation, rehabilitation expense, or death benefits^?ecause of the above-captioned industrial accident and injury shall-be fully and forever discharged and released.
(C) The responsibility of- the employer and its -carrier (or servicing agent) for future medical expenses remains -as-it now- is for the time and in the manner provided by law.
*703 (D) This order shall not be subject to modification or review-under-section 440.28, Florida Statutes.
Judge of CompensatiomGlaims
T-HIS IS TO CERTIFY that the above order-was-entered in the office of the judge of compensation claims and a copy was seryed by-U.&-Mail-on each party and counsel at the addresses-I-isted-above on , 19.
Assistant to the Judge-of-Gompensation-Claims
(b) Settlements Pursuant — to—Seetion 440.20(12)(a)> Florida Statutes^ for Accidents Occurring On or After Octobei-L-IDSIL and Section 440.20(12)(c) for Accidents-Occui-r-ing On or After October 1, 1989⅜ but Before July 1, 1990.
[-For caption and style of pleadings see-form-4J)Q-l-j
ORDER FOR RELEASE FROM LIABILITY FOR FUTURE-PAYMENTS QF-CQMPENSATION, REHABILITATION EXPENSES, OR^DEAT-U-BENEFITS, BUT EXCLUDING ME-DXC-AL-T-RAJ-N-I-NG-,-AND EDUCATION EXPENSES
The joint petition-and -stipulation for settlement pursuant to section 440.2Q(42-)(-a)-and-(c)j Florida Statutes, and-Florida-Ru-le-of-Workers’ Compensation Procedure 4.131, having come before-the-undersigned-on due notice to the parties and their counsel-; — and-having-reviewed the joint petition and stipulation for settlement,-the-division file, and the evidence in this cause; having received in evidenee-the-sworn proof of the employee; and having heard the argument of counsel;
I FIND:
(1) All requirements-of-^ection-440.-2Q(-12)(a) and (c), Florida Statutes, and rule 4.131 have been complied-mth.
(2)--Ehe-employer-has had adequate notice of these proceedings?
(3) The employee [or claimant] fully^nderstands-the-termsyconditions,---consideration-for, and consequences of the proposed settlement-
id) The proposed-settlement-i-s-in-the-best interests of all parties.-
(5) The proposed settlement will further the rehabilitation of the empIoyee-[-er-elaimantj- and-will-otherwise-benefit the employee [or claimant] to a greater extent than the payment of benefits-periodical-ly-under -the-provisions of chapter 440, Florida Statutes.
(6) The employee has reached maximum medical improvement more than 3 months prior to the consideration- of this joint-petition — and-stipulation-for-settlement.—[Alternative: The employee died as a consequence of the industrial accident.]
(7) The payment of attorney — fees as set -forth — in- the joint petition and stipulation for settlement is supported by the evidence and in- compliance with-the-requ-irements-of-ehapter JdIV-Flo-rida-Statutes.
IT IS ORDERED AND ADJUDGED:
*704 (A) The-joint-petition and stipulation for settlement is ■ approved and the parties are ordered to comply-with the^provisions thereof*
(B) Upon payment of the consideration set forth in the joint petition-and stipulation for settlement-the liability of the employer and its carrier (or servicing agent) for future benefits of compensation,-er death benefits ■■■■because of the above-captiened-industrial accident and injury shall be fully and forever discharged and released*
(C) The-responsibility of-the-employer and its carrier (or servicing-agent) for future' medical expenses, training, and edueation remains as it-now is for the time-and in the manner provided-by law*
(D) This order-shall not be subject to modification or-review-u-nder-section 440.28, Florida Statutes*
DONE AND ORDERED in Chambers,
Judge of-Compensation Claims
THIS IS TO -CERTIFY that the above order was entered in the office of the judge of compensation claims and -a-eopy was served by U.S* Mail on each party and counsel at-the-addresses-listed-above on ..,-19
Assistant to the Judge of Compensation Claims
(c) Settlements Pursuant to Section I4Q,2Q(12)(b),-FIorida-Statutes> Before October ⅛ 498⅜
[For-caption-and style of pleadings-see form-4.9Q-l-j
QRDER-FQR -RELEASE FROM LI-ABILITY FOR ALL WORKERS’ COMPENSATION-BENEFITS PUBSUANT-TO SECTION-440*20(12)03),■ FLORIDA STATUTES
The joint petition- and stipulation-for settlement pursuant to-section-440.20(12)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.131)-having come before the undersigned on due notice to the -parties-and their counsel; - and having-reviewed the joint petition-and stipulation for settlement-the division file, and the evidence ⅛-this cause; having-received in evidence the sworn proof of the employee; and having heard the argument of counsel;-
IFIN-E4
(1) All requirements of-section 440.20(12)(b), Florida-Statutes-, and rule 4.131- have been complied with.
(2) The employer-has had-adequate notice of -these proceedings.
(3) The employee fully-understands the terms, conditions, consideration for,-and consequences of the proposed settlement*
(4) The-proposed-settlement is in the best -interests of all parties.
(5) The -proposed settlement will further-the rehabilitation -of the-employee and will-otherwise benefít the employee to a greater extent than-the payment of-benefits periodically under the provisions of chapter 440,- F-lorida Statutes.
*705 (6) The payment-of — attorney fees as set forth in the joint petition and stipulation for settlement is supported-by~the evidence and in compliance with the-requirements of chapter 44Q,- Florida Statutes.
(-7-)--There is a bona fide dispute and controversy 's to the liability of the employer and its earr-ier~(oi--servicing agent) for the payment of workers’ compensation benefits as a result of the above-styled-alleged industrial accident and-injury. — The employer and its carrier have voluntarily^paid-or-provided no benefits and have-timely controverted the claim for benefits.
IT IS ORD-ERE-D-AN-D ADJUDGED:
(A) The joint petition — and stipulation for settlement--is- approved and-the-parties are ordered to comply with-the- provisions thereof.
(B) Upon payment-of-the consideration set forth in the joint petition and-stipulation for settlement, the liability of-the employer and its-earrier- (or servicing agent)-for-payment or provision-of benefits of any-e-lass-(including medical care) because-of the above-captioned industrial accident and-injury-shall be fully and forever discharged and released.
(C) This order shall not be-subject to modification or review- under section 440.28, Florida Statutes.
(B-)--The-employee having agreed to-pay the employee’s attorney-a-reasonable attorney fee for services, and finding-that the fee is reasonable-and in accordance with-lawr the fee as agreed to is approved.- The employer and its carrier-(or servicing agent) shall pay no part of the attorney-fee,-
DONE AND-Q-RDERE-D in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered-in-the-office of the judge of compensation claims-and-a-copy was served by U.S. Mai-l-on-each -party and counsel at the addresses listed ahova-om— ,19 —
Assistant-to-the Judge of Compensation Claims
(d) Settlements-Pursuant to Section 440.20(10)?-Florida Statutes (1978).
[-F-or-caption and style of pleadings see-form-4r901-]
ORDER FOR RELEASE FROM-LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION PURSUANT TO SECTION 440.20(10), FLORIDA-ST-AT-U-T-ES-(-1978) (PRE-AUGUST 1,1979⅝ DATE OF ACCIDENT)
The-joint-petition and stipulation for settlement pursuant-to -section 440.20(10), Florida Statutes (1978), and Florida-Rule of Workers’ Compensation Prooednre-l-l-S-l, having come before the undersigned-on-due notice to the parties and their eou-nselp-a-nd-having reviewed the joint petition and-stipulation- for settlement, the division file, and the -evidence in this cause; having received-in-evidence the sworn proof of the employee; and having-heard the argument-ef-counsel;
I FIND:
(-l-j-AIl-requirements of section 440.20(10), Florida Statutes (1978),-and-rule-4;131have been complied with.-
*706 (2) The employer has had adequate notice of these proceedings.
(3) The-employee [or-eiaimant] fully understands-the teams, conditions,-6&nsideration for, and consequences-of the-proposed settlement.
(4) The-proposed settlement is in the best interests of all-parties.
(5) The proposed settlement-will further the rehabilitation of the-employee [or~elaimanti and will otherwise benefit-the employee [or claimant] to a greater extent than-the payment'of benefits periodically under-the provisions of chapter 440, Florida Statutes.
(6) The payment of an attorney- fee as-set forth in the joint petition and stipulation for settlement is supported-by- the-evidenee and in compliance-with the-requirements of chapter 440, Florida Statutes.
IT IS-QRDERED AND ADJUDGED:
(A) The joint-petition-and stipulation for settlement -is- approved and — the parties are ordered-to comply-with-fee-provisions thereof.,
(B) Upon payment of-the consideration set forth- in the-joint petition-and stipulation for settlement the liability-of-the employer and its carrier (or -servicing-agent)-for any payments of workers' compensation-benefits- because of the ■ above-captioned-industrial accident and injury shall be fully and forever diseharged and released.
(C) This order-shall-Hot-be subject to modification or review under section 440.28, Florida Statutes*
DON-HAND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO ■ CERTIF-¾ that the above order was entered in the office of the judge of compensation claims and-a* copy-was -served by U.S. Mail on each party and counsel- at the-addresses listed above on -.=_ — , 19—
Assistant to the Judge of Compensation Claims
(e) Settlements Pursuant to Section 440,20(12)(c), Florida Statutes-(-1990),-for Accidents Occurring On or After July 1, 1990.
[For caption and style-of pleadings see -form 4.901}
ORDER FOR RELEASE FROM LIABILITY-F-OR ■ PAYMENTS OF WORKERSMJOMPENSATION PURSUANT-TO SECTION 44<J2Q(12-)(c), FLORIDA STA£UTES-(4990)t FOR ACCIDENTS OCCURRING-ON- OR AFTER JU-LY 1.-199Q
The joint petition and-sfipulation for settlementr-pursuant to section 440.-2Q(12)(c-)rElorida Statutes (1990), and Florida Rule of Workers’ Compensation Procedure 4-1¾1, haying come before the- under-signed on-due notice to the parties-and their counsel; and having reviewed fee joint-petition and stipulation-Jor-settlement,-the division file, and the-e-vidence in this cause; having received in-evidence the sworn proof- of fee employee-; and-having heard the argument of counsel;
I FIND-:
*707 (1) All requirements of section -440.20(12)(c), Florida Statetes-(1990), and ruIe-4,-131 have been complied with.
(-2)-The employer has had adequate-notice of these proceedings.
(g)-The employee (or claimant) fully^-understands the terms, conditions, consideration for¡ and-consequences of the proposed settlement.
I4-)-The-proposed settlement is in the-best-interests of all parties.
(5) The proposed settlement will further the-rehabilitation of the-employee (or claimant) and will otherwise benefit the emp!oyee-(or-claimant) to a greater extent than the payment of benefits periodically under the provisions-of-chapter 440, Florida-Statutes;
(6) The employee has reached maximum-medical improvement [or-died as a result of the-industrial-accident] and has not received-medical-care for at least g-months prior to the date of this order. — I further find that the-employee has been assigned-a-permanent impairment rating — from 1 to 5% in accordance with chapter 440.2Q(12-)(c-),- Florida Statutes, and the applicable guidelines.
(-7)-The amount of settlement-has-been determined according to-ttie provisions of section 440.20(12)(c), Florida-Statutesv
(8)-The payment of an attorney-fee as set forth in the joint petition and stipulation for settlement is supported by the evidence and in compliance with-the requirements of chapter 440, Florida Statutes.
IT IS ORDERED AND ADJUDGED:
(A) The joint petition-and stipulation for settlement-is-approved and the parties are ordered to-eomply with the provisions thereof.
(B) Upon payment of the-eonsideration set forth in the joint petition and stipulation for settlementj-the-liability of the employer-a-nd-its- carrier (or servicing-agent-)-for any payments of workers^-eompensation benefits because of the above-captioned industrial accident and injury shall be fully-and forever discharged and released.-
(C) This order shall-not-be subject to modification or r-eview-undensection 440.28, Florida Statutes.
PON-E-AND ORDERED in Chambers,
Judge of Compensation-Claims
THIS IS TO CERTIFY that the above-order'was entered in the office of the judge of compensation claims and a copy was served -by U.S. Mail on each party and counsel at the address listad above, nn . 1Q
Assistanfr-to the Judge of Compensation Claims
(a) Settlements Pursuant to Sections 440.20(ll)(a) and (c), Florida Statutes.
[For caption and style of pleadings, see Form 4.901.]
ORDER FOR RELEASE FROM LIABILITY FOR ALL WORKERS’ COMPENSATION BENEFITS PURSUANT TO SECTION 440.20(ll)(a)(1994), FLORIDA STATUTES
*708 The parties jointly petition for an order approving a stipulation for settlement under section 440.20(ll)(a), Florida Statutes. Following review of the contents of the stipulation and supporting evidence, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
L All requirements of section 440.20(ll)(a), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer/carrier/servicing agent filed a written notice of denial within 120 days after the date of the injury.
4. The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and is in compliance with the requirements of chapter 440, Florida Statutes.
5. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
6. There is a bona fide .justifiable controversy as to the legal and medical compensability of the claimed injury or alleged accident.
7. The proposed settlement will definitely aid in the rehabilitation of the employee or otherwise is clearly in the best interests of all parties.
IT IS ORDERED AND ADJUDGED:
A. The .joint petition and supporting stipulation for settlement are approved and the parties are ordered to comply with the provisions thereof.
B. On payment of the consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of any class of benefits including medical benefits payable under the Florida Workers’ Compensation Law because of the alleged industrial accident and injury referenced herein is hereby fully and forever discharged and released.
C. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the Judge of Compensation Claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on_, 19 .
Assistant to the Judge of Compensation Claims
(b) Settlements Pursuant to Section 440.20(11)(b), Florida Statutes (1994).
[For caption and style of pleadings, see form 4.901.]
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION PURSUANT TO SECTION 440.20(ll)(b), FLORIDA STATUTES (1994)
*709 The parties jointly petition for an order approving a stipulation for settlement under section 440.20(ll)(b), Florida Statutes. On review of the contents of the stipulation and evidence submitted in support thereof including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
L All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
5. The payment of attorney fees as set forth in the .joint petition and stipulation for settlement is supported by the evidence and is in compliance with the requirements of chapter 440, Florida Statutes.
6. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
7. The proposed settlement definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
IT IS ORDERED AND ADJUDGED:
A. The stipulation in support of the .joint petition for settlement is approved and the parties are ordered to comply with the provisions thereof.
B. On payment of the consideration set forth in the .joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of any class of benefits including medical benefits payable under the Florida Workers’ Compensation Law because of the alleged industrial accident and injury referenced herein is hereby fully and forever discharged and released.
C. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the Judge of Compensation Claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on_, 19 .
Assistant to the Judge of Compensation Claims
(c) Settlements Pursuant to Section 440.20(ll)(b), Florida Statutes (1994), in which Right to Future Medical Benefits Is Left Open.
[For caption and style of pleadings, see form 4.901.3
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION PURSUANT TO SECTION 440.20(11)(b), FLORIDA STATUTES (1994)
*710 RIGHT TO FUTURE MEDICAL BENEFITS LEFT OPEN
The parties .jointly petition for an order approving a stipulation or settlement under section 440.20(11)(b), Florida Statutes. On review of the contents of the stipulation and evidence submitted in support thereof including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
L All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
5. The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and is in compliance with the requirements of chapter 440, Florida Statutes.
6. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
7. The proposed settlement definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
IT IS ORDERED AND ADJUDGED:
A. Approval. The stipulation in support of the joint petition for settlement is approved, and the parties are ordered to comply with the provisions thereof.
B. Release. On payment of the consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of any class of benefits except medical benefits payable under the Florida Workers' Compensation Law because of the alleged industrial accident and injury referenced herein is hereby fully and forever discharged and released.
(Complete only one of the following two paragraphs; strike through the one that is not applicable.)
C. Limited Liability for Medical Benefits. The employer and its carrier (servicing agent) shall remain responsible for medical benefits due the employee on account of the industrial injury for_(months) (years) from the date of this order, after which the liability of the employer/(carrier)/(servicing agent) for any further medical benefits shall be fully and forever discharged and released without further order.
OR
C. Continuing Liability for Medical Benefits. The responsibility of the employer and its carrier (or servicing agent) for future medical expenses remains as it now is for the time and in the manner provided by law.
D. Modification. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
*711 THIS IS TO CERTIFY that the above order was entered in the office of the Judge of Compensation Claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on_, 19 ,
Assistant to the Judge of Compensation Claims
(d) Settlements Pursuant to Sections 440.20(ll)(b) and (c) (1994), Florida Statutes, in which Right to Compensation Benefits Has Been Settled Previously.
[For caption and style of pleadings, see form 4,901]
ORDER FOR RELEASE FROM LIABILITY FOR MEDICAL BENEFITS PAYABLE UNDER SECTION 440.13, FLORIDA STATUTES, AS AUTHORIZED BY SECTIONS 440.20(11)(b) and (c) (1994), FLORIDA STATUTES
The parties .jointly petition for an order approving a stipulation for settlement under sections 440.20(11)(b) and (c) (1994), Florida Statutes, which permit settlement of all claims not previously settled regardless of the date of accident. On_(date), an order was entered in this cause releasing the employer/carrier/servicing agent from any further liability for indemnity benefits payable on account of disability; however, as required by the law in effect at the time, the employer/carrier/servicing agent continued to be liable to provide medical benefits to the injured employee. For promised additional consideration as set forth in the stipulation in support of the joint petition, the parties have now agreed to settle the employee’s (petitioner’s/claimant’s) right to receive any further medical benefits under the Florida Workers’ Compensation Law. On review of the contents of the stipulation and evidence submitted in support thereof including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
1. All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement of future medical benefits.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
5. The additional consideration paid by the employer/carrier/servicing agent is adequate and reasonable to compensate the injured employee for releasing his or her right to future medical benefits and definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
6. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
7. The payment of attorney fees as set forth in the joint petition stipulation for settlement is supported by the evidence and is in compliance with the requirements of chapter 440, Florida Statutes.
IT IS ORDERED AND ADJUDGED:
A. The stipulation in support of the joint petition for settlement is approved, and the parties are ordered to comply with the provisions thereof.
B. On payment of the additional consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of medical benefits under section 440,13, Florida Statutes, because *712 of the industrial accident and injury referenced herein is hereby fully and forever discharged and released.
C. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the Judge of Compensation Claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on_, 19 .
Assistant to the Judge of Compensation Claims
FORM 4.912. NOTICE OF ESTIMATED COST OF PREPARATION OF RECORD ON APPEAL
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY JUDGE OF COMPENSATION CLAIMS DISTRICT_
NOTICE OF ESTIMATED COST OF PREPARATION OF RECORD ON APPEAL TO: APPELLANT
e/o ATTORNEY FOR APPELLANT
APPELLEE
CLAIM NUMBER:
DATE OF ACCIDENT:
CASE NUMBER:
YOU ARE HEREBY NOTIFIED that the cost of the preparation of the record in the above-styled cause is in the approximate sum of $-Please make check payable to-c/o the undersigned judge of compensation claims.
Your attention is directed to Florida Rule of Workers’ Compensation Procedure 4.180(fe), which provides:
(fe) Costs.
(1) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the judge shall notify the appellant of the estimated cost of preparing the record. The judge shall also notify the division of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125.
*713 (2) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the judge.
(3) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the judge shall notify the district court, which may dismiss the appeal.
(4) State Agencies: Waiver of Costs. Any self-insured state agency, including the Division of Workers’ Compensation or the Special Disability Trust Fund, need not deposit the estimated costs.
Your attention is called further to rule 4.180(g) and section 440.25(45)(b), Florida Statutes, and rule 4.180(f)(2), which together provides:
(gf) Relief From Filing Fee and Costs: Indigency.
(2) Costs of Preparation of Record.
(A) Authority. An appellant alse-may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the judge a verified petition to be relieved of such-costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in
subdivision (D) below in a form substantially the same as form 4,9125.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed before the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition to be relieved of costs shall include the appellant’s sworn financial statement-listing-his or her income, expenses, assets,' and-liabilitiesTshall contain a request by the appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant’s attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the district court could reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(BE) Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, includingon the division, the office of general counsel of the department, and the clerk of the district court, and all parties.
(EF) Hearing on Petition to Be Relieved of Costs. After giving 15 days’ notice to the division and all parties, the judge shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 4220 days after the petition is Sledseryed, the judge may enter an order on the merits of the petition without a hearing.
(EG) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(GH) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the judge within 15 days from the date the order denying the petition is *714 entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the judge.
(SI) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the judge may order the Workers’ Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal.
(IJ) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the Fund the costs paid within 30 days of the mandate issued by the district court or supreme court under these rules.
Judge of Compensation Claims
I certify that a copy of this notice has been furnished to the appellant, appellant’s attorney, appellee, division, and the District Court of Appeal, First District, by mail on-, 19—
Assistant to the Judge of Compensation Claims
FORM 4.9125. FINANCIAL AFFIDAVIT IN SUPPORT OF VERIFIED PETITION FOR RELIEF FROM COSTS
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
STATE OF FLORIDA, ATTORNEY FOR STATE: DEPARTMENT OF LABOR .(Name). AND EMPLOYMENT SECURITY, .(Address). DIVISION OF WORKERS’ COMPENSATION
CLAIMANT: ATTORNEY FOR CLAIMANT .(Name). .(Name). .(Address). .(Address).
EMPLOYER: ATTORNEY FOR EMPLOYER/ CARRIER/SERVICING AGENT: .(Name). .(Name). .(Address). .(Address).
CARRIER/SERVICING AGENT: .(Name). .(Address). CLAIM NUMBER: DATE OF ACCIDENT:
FINANCIAL AFFIDAVIT
STATE OF FLORIDA COUNTY OF ..
BEFORE ME, this day personally appeared_, who being duly sworn, deposes and says that the following information is true and correct according to his/her best knowledge and belief:
*715 ITEM 1: EMPLOYMENT AND MONTHLY INCOME
OCCUPATION:
EMPLOYED BY:
ADDRESS:
SOCIAL SECURITY NO:
PAY PERIOD:
RATE OF PAY:
AVERAGE GROSS MONTHLY INCOME FROM EMPLOYMENT
Bonuses, commissions, allowances, overtime, tips, and similar payments
Business income from sources such as self-employment, partnership, close corporations, and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income)
Disability benefits
Workers’ compensation
Unemployment compensation
Pension, retirement, annuity payments
Social Security benefits
Spousal support received from previous marriage
Interest and dividends
Rental income (gross receipts minus ordinary and necessary expenses required to produce income)
Income from royalties, trusts, or estates
Reimbursed expenses and in kind payments to the extent that they reduce personal living expenses
Gains derived from dealing in property (not including nonrecurring gains)
Itemize any other income of a recurring nature
TOTAL MONTHLY INCOME
LESS DEDUCTIONS:
*716 Federal, state, and local income taxes (cor-
rected for filing status and actual number of withholding allowances) $_
FICA or self-employment tax (annualized) $_
Mandatory union dues $_
Mandatory retirement $_
Health insurance payments $_
Court-ordered support payments for children actually paid $_
TOTAL DEDUCTIONS ' $_
TOTAL MONTHLY INCOME $_
LESS TOTAL DEDUCTIONS f_
NET MONTHLY INCOME $_
DOES ANYONE CONTRIBUTE TO YOUR INCOME OR HELP PAY YOUR EXPENSES (SPOUSE, ROOMMATE, ETC.)? YES_NO
IF “YES,” COMPLETE THE FOLLOWING:
Name of Relationship to Total Monthly Dollar Contributor Claimant Amount of Contribution
$
£
$
$ TOTAL
AVERAGE MONTHLY EXPENSES ITEM 2 — HOUSEHOLD:
$ Mortgage or rent payments
$ Property taxes and insurance
$ Electricity
I Water, garbage, and sewer
I Telephone
I Fuel oil or natural gas
£ Pest control
£ Food and grocery items
*717 [[Image here]]
AUTOMOBILE:
Loan payment
Auto tags and license
Insurance
Other
INSURANCE:
Health
Life
Other:
OTHER EXPENSES NOT LISTED ABOVE:
-60-
[[Image here]]
[[Image here]]
[[Image here]]
PAYMENTS TO CREDITORS:
[[Image here]]
TOTAL MONTHLY PAYMENTS TO CREDITORS: $
TOTAL MONTHLY EXPENSES:
SUMMARY OF INCOME AND EXPENSES
TOTAL MONTHLY NET INCOME
MONTHLY CONTRIBUTION — OTHERS
SUBTOTAL
*718 [[Image here]]
BALANCE (+ OR-) $_
ITEM 3: ASSETS (If jointly owned, indicate your share and ownership interest of others.)
Value Description
Cash (on hand or in banks)
Stocks/bonds/notes
Real estate:
Home
[[Image here]]
_ $_ Automobiles:
Make Model Year Value
$
$
$
Money held in escrow by your attorney on your behalf $_
Other personal property:
Contents of home
Jewelry
Life insurance/cash surrender value
Other assets:
TOTAL ASSETS:
(if .joint, allocate equally and indicate your share only) ITEM 4: LIABILITIES
Security Balance Creditor
[[Image here]]
*719 [[Image here]]
TOTAL LIABILITIES:
SUMMARY OF ASSETS AND LIABILITIES:
TOTAL ASSETS
LESS TOTAL LIABILITIES
NET WORTH
AFFIANT/APPELLANT
SWORN TO and SUBSCRIBED before me this_day of , 199 , by_.
(Signature of Notary Public — State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
Personally Known_OR Produced Identification_ Type of Identification Produced
CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a true and correct copy of the above Financial Affidavit has been furnished by_tins_day of_, 19 , to:
AppellanVAppellant’s Attorney
FORM 4.913. SUBPOENA
(a) Subpoena for Trial or Deposition.
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF WORKERS’ COMPENSATION OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
EMPLOYEE:
EMPLOYER/CARRIER:
CLAIM NUMBER:
DATE OF ACCIDENT: ⅜
SUBPOENA
*720 IN THE NAME OF THE STATE OF FLORIDA
To the sheriff or any constable of said county:
You are hereby commanded to summon:
.(Name).
.(Address).
to appear before me at.(location of hearing or deposition).at.(time). on. (day)., . (date) ., as witness(es) on behalf of.(name of party causing subpoena to be issued).
Herein fail not.
A true copy.
Sheriff
D.S.
Given under my hand and seal, at.(city)., Florida,.(date)
Judge of Compensation Claims
Attorney
.(address).
.(telephone number).
Florida Bar No.(bar- number)
(b) Subpoena Duces Tecum for Trial or Deposition.
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF WORKERS’ COMPENSATION OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
EMPLOYEE:
EMPLOYER/CARRIER:
CLAIM NUMBER:
DATE OF ACCIDENT:
SUBPOENA
IN THE NAME OF THE STATE OF FLORIDA
To the sheriff or any constable of said county:
You are hereby commanded to summon:
. (name) .
(address)
*721 to appear before me at.(location of hearing or deposition).at.(time). on.(day) .,.(date)., as witness(es) on behalf of. (name of party causing subpoena to be issued).
The witness is ordered and directed to produce for inspection or copying at the aforesaid time and place: .(documents to be produced).
Herein fail not.
A. true copy.
Sheriff
D.S.
Given under my hand and seal, at.(city)., Florida,.(date)
Judge of Compensation Claims
Attorney
.(address).
.(telephone number).
Florida Bar No.(bar number).
FORM 4.914. PROOF OF CLAIM FOR SUBMISSION TO SPECIAL DISABILITY TRUST FUND
PROOF OF CLAIM THE SPECIAL DISABILITY TRUST FUND 535 JOHN KNOX ROAD TALLAHASSEE, FLORIDA 32399
a. Employee’s Social Security Number:
b. Date of Accident for Which Reimbursement Is Claimed:
c. Date of This Claim:
d. Name of Employee:
(address)
(telephone number)
e. Name of Employer:
(address)
(telephone number)
f. Name of Carrier/Servicing Agent/Self Insured:
(address)
(telephone number)
g. Brief summary of theory of merger, including preexisting condition claimed and explana-
tion of how it merged with instant accident to cause payment of excess permanent compensation. State whether merger is a wage loss or a medical merger.
L Preexisting
2. Subsequent
*722 3. Merger
4. Excess
6. Employer Knowledge
h. Date of Maximum Medical Improvement:
i. Date of First Payment of Permanent Benefits:
j. Permanent Impairment Rating:
k. Amount of Permanent Benefits Paid:
L January 1,1994: Temporary Compensation/Medical:
m. Deductible Met and Date:
PLEASE COMPLETE THE ATTACHED SCHEDULES AND FURNISH APPROPRI-
ATE DOCUMENTATION. ONCE A COMPLETED APPLICATION IS RECEIVED, YOUR CLAIM WILL BE FILED AND PLACED IN LINE FOR REVIEW. INCOM-
PLETE CLAIMS WILL NOT BE PLACED IN LINE.
I hereby certify that I have made a good-faith effort to enclose all pertinent materials requested.
Attorney for Employer/Carrier/Servicing Agent_Date
.(address).
.(telephone number).
Florida Bar No.
FORM 4.915. UNIFORM SPECIAL DISABILITY TRUST FUND PRETRIAL STIPULATION, PRETRIAL COMPLIANCE QUESTIONNAIRE, AND ORDER
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT (district number)
EMPLOYER: ATTORNEY FOR EMPLOYER/CARRIER:
(NAME) (NAME)
(ADDRESS) (ADDRESS)
CARRIER: CLAIM NO:
(NAME) EMPLOYEE:
(ADDRESS) DATE OF ACCIDENT:
vs.
SPECIAL DISABILITY TRUST FUND
Uniform Special Disability Trust Fund Pretrial Stipulation, Pretrial Compliance Questionnaire, and Order
*723 As authorized under Florida Rules of Workers’ Compensation Procedure 4.025 and 4.045, and as ordered by the judge of compensation claims, the parties hereby provide the following information and make the following stipulations:
FINAL HEARING SCHEDULED:
DATE:
TIME:
PLACE:
NOTE: THIS IS THE ONLY NOTICE OF FINAL HEARING YOU WILL RECEIVE.
I.STIPULATIONS
Emnlover/Carrier_SDTF
1. JURISDICTION OF THE PARTIES
~ AND SUBJECT MATTER _
2.VENUE
3.NOTICE OF REIMBURSEMENT ~ FILED ON
4.DATE OF DENIAL AND DATE OF APPLICATION POR HEARING
5. PREEXISTING PERMANENT IMPAIRMENT (please specify)
6. THE EMPLOYER REACHED AN INFORMED CONCLUSION PRIOR TO THE INSTANT ACCIDENT THAT THE EMPLOYEE HAD A PHYSICAL IMPAIRMENT THAT WAS PERMANENT AND WAS OR WAS LIKELY TO BE A HINDRANCE OR OBSTACLE TO EMPLOYMENT"
7.PERMANENT IMPAIRMENT AS A RESULT OF INSTANT ACCIDENT
8, MERGER_
9. PAYMENT OF EXCESS_
II. CLAIMS AND DEFENSES
L The E/C’s reasons why their claim should be approved. (Theory of merger and cite with specificity^
2. Type of reimbursement(s) to which E/C claim they are entitled. (Permanent total, permanent impairment, death, etc.) List:
A. Type of permanent benefits claimed for reimbursement.
B. Specify whether reimbursement is being claimed on medical and temporary benefits without permanent impairment.
*724 C. Specify whether reimbursement is being claimed on medical and temporary benefits with permanent impairment.
8. The E/C’s issues to be decided by this court.
4. The SDTF’s reason(s) for denying this claim (cite with specificity).
5. The SDTF’s issues to be decided by this court.
THE JUDGE OF COMPENSATION CLAIMS RESERVES THE RIGHT TO IMPOSE SANCTIONS FOR FAILURE TO SPECIFICALLY ANSWER THE FOREGOING IN GOOD FAITH. A REFERENCE TO ANOTHER PLEADING OR TO A GENERAL CLASS OF BENEFITS IS INSUFFICIENT. ANY ISSUE NOT SPECIFICALLY RAISED IN THIS SECTION WILL BE DEEMED WAIVED OR ABANDONED UNLESS GOOD CAUSE IS SHOWN.
III. WITNESSES AND EVIDENCE
L List witnesses to testify live, by telephone, or by deposition. Final witness lists must be filed with the judge and served on opposing parties at the time of the pretrial hearing or 30 days before the final hearing, whichever comes first. All discovery must be noticed at least 21 days before the final hearing. Depositions and stipulated medical composites must be filed 48 hours before the final hearing.
[[Image here]]
2. Attach copies of all documentary evidence (including medical and rehabilitation reports and bills) to be used at the final hearing if not previously furnished to opposing party or counsel. If previously furnished, identify the documentary evidence to be introduced at the final hearing in a separate schedule attached to this compliance. Each party must indicate any documents NOT stipulated into evidence without sworn proof.
Documentary Evidence Listed Below:
[[Image here]]
*725 3.Estimated time for final hearing:
E/C:SDTF:
Total Estimated Time:.
IV. ATTORNEYS’ CERTIFICATE
We certify that we have personally discussed the pretrial stipulations and the issues raised by the claim and have been unable to resolve the issues.
[[Image here]]
V. PRETRIAL ORDER
L If done by mail, it is the responsibility of the E/C’s counsel to see that a single pretrial questionnaire is completed and executed by all counsel and filed with the judge before the time noticed for the pretrial hearing; otherwise, personal appearance by all counsel is mandatory.
2. All depositions or stipulated medical reports that are to be admitted into evidence must be filed with the undersigned judge 48 hours before the time of the final hearing to be considered and received into evidence.
3. If medical reports are stipulated into evidence, it shall be the responsibility of E/C’s counsel to file a tabulated and indexed medical composite.
4. All discovery must be noticed at least 21 days before the final hearing.
5. Witness lists must be filed with the .judge and exchanged between the parties at the time of the pretrial hearing or 30 days before final hearing.
(h The above stipulations of the parties are accepted and approved by the undersigned.
V The final hearing is hereby scheduled as noted above.
DONE AND ORDERED in Chambers.
Judge of Compensation Claims
I certify that a copy of the foregoing stipulation was mailed or hand delivered to the above-named parties and counsel on_, 19 .
Assistant to the Judge of Compensation Claims
FORM 4.916. UNIFORM PRETRIAL STIPULATION AND ORDER FOR PENALTY CASES
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
*726 STATE OF FLORIDA, DEPARTMENT OF ATTORNEY FOR STATE: LABOR AND EMPLOYMENT SECURITY, .(name). DIVISION OF WORKERS’ COMPENSATION .(address).
CLAIMANT: ATTORNEY FOR CLAIMANT: .(name). .(name). .(address). .(address). Florida Bar No:.
EMPLOYER: ATTORNEY FOR EMPLOYER/CARRIER .(name). .(name). .(address). .(address).
CARRIER/SERVICING AGENT CLAIM NUMBER: .(name). ..:. .(address)TT:.. DATE OF ACCIDENT:
Uniform Pretrial Stipulation and Order: Penalty Case
As authorized under Florida Rule of Workers’ Compensation Procedure 4.045, or as ordered by the judge, the parties hereby provide the following information and make the following stipulations:
I.STIPULATIONS
1. Date of Accident: E/C/SA_State
2. Date employee first notified employer of accident: E/C/SA_State
[[Image here]]
II. DEFENSES TO PENALTY ASSESSMENT ORDERS
L State: Attach copies of all Penalty Assessment Orders.
2.Employer: Specify each defense to the state’s allegation that you failed to timely file form DWC-1, Notice of Injury, with your insurance carrier.
OR
3.Carrier/Servicing Agent: Specify each defense to the state’s allegation that you failed to timely file form DWC-1, Notice of Injury, with the Department of Labor and Employment Security, Division of Workers’ Compensation.
*727 III. WITNESSES AND EVIDENCE
L List witnesses to testify live, by telephone, or by deposition. Final witness lists shall be served on opposing parties no later than 5 days before the final hearing. Depositions shall be filed 5 days before the final hearing.
[[Image here]]
2. Attach copies of all documentary evidence to be used at the final hearing. Each party must indicate any documents NOT stipulated into evidence.
3. Documentary evidence NOT stipulated into evidence:
(a) Employer/carrier/servicing agent:
[[Image here]]
(b) State of Florida:
m_:_
12)_.
J3)_.
THE OFFICE OF THE JUDGE MUST BE NOTIFIED BY TELEPHONE OR BY SEPARATE LETTER IMMEDIATELY IF THE FINAL HEARING WILL REQUIRE MORE THAN 1 HOUR. THE JUDGE RESERVES THE RIGHT TO IMPOSE SANCTIONS FOR FAILURE TO SPECIFICALLY ANSWER THE FOREGOING IN GOOD FAITH. A REFERENCE TO ANOTHER PLEADING OR TO A GENERAL DEFENSE IS INSUFFICIENT. ANY ISSUES OR EVIDENCE NOT SPECIFICALLY RECITED IN THIS STIPULATION WILL BE DEEMED WAIVED OR ABANDONED UNLESS GOOD CAUSE IS SHOWN.
_Date: Employer/Carrier/Servicing Agent
____Date: Attorney for Employer/Carrier/Servicing Agent
.(name).
.(address).
Florida Bar No:..
_Date: Attorney for State of Florida, Division of Workers’ Compensation
(name)..
(address)
*728 Florida Bar No:..
To be completed by the Employer/Carrier/Servicing Agent:
CERTIFICATE OF SERVICE
I hereby certify that the original of the foregoing has been furnished to . (name) ., Department of Labor and Employment Security, Office of the General Counsel,. (address)., on_, 19 .
For Employer/Carrier/Servicing Agent
To be completed by the State of Florida:
CERTIFICATE OF SERVICE
I hereby certify that the original and one copy of the foregoing stipulation has been furnished to The Honorable_, Judge of Compensation Claims, and a copy furnished to the Employer/Carrier/Servicing Agent as follows:
For State of Florida, Department of Labor and Employment Security
PRETRIAL ORDER
The above pretrial stipulations are hereby approved and accepted. The State of Florida, Department of Labor and Employment Security, Division of Workers’ Compensation, shall schedule and file a notice of final hearing within 30 days from the date of this order.
Done and Ordered in Chambers.
Judge of Compensation Claims
I certify that a copy of the foregoing stipulation and order was mailed or hand delivered to the above-named parties and counsel of record on_, 19 .
Assistant to the Judge of Compensation Claims

. We have also made some word changes throughout the rules, forms, and appendices, which we do not list because we do not consider that these changes substantively alter what was submitted.